Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant
Turton Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IVAN BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-PA-JC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF TURTON INC. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

Lead Plaintiff Movant Turton Inc. ("Turton") respectfully submits this memorandum of law in support of its motion to appoint Turton as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all purchasers of HyreCar Inc. ("HyreCar" or the "Company") securities between May 14, 2021 and August 10, 2021, inclusive (the "Class Period").

## I. PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Turton is the "most adequate plaintiff" as defined by the PSLRA.

Turton has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Turton satisfies the relevant requirements of Rule 23, as its claims are typical of other Class members' claims, and it is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Turton respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Turton's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

HyreCar operates a web-based marketplace that allows car and fleet owners to rent their cars to Uber, Lyft and other gig economy service drivers. HyreCar operates a platform that connects gig drivers with automobiles, while also providing insurance and tactical support.

HyreCar provides insurance policies through a combination of self-insurance and third-party insurance policies. The two-sided nature of the Company's platform means that it needs to insure both the driver and the owner. Prior to any rental, the driver and owner are provided an insurance identification card that lists the driver's name and the vehicle identification number. Insurance is typically generated for the rental until the owner confirms drop-off of the rented vehicle by the driver. The Company manages rentals through its platform, providing visibility into the nature and severity of claims incidence.

The complaint in this action alleges that throughout the Class Period the defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects, including: (a) that HyreCar had materially understated its insurance reserves; (b) that HyreCar had systematically failed to pay valid insurance claims incurred prior to the Class Period; (c) that HyreCar had incurred significant expenses transitioning to its new third-party insurance claims administrator and processing claims incurred from prior periods; (d) that HyreCar had failed to appropriately price risk in its insurance products and was experiencing elevated claims incidence as a result; (e) that HyreCar had been forced to dramatically reform its claims underwriting, policies and procedures in response to unacceptably high claims severity and customer complaints; and (f) that, as a result of (a)-(e) above, HyreCar's operations and prospects were misrepresented because the Company was

---

[1] This section has been adapted from the complaint filed in the above-captioned action.

not on track to meet the financial estimates provided to investors during the Class Period, and such estimates lacked a reasonable basis in fact, including HyreCar's purported gross margin, EBITDA and net loss trajectories.

On August 10, 2021, after the market had closed, HyreCar issued a press release announcing deeply disappointing results for the quarterly period ended June 30, 2021, including net losses of $9.3 million compared to losses of $3.8 million in the same period the prior year. This was due in significant part to skyrocketing costs of revenue during the quarter primarily as a result of significantly higher insurance claims incidence—including claims before March 31, 2021 "in excess of the reserves."

On this news, the price of HyreCar stock fell nearly 50% in a single day to close at $9.85 per share on August 11, 2021, on abnormally high volume of over 5.8 million shares traded.

As a result of the defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the Class have suffered significant losses and damages.

## III.   ARGUMENT

### A.   Turton Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Turton has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Turton, to the best of its knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Turton respectfully submits that it should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.   Turton's Motion Is Timely

On August 27, 2021, pursuant to Section 21D(a)(3)(A) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A), notice was published in connection with this action. *See* Declaration of Charles H. Linehan in Support of the Motion of Turton Inc. for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Turton had sixty days (*i.e.*, until October 26, 2021), to file a motion to be appointed as Lead Plaintiff. As a purchaser of HyreCar securities during the Class Period, Turton is a member of the proposed class and has timely

filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certification, Turton attests that it has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Linehan Decl., Ex. B. Accordingly, Turton satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2. Turton Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Turton believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Turton purchased HyreCar securities during the Class Period at prices alleged to be artificially inflated by the defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linehan Decl., Ex. C. To the best of its knowledge, Turton is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Turton believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Turton Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally

provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *See Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

<b>a)    Turton's Claims Are Typical</b>

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Turton's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Turton purchased HyreCar securities during the Class Period and suffered losses as a result of its transactions. Like all members of the Class, Turton alleges that the defendants violated federal securities laws by disseminating materially misleading statements concerning HyreCar's operations and financial prospects. Turton's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of HyreCar securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Turton's interests and claims are typical of the interests and claims of the Class.

### b)    Turton is an Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.,* No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Turton easily satisfies the adequacy requirements. Turton's financial interest demonstrates that it has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Turton is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.,* 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Turton is incorporated in Florida, and Michael Criden,

Turton's President, is a Partner with Criden & Love, P.A., a firm he founded in 2007. *See* Linehan Decl., Ex. D, ¶ 2. Moreover, Turton has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. E (the firm's résumé). In addition, Turton is not aware of any conflict between its claims and those asserted on behalf of the Class. As such, Turton is adequate to represent the Class.

### B.    The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, Turton has retained GPM to pursue this litigation on their behalf and will retain the firm as Lead Counsel in the event Turton is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit E, the Court may be assured that, by granting Turton's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Turton's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Turton Inc. respectfully asks the Court to grant its motion and enter an Order: (1) appointing Turton as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  October 26, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Turton Inc.
and Proposed Lead Counsel for the Class*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On October 26, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 26, 2021, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan