# EXHIBIT E

**weisslaw.**

### FIRM BIOGRAPHY

Over the past 36 years, WeissLaw LLP ("WeissLaw" or the "Firm") has gained the reputation of being amongst the nation's premier law firms representing shareholders in securities class and derivative litigation. The Firm has offices in New York, California and Georgia and has litigated hundreds of shareholder derivative actions brought for violations of corporate and fiduciary duties; stockholder class actions brought for violations of federal securities laws; and consumer fraud and unfair practices actions, in which, it has collectively recovered over a billion dollars for defrauded institutions and individuals and obtained important corporate governance reforms.

With outstanding attorneys based in offices on both coasts, WeissLaw has the experience, talent, and resources to tenaciously litigate on behalf of individuals and institutions.  Its success in doing so has earned it the praise of clients and courts throughout the country.

### NUMEROUS COURTS HAVE COMMENDED THE FIRM FOR ITS EXPERTISE AND ABILITY:

In In re Equifax, Inc. Deriv. Litig., No. 18-CV-00317-TWT, Northern District of Georgia, Joseph H. Weiss was Lead Derivative Counsel and recovered $32.5 million for Equifax from its insurance carriers, the then largest cash recovery in a derivative action premised on an underlying data breach, and was responsible for the Equifax's adoption and implementation of a comprehensive set of corporate governance and internal control reforms and meaningful and significant structural improvements to significantly strengthen the Company's cybersecurity, resulting in substantially increased executive and Board oversight of data security.  In approving the settlement, the Court singled out Mr. Weiss to express its appreciation for his and WeissLaw's "professionalism and hard work in this case."

In Spahn v. Edward D. Jones & Co., et al., No. 04 cv 00086, Eastern District of Missouri, WeissLaw was Co-Lead Counsel and obtained – in conjunction with a parallel state court case – a $127.5 million recovery

---

● Contact
exec@weisslawllp.com
weisslaw.co

● New York
305 Broadway, 7th Fl
New York, NY 10007
(212) 682-3025

● California
611 Wilshire Blvd. Suite 808
Los Angeles, CA 90017
(310) 208-2800

● Georgia
476 Hardendorf Ave, NE
Atlanta, GA 30307
(404) 692-7910





for the class, representing in excess of 40% of the maximum recoverable damages. The complaints alleged that the defendants secretly received revenue sharing payments in exchange for selling preferred mutual funds to clients and misrepresenting the receipt of those payments in violation of the federal securities laws. WeissLaw prosecuted all aspects of the case including extensive motion practice, the review of nearly 2 million pages of documents, and protracted and contentious settlement negotiations, including two multi-day mediations and numerous multiple day settlement conferences.

In <u>Bachman, et al., v. A.G. Edwards, Inc. et al.</u>, No. 22052-01266-03, 22nd Judicial Circuit Court, St. Louis, Mo, WeissLaw served on the Plaintiffs' Executive Committee and obtained a $60 million recovery for the class, representing nearly 25% of the estimated maximum recoverable damages. The complaint alleged that A.G. Edwards breached its fiduciary duties and was unjustly enriched as a result of receiving and retaining revenue sharing payments from mutual fund companies in exchange for its customers holding shares of mutual funds in their A.G. Edwards accounts. WeissLaw prosecuted all aspects of the nearly five-year litigation up to the eve of trial, which included defeating three complex and hotly contested SLUSA removal motions, certifying a national class of mutual fund shareholders, defeating numerous motions for summary judgment, reviewing nearly 100,000 pages of documents and conducting and defending 20 depositions.

In <u>Brody v. Hellman, et al., (U.S. West Dividend Litigation)</u>, No. CV-4142 (Dist. Ct. for the City & Cty. of Denver, Colo.), Judge Coughlin observed that the case "was litigated by extremely talented lawyers" and "it took a great deal of skill to get to the point of trial." The case was aggressively litigated and the plaintiffs survived a motion to dismiss, two motions for summary judgment and successfully certified the class over vigorous opposition from defendants. In certifying the class, the court commented, "Defendants do not contest that Plaintiffs' attorneys are extremely well qualified to represent the putative class. This litigation has been ongoing for four years; in that time Plaintiffs' counsel has proven that they are more than adequate in ability, determination, and resources to represent the putative

# weisslaw.

class." The case settled for $50 million on the day before trial was scheduled to commence. Judge Coughlin noted "there wasn't any other lawyer[] in the United States that took the gamble that these people did. Not one other firm anywhere said, 'I am willing to take that on.' I'll go five years. I'll pay out the expenses. I'll put my time and effort on the line . . . . [The class is] fortunate that they had some lawyers that had the guts to come forward and do it...I had the opportunity to watch these attorneys throughout this period of time when I had this case and the [lawyers'] ability is terrific."

In In re McLeodUSA Inc. Securities Litigation, No. C02-0001-MWB (N.D. Iowa), Chief Judge Mark Bennett stated at the final approval hearing: "I thought you all did a great job in this litigation" and "I think very highly of the work that all the lawyers did in the case, and [I am] pleased that you were able to get it resolved."

In In re Mutual Funds Investment Litigation, RS Investment Subtrack, MDL 1586, Case No. 04-MD-15863-JFM (Parthasarathy v. RS Investment Management, L.P., et al., 04-cv-3798-JFM), which was part of the historic market timing multi-district litigation pending in the District of Maryland that resulted in a recovery in excess of $300 million for investors in mutual funds allegedly involved in market timing activities, WeissLaw, in conjunction with co-counsel, served on the Plaintiffs' Steering Committee, and prosecuted all aspects of the case against the advisors to the RS Fund family of mutual funds and other related entities, including extensive motion practice, review, analysis and management of hundreds of thousands of pages of documents, conducting all key party and non-party witnesses and bringing the litigation to ultimate resolution.

In Ellison v. American Image Motor, et al., Civil Action No. 97-3608 (S.D.N.Y.), Judge Chin, approving the settlement and fee application, commented that "It has been many years. The case was hard fought, very capable counsel on both sides, and I saw counsel many times. It was a hard fought case. It was a difficult case."... "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ... "Counsel did a great job..."

# weisslaw.

In In re United Telecommunications, Inc. Securities Litigation, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In In re VeriFone Inc. Securities Litigation, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated: "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In In re Western Digital Securities Litigation, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In Georgallas v. Martin Color-Fi, Inc. Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In Bash v. Diagnostek, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In In re National Medical Enterprises Litigation, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

In In re Santa Fe Southern Pacific Corporation, Consold. Civ. No. 9523 (Del. Ch.), Chancellor Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication of plaintiffs' counsel.

# weisslaw.

In <u>LR Trust v. Rogers, Jr., et al.,</u> (SunTrust Derivative Litigation), No. 16-CV-4132 (N.D. Ga.), Judge Steve C. Jones stated at the final approval hearing that "this is one of the few times I think everybody leaves happy. . . even the Court.  So thank you all for everything you have done."

Some of the actions which highlight the firm's accomplishments are:

## CASES IN WHICH WEISSLAW WAS LEAD OR CO-LEAD COUNSEL

<u>Jordan v. California Department of Motor Vehicles</u> (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds, with interest, to 1.7 million motorists.

<u>In re Geodyne Resources, Inc. Securities Litigation</u> (Harris Cty. Tex.): A recovery (including related litigation) totaling over $200 million was obtained for the class.

<u>Spahn v. Edward D. Jones & Co., et al.,</u> No. 04 cv 00086, (E.D. Mo.): A recovery (including related litigation) totaling $127.5 million was obtained for the class.

<u>Freddie Mac Derivative Litigation</u> (S.D.N.Y.): Approximately $100 million was recovered for the Company and significant corporate governance measures were adopted.

<u>Bachman, et al., v. A.G. Edwards, Inc. et al.,</u> No. 22052-01266-03, (22nd Jud. Cir. Ct., St. Louis, Mo):  A recovery totaling $60 million was obtained for the class (Member of Plaintiffs' Executive Committee).

<u>Brody v. Hellman, et al., (U.S. West Dividend Litigation),</u> No. CV-4142 (Dist. Ct. for the City & Cty. of Denver, Colo.): A recovery of $50 million was obtained for the class.

<u>In re Tenneco Securities Litigation</u> (D. Tex.): A recovery of $50 million was obtained for the class.

**weisslaw.**

In re Community Psychiatric Center Securities Litigation (C.D. Cal.): A recovery of $42.5 million was obtained for the class.

In re Crazy Eddie Securities Litigation (S.D.N.Y.): A recovery of $42 million was obtained for the class.

In re Apria Healthcare Group Securities Litigation (Orange County Cal.):  A recovery of $42 million was obtained for the class.

Levitan v. McCoy, et al., (First Commerce Corporation), No. 00 C 5096 (N.D. Ill.):  A recovery of $39.9 million was obtained for the class.

In re King Pharmaceuticals, Inc. Securities Litigation, No. 03 cv 77-TWP (E.D. Tenn.):  A recovery of $38.25 million was obtained for the class.

In re Canon Group Securities Litigation (C.D. Cal.): A recovery of $33 million was obtained for the class.

In re Platinum Software Securities Litigation (C.D. Cal.): A recovery of $32 million was obtained for the class.

In re Equifax, Inc. Deriv. Litig., No. 18-CV-00317-TWT (N.D. Ga.): A recovery of $32.5 million from insurance carriers was obtained for the benefit of Equifax, the then largest cash recovery in a derivative action premised on an underlying data breach, and the Company adopted a comprehensive set of corporate governance and internal control reforms and meaningful and significant structural improvements to significantly strengthen the Company's cybersecurity, resulting in substantially increased executive and Board oversight of data security.

In re Martha Stewart Living Omnimedia, Inc. Securities Litigation, No. 02 cv 6273-JES (SDNY):  A recovery of $30 million was obtained for the class.

# weisslaw.

In re McLeodUSA Inc. Securities Litigation, (N.D. Iowa): A recovery of $30 million was obtained for the class.

In re United Telecommunications Securities Litigation (D. Kan.): A recovery of $28 million was obtained for the class.

In re Bergen Brunswig Corp. Sec. Litig., (C.D. Cal.): A recovery of $27.9 million was obtained for the class.

In re Bank of New York Derivative Litigation (Sup. Ct. NY): A recovery of $26.5 million was obtained for the Company and significant corporate governance measures were adopted.

In re FirstEnergy Shareholder Derivative Litigation (N.D. Ohio): A recovery of $25 million was obtained for the Company and significant corporate governance measures were adopted.

In re Vodafone Group, PLC Securities Litigation (S.D.N.Y.): A recovery of $24.5 million was obtained for the class.

In re PurchasePro.com, Inc. Securities Litigation, (D. NV.):  A recovery of $24.2 million was obtained for the class.

In re Arakis Energy Corporation Securities Litigation, No. 95-CV-3431 (ARR) (E.D.N.Y.):  A recovery of $24 million was obtained for the class.

In re Abbey Healthcare Securities Litigation (C.D. Cal.): A recovery of $20.5 million was obtained for the class.

Feinberg v. Hibernia Corp. (D. La.): A recovery of $20 million was obtained for the class.

In re Southern Pacific Funding Corp. Sec. Litig., (D. Or.): A recovery of $19.5 million was obtained for the class.

weisslaw.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $18 million was obtained for the class.

In re MK Rail Securities Litigation (D. Idaho):  A recovery of $14.65 million was obtained for the class.

In re California Microwave Securities Litigation (N.D. Cal.): A recovery of $14 million was obtained for the class.

In re KeySpan Corporation Securities Litigation (E.D.N.Y.): A recovery of $13.75 million was obtained for the class.

In re Elscint Ltd Securities Litigation (D. Mass.): A recovery of $12 million was obtained for the class.

In re Megafoods Securities Litigation (D. Ariz.): A recovery of $12 million was obtained for the class.

Bash v. Diagnostek (D.N.M.): A recovery of $11.7 million was obtained for the class.

In re GTECH Securities Litigation (D.R.I.): A recovery of $10.25 million was obtained for the class.

In re Complete Management, Inc. Securities Litigation (S.D.N.Y.): A recovery of $10.15 million was obtained for the class.

Berlinsky v. Alcatel (S.D.N.Y.): A recovery of $8.8 million was obtained for the class.

Lopez v. Checkers Drive-In Restaurants, Inc. (M.D. Fl.): A recovery of over $8.175 million was obtained for the class.

In re Mesa Airlines Securities Litigation (D.N.M.): A recovery of $8 million was obtained for the class.

In re Resound Securities Litigation (N.D. Cal.): A recovery of $8 million was obtained for the class.

# weisslaw.

In re Castle Energy Corp. Securities Litigation (C.D. Cal.) A recovery of $7.5 million was obtained for the class.

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A recovery of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A recovery of $6 million was obtained for the class.

In re Mutual Funds Investment Litigation, RS Investment Subtrack, MDL 1586, Case No. 04-MD-15863-JFM (Parthasarathy v. RS Investment Management, L.P., et al., 04-cv-3798-JFM): A recovery of $5.74 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A recovery of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A recovery of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A recovery of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A recovery of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A recovery of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A recovery of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A recovery of $4.5 million was obtained for the class.

# weisslaw.

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A recovery of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A recovery of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A recovery of approximately $3.5 million was obtained for the class.

In re Davstar, Inc. Securities Litigation (C.D. Cal.): A recovery of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A recovery of $3.15 million was obtained for the class.

In re Twinlab Corp. Securities Litigation (E.D.N.Y.): A recovery of $3 million was obtained for the class.

In re Offshore Pipelines Securities Litigation (S.D.N.Y.): A recovery of $3 million was obtained for the class.

Gorga v. Uniroyal Chemical Corp. (Sup. Ct. Conn.): A recovery of $3 million was obtained for the class.

In re Amylin Pharms. Securities Litigation (S.D. Cal.):  A recovery of $2.1 million was obtained for class.

## CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISSLAW LLP WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS

In re: LifeLock, Inc. Derivative Litigation (Ariz. Sup. Ct.)

Taylor v. Campanelli, et al., (Flagstar Bancorp, Inc.) (Mich. Cir. Ct.)

In re Santa Fe Southern Pacific Corporation (Del. Ch.).

In re Genentech Shareholder Litigation (N.D. Cal.).

In re Beverly Enterprises Shareholder Litigation (Del. Ch.).

In re Tandon Computer Shareholder Litigation (C.D. Cal.).

In re Sears Shareholder Litigation (D. Ill.).

# weisslaw.

In re Xoma Shareholder Litigation (N.D. Cal.).

In re Castle Energy Corp. Shareholder Litigation (C.D. Cal.).

In re Times-Mirror, Inc. Shareholder Litigation (C.D. Cal.).

In re Lockheed Corp. Shareholder Litigation (C.D. Cal.).

In re Nexgen Securities Litigation (N.D. Cal.).

In re GT Greater Europe Securities Litigation (N.D. Cal.).

In re Pairgain Securities Litigation (S.D. Cal.).

In re AMI Securities Litigation (L.A. Superior).

Wallace v. Fox, et al. (Northeast Utilities) (D. Conn.).

# weisslaw.

BRIEF BIOGRAPHIES OF WEISSLAW LLP ATTORNEYS

JOSEPH H. WEISS is the Founder of WeissLaw LLP.  He has been recognized by courts throughout the nation as one of the leading practitioners representing investors in securities class and derivative litigation.  Moreover, he has earned the respect of his peers and adversaries as possessing the highest professional standards and outstanding legal acumen.  In fact, he has been recognized in the Class Action category of New York Super Lawyers.  The firm has consistently ranked as amongst the leading plaintiffs law firms in the United States.

Mr. Weiss is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review.  He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration.  Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Fifth, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts.

Among the more prominent of Mr. Weiss' cases is *Jordan v. California Department of Motor Vehicles*, No. 95 AS 03903 (Sacramento, Cal.), where the firm recovered $665 million – payment in full plus interest – on behalf of motorists who paid a "smog impact fee."  Mr. Weiss also recovered $42 million in cash for Apria investors after more than four years of vigorous litigation regarding a sophisticated accounting fraud (*In re Apria Healthcare Group Securities Litigation*, No. 797060) in California Superior Court.

Mr. Weiss has been involved in the litigation of numerous other cases of national stature such as *In re Martha Stewart Living Omnimedia, Inc. Securities Litigation*, No. 02 cv 6273 (JES) and *In re Global Crossing, Ltd. Securities and "ERISA" Litigation*, No. 02 cv 910 (GEL), both in the Southern District of New York.  He has also spearheaded derivative litigations on behalf of his clients aimed at reforming corporate malfeasance, breaches of fiduciary duties and other wrongdoing by the boards of some of the largest corporations in the world, including Hewlett Packard Company (*In re Hewlett-Packard Company*

# weisslaw.

*Derivative Litigation*, C.A. No. 2428 (VCN), Court of Chancery of the State of Delaware), BP p.l.c. (*In re BP p.l.c. Derivative Litigation*, No. 06 cv 6168 (HB), Southern District of New York), Royal Dutch Shell (*Soojian et al. v. Jacobs et al. f/b/o Royal Dutch Petroleum Company*, No. 04 cv 03603, District of New Jersey), The Bank of New York (*Zucker v. Bacon et al. f/b/o The Bank of New York Company Inc.*, No. 00/106275, New York County Supreme Court) and Freddie Mac (*Sadowsky Testamentary Trust v. Brendsel et al. f/b/o Federal Home Loan Mortgage Corporation*, No. 05 cv 2596, Southern District of New York).

The firm led by Joseph Weiss has also taken a lead in prosecuting market timing and secret revenue sharing cases.  A prime example is the class action against Edward Jones and certain other defendants, alleging violations of federal securities laws and state laws by secret receipt of revenue sharing payments in exchange for selling Preferred Funds to their clients, while misleading them about the payments. (*Spahn v. Edward D. Jones & Co.*, et al., No. 04 cv 00086, District of Missouri).  As a result of the litigation, a recovery valued at $127.5 million was obtained for the class, more than 40% of the maximum recoverable damages.

Mr. Weiss is active in community, educational and philanthropic causes and is a member of the International Board of Governors of the Mesorah Heritage Foundation.

**JOSHUA M. RUBIN**, Partner, manages the firm and takes an active role in the analysis and strategy of WeissLaw's varied cases. He received a Bachelor of Talmudic Law from Ner Israel Rabbinical College in 2002 and his J.D. from Benjamin N. Cardozo School of Law in 2005.  Mr. Rubin is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York, the District of Colorado, and the United States Courts of Appeal for the Second and Tenth Circuits.

Mr. Rubin represents a broad spectrum of domestic and foreign clients in complex class actions including securities class actions and shareholder derivative actions in federal and state courts.

# weisslaw.

Mr. Rubin has played an important role in the recovery of millions of dollars for damaged investors, and derivatively on behalf of publicly traded companies. These actions include the successful class prosecution on behalf of investors of Converium Holding AG (*Sclater-Booth v. SCOR, S.A.*, 07 cv 3476 (GEL)) in the Southern District of New York and Keyspan Corp. (*In re Keyspan Corporation Securities Litigation*, 01 cv 5852 (ARR)) in the Eastern District of New York. He also participated in landmark litigation leading to the certification of a class of investors asserting securities fraud claims against research analysts, reported at *DeMarco v. Robertson Stephenson, Inc.*, 228 F.R.D. 468 (S.D.N.Y. 2005) ($3.1 million recovery).

Additionally, Mr. Rubin has had a significant role in successfully prosecuting derivative actions on behalf of Fortune 500 companies, including on behalf of Hewlett-Packard Company (*In re Hewlett-Packard Company Derivative Litigation*, C.A. No. 2428-VCN, Court of Chancery of the State of Delaware), Southwest Airlines Co. (*Carbon County Employees Retirement System et al., v. Kelly, et al. f/b/o Southwest Airlines Co.*, No. 08-086292, District Court of Dallas County, Texas) and BP p.l.c. (*In re BP p.l.c. Derivative Litigation*, No. 06 cv 6168 (HB) (S.D.N.Y.)).

Mr. Rubin has also litigated shareholder actions in connection with mergers and acquisitions and successfully represented shareholders in a recent action seeking to enforce the application of U.S. tender offer rules to a foreign corporation.

Mr. Rubin oversees the Firm's various systems used to monitor the stock portfolios of its institutional clients, as well as the maintenance of the firm's document retrieval database and Electronic Discovery platforms.

Mr. Rubin also devotes time to charity and pro bono work. He is a member of the Board of Directors of Give Chessed Corp., a volunteer led organization devoted to empowering young women, and the Passaic Clifton Passover Fund, which provides food assistance to needy families. He also volunteers as an active

# weisslaw.

member of the Passaic Clifton Jewish Burial Society.  Mr. Rubin also enjoys road cycling, completing his first Century Ride in the summer of 2021 to support Chai Lifeline, an organization to help families with children battling cancer and other serious illnesses.

**DAVID C. KATZ**, Principal, has been an advocate of investors' rights for over twenty years.  Currently, Mr. Katz serves as the chair of WeissLaw's Corporate Governance Litigation Practice Group.  He is a 1988 Graduate of Benjamin N. Cardozo School of Law.  He is admitted to the New York State Bar, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeal for the First, Second, Third, and Fourth Circuits.

Mr. Katz has successfully served as the firm's chief litigator in numerous derivative actions involving corporations and issues of national prominence.  When Freddie Mac, the government-sponsored public corporation entrusted with maintaining liquidity in the United States' mortgage markets, announced one of the largest financial restatements in corporate history, he successfully spearheaded the effort to recover the company's damages, recouping more than $100 million (*Sadowsky Testamentary Trust v. Brendsel et al. f/b/o Federal Home Loan Mortgage Corporation*, 05 cv 2596).  When Marsh & McLennan Companies, Inc. was implicated in a bid rigging and business steering scheme, Mr. Katz served as the firm's chief litigator pressing claims on behalf of the company, which efforts were a material factor in securing payment of $205 million, and were instrumental in obtaining payment of $35 million to the company from its insurers (*In re:  Marsh & McLennan Companies, Inc. Derivative Litigation*, 753-VCS).  Mr. Katz also represented shareholders seeking a recovery for First Energy Corp. in the wake of the nation's largest power-outage in history and the closure of the company's nuclear facility resulting from mismanagement and failures in oversight, recouping $25 million for the Company (*In re FirstEnergy Shareholder Derivative Litigation*, 03 cv 1826).  Substantial corporate governance reforms were implemented for the benefit of the subject corporations and their shareholders in each of these cases.

# weisslaw.

In the securities class action field, Mr. Katz has successfully served as the firm's chief litigator in numerous actions as well.  Mr. Katz was the firm's chief counsel in *Levitan v. McCoy et al. and Bank One Corp.*, 00 C 5096 (concerning Bank One's acquisition of First Commerce), securing approximately $40 million. Mr. Katz also served as the firm's chief counsel in *Daugherty v. Hastings Entertainment, Inc.* (2:00-CV-160-J), recovering over $6.3 million for the class.  He won the remand of *In re Lernout & Hauspie Securities Litigation*, 99-10237 (NG), from the United States Court of Appeals for the First Circuit, subsequently recovering nearly $4 million for the class.  Mr. Katz served on the team that won the Ninth Circuit's reversal of the directed verdict entered at trial in the United States District Court for the Northern District of California in an action concerning Everex Systems, Inc. (*Howard v. Everex Systems, Inc.*, et al., 92 cv 03742).

Mr. Katz is a father of two daughters and his wife is an elected member of the Town of Mamaroneck Town Council.  He is active in his community and a member of the Larchmont Gardens Civic Association.

RICHARD A. ACOCELLI, Principal, received his law degree in 1990 from St. John's University School of Law. He is admitted to the State Bar of New York and the United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Michigan.

Mr. Acocelli heads WeissLaw's class action Mergers & Acquisitions Litigation Group and has appeared in courts throughout the country, including the Delaware Court of Chancery, on numerous occasions on behalf of stockholders in merger & acquisition lawsuits.

Recently, Mr. Acocelli prosecuted a federal class action that alleged receipt of, and failure to adequately disclose, the receipt of transfer agent fees by a national mutual fund firm (*In re Smith Barney Transfer Agent Litigation*, No. 95-cv-7583 (WHP) (S.D.N.Y.)), (preliminarily approval entered October 7, 2013).  He was also the firm's chief litigator in the prosecution of a federal class action that alleged receipt of, and failure to adequately disclose, secret revenue sharing payments by a national brokerage firm (*Spahn v.*

# weisslaw.

*Edward D. Jones & Co., et al.*, 04 cv 00086 (HEA)), which resulted in the recovery of $127.5 million on behalf of Edward Jones' clients.  Mr. Acocelli has also successfully represented shareholders as the firm's chief litigator in *In re Ikon Office Solutions, Inc. Securities Litigation*, No. 99 cv 5759, MDL No. 1318 ($111 million recovery) in the Eastern District of Pennsylvania.

In addition, Mr. Acocelli served as the firm's chief litigator in several significant class actions brought on behalf of investors under the federal securities laws, including *In re RS Funds*, 04 cv 3798 (JFM), which was part of the historic market timing Multi District Litigation pending in District of Maryland (*In re Mutual Funds Investment Litig.*, MDL 1586, 04-MD-15863 (JFM)); *In re FleetBoston Financial Corp. Securities Litigation*, 02 cv 4561 (GEB), which involved FleetBoston's failure to adequately reserve for its Argentine loan portfolio; and *Beleson v. Schwartz (Loral)*, 03 cv 06051 (JES), which concerned the adequacy of Loral Space and Communication Ltd.'s disclosure of its pre-packaged bankruptcy.

Mr. Acocelli also serves as the firm's chief litigator in complex actions brought under Section 36(b) of the Investment Company Act of 1940, arising from the alleged payment of excessive fees to investment advisers and distributors of large mutual fund families, including *In re American Mutual Funds Fee Litigation*, 04 cv 5593 (GAF); *Forsythe v. Massachusetts Financial Services Co.*, No. 04 cv 10584 (GAO); and *In re Lord Abbett Excessive Fee Litigation*, 04 cv 559.  Mr. Acocelli also represented current and former clients of A.G. Edwards, Inc. and A.G. Edwards & Sons, Inc. in a class action for breach of fiduciary duties and unjust enrichment (*Bachman v. A.G. Edwards & Sons, Inc.*, Cause No. 22052-01266-02a) in the Circuit Court of St. Louis City, State of Missouri.

**MARK D. SMILOW**, Principal, graduated Benjamin N. Cardozo School of Law in 1993, *magna cum laude*, where he was an Alexander Fellow and a Staff Editor of the Cardozo Law Review.  He is admitted to the New York and New Jersey State Bars, and the United States District Courts for the Southern and Eastern Districts of New York.  He has also been admitted in other courts throughout the nation for particular

weisslaw.

cases.  He has litigated all aspects of numerous class, shareholder, derivative and consumer class actions in both trial and appellate courts.

Mr. Smilow concentrates on shareholder, derivative and consumer class actions in both trial and appellate courts.  He has obtained significant recoveries for stockholders in numerous cases brought under the federal securities statutes.  Among the more prominent, he represented shareholders of Jones Pharma Incorporated who exchanged their shares for those of King Pharmaceuticals, Inc., which culminated in a total settlement of $38.25 million (*In re King Pharmaceuticals, Inc. Securities Litigation*, 03 cv 77) in the Eastern District of Tennessee; shareholders of Martha Stewart Living Omnimedia, Inc. in the Southern District of New York, which culminated in a $30 million settlement (*In re Martha Stewart Living Omnimedia, Inc. Sec. Litig.*, 02 cv 6273 (JES)); and the shareholders of KeySpan Corporation in a securities fraud case culminating in a $13.75 million settlement (*In re KeySpan Corp. Sec. Lit.*, 2001 cv 5852) in the Eastern District of New York.  Moreover, many of Mr. Smilow's cases produced reported opinions of great interest to practitioners, including *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718 (E.D. Pa. 2011); *Minzer v. Keegan*, 218 F.3d 144 (2d Cir.2000), *cert. denied*, 531 U.S. 1192, 121 S.Ct. 1190, 149 L.Ed.2d 106 (2001); *Sedighim v. Donaldson, Lufkin & Jenrette, Inc.*, 167 F. Supp. 2d 639 (S.D.N.Y. 2001); and *Rosenfeld v. Port Auth.*, 108 F. Supp. 2d 156 (E.D.N.Y. 2000).

In representing investors against corporate officers and directors for breaches of fiduciary duty, Mr. Smilow has successfully prosecuted many cases involving corporate takeovers, buyouts and reorganizations in which claims of self-dealing, corporate waste and improper disclosure were asserted. Some of the more recent are *Shaev v. Sidhu*, No. 0983 (C.C.P. Philadelphia Co. PA); *Brody v. Catell*, Index No. 008835/06 (Sup. Ct. Kings Co. NY); and *Rosenfeld Fam. Found. Trust v. Ace Cash Express Inc.*, 06 cv 1100-G (N.D. Tex. Dallas Div.).

Finally, as the chair of the Consumer Litigation Practice Group at the firm, Mr. Smilow represented millions of veterans and active members of the United States Armed Services for privacy law violations (*In*

**weisslaw.**

*re Department of Veterans Affairs Data Theft Litigation*, Misc. Action No. 06-0506 (JR), MDL Docket No. 1796) in the District of Columbia District Court, which culminated in a then record recovery of $20 million. In another privacy litigation reported in *The Legal Intelligencer* on December 11, 2014, entitled *Court Reopens Door to Class Action in Flash Drive Case*, Mr. Smilow successfully argued for reversal of the denial of class certification under Pennsylvania's Unfair Trade Practices and Consumer Protection Law catch-all. Superior Court Judge Sally Mundy wrote in her decision that the trial court erred when concluding that class certification failed due to issues of reliance as to the deceptive conduct alleged. Judge Mundy vacated the decision and directed the trial court to address the other Pennsylvania Rule 1702 class certification factors.  The case is *Baum v. Keystone Mercy Health Plan*, 2677 EDA 2013 (Super. Ct. Dec. 9, 2014).  In an unusual litigation, Mr. Smilow also secured full refunds for one hundred sixty two small businesses in upstate New York in an administrative proceeding before the New York State Public Service Commission deriving from their utility's improper billing for electric demand (*KLCR Land Corp. and Har-Nof, Inc. vs. NYSEG*, Case No. 00-E-1678 (PSC June 20, 2003)).

**JOEL E. ELKINS**, Of-Counsel, manages WeissLaw's California office.  He received a Bachelor of Economics from U.C.L.A. in 1986 and his J.D. from Southwestern School of Law in 2007.  Mr. Elkins is admitted to the Bar of the State of California and the United States District Courts for the Central, Southern and Northern Districts of California.

Mr. Elkins has broad experience in class actions and derivative litigation, assisting in the successful prosecution of dozens of shareholder and consumer class actions, including serving as lead counsel in the published decision of *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp.2d 1156  (N.D. Cal. 2011).  During and following law school, Mr. Elkins performed pro bono work at Bet Tzedek Legal Services and currently volunteers at Jewish Big Brothers Big Sisters of Los Angeles.

**MICHAEL A. ROGOVIN**, Associate, manages WeissLaw's Atlanta office.  He received a B.A. in History from the University of Wisconsin-Madison in 1999 and his J.D. from Brooklyn Law School in 2003.  Mr. Rogovin

# weisslaw.

is admitted to the Bar of the States of New York and Georgia and the United States District Courts for the Southern and Eastern Districts of New York and the Northern District of Georgia.

Mr. Rogovin has litigated a broad spectrum of complex class actions including securities class actions and shareholder derivative actions in federal and state courts.  He has served on the firm's litigation team in numerous derivative actions involving corporations and issues of national prominence.  When Freddie Mac, the government-sponsored public corporation entrusted with maintaining liquidity in the United States' mortgage markets, announced one of the largest financial restatements in corporate history, he successfully assisted in the effort to recover the company's damages, recouping more than $100 million (*Sadowsky Testamentary Trust v. Brendsel et al. f/b/o Federal Home Loan Mortgage Corporation*, 05 cv 2596).

**KELLY KEENAN MORAN**, Associate, focuses her practice on mergers and acquisitions litigation.  Ms. Moran is admitted to the Bar of the State of New York.

Ms. Moran has achieved significant results for shareholders in connection with securities class actions involving corporate mergers and acquisitions.  Recently, she assisted in the successful class prosecution on behalf of investors in *In re Epocrates Inc. Shareholder Litigation*, No. 519078 (Cal. Super. Ct.-San Mateo County, Oct. 4, 2013) in the Superior Court of California, County of San Mateo.

Ms. Moran received a B.B.A. in Finance from the University of Notre Dame in 2006 and her J.D. from Fordham University School of Law in 2012.  While at Fordham, Ms. Keenan participated in the Family Advocacy Clinic and interned with the Honorable Robert K. Holdman of the Supreme Court of New York.  Prior to joining WeissLaw, she worked as a Legal Fellow at the Neighborhood Legal Services Program in Washington, D.C.  Ms. Keenan is admitted to the Bar of the State of New York.

**ALEXANDRA E. EISIG,** Associate, focuses her practice on mergers and acquisitions litigation.  Ms. Eisig is admitted to the Bar of the State of New York.



Ms. Eisig received a B.S. in Mathematics with a double major in Spanish from Muhlenberg College in 2012 and her J.D. from the Benjamin N. Cardozo School of Law in 2016. While at Cardozo, Ms. Eisig participated in the Divorce Mediation Clinic and was a Notes Editor on the Cardozo Journal of Conflict Resolution.

**JONATHAN MEER,** Associate, is admitted to the Bar of the State of New York.

Mr. Meer received a Bachelor and Masters of Talmudic Law from Beth Medrash Govoha and his J.D. from the Benjamin N. Cardozo School of Law in 2020. While at Cardozo, Mr. Meer was a recipient of the Dean's Merit Scholarship and was a member of the Journal of Equal Rights and Social Justice.

**PEARL RUBIN,** Associate, is admitted to the Bar of the State of New York.

Ms. Rubin received a Bachelor of Arts in Psychology and Bachelor of Business Administration, Marketing, from Brooklyn College, graduating *magna cum laude* in 2015.  She received her J.D. from the Benjamin N. Cardozo School of Law in 2021. While at Cardozo, Ms. Rubin participated in the Juvenile Delinquency Field Clinic and the Special Education Law Field Clinic.