Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant
Turton Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-PA-JC<br><br>**TURTON INC.'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**<br><br>Date:    November 29, 2021<br>Time:    1:30 p.m.<br>Crtrm.: 9A<br>Judge:   Hon. Percy Anderson |

TURTON INC.'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Lead Plaintiff Movant Turton Inc. ("Turton") respectfully submits this memorandum of law in opposition to the three competing motions for appointment as lead plaintiffsand approval of lead counsel (Dkt. Nos. 38, 46, 50).

## I.   INTRODUCTION

Four movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Turton (Dkt. No. 42); Allen J. Wiesenfeld ("Wiesenfeld") (Dkt. No. 46); Robert Cross ("Cross") (Dkt. No. 38); and Dillan Hoyos ("Hoyos") (Dkt. No 50).

The PSLRA directs the Court to appoint as lead plaintiff the movant that is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Turton's memorandum of points and authorities in support of its lead plaintiff motion (Dkt. No. 43), Turton has the largest financial interest in the relief sought by the class. Turton's financial interest, as measured by its last in, first out ("LIFO") loss, is $561,880.79. *See* Dkt. No. 44-3. As such, Turton is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Turton is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Turton should be appointed as lead plaintiff, and its selection of lead counsel should be approved.[1]

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.   ARGUMENT

### A.   The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, as explained below, Turton is the presumptively most adequate plaintiff because Turton filed a lead plaintiff motion in response to a notice, has a larger financial interest than the competing lead plaintiff movants, and satisfies the requirements of Rule 23. Since no other movant can rebut this presumption, Turton should be appointed as lead plaintiff.

### B.   Turton Is the Presumptively Most Adequate Plaintiff Because Turton Has the Largest Financial Interest in the Relief Sought by the Class

Turton satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Turton filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 42; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Turton satisfies the requirements of Rule 23, as demonstrated in its

memorandum of law in support of its lead plaintiff motion. *See* Dkt. No. 43 at 6-9; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Turton has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any methodology that is "both rational and consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. Courts in this Circuit, however, generally rely on the four-factor *Olsten-Lax* test to determine financial interest, which weighs: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). To calculate the fourth factor, losses suffered, courts in the Ninth Circuit typically use the last in, first out (LIFO) methodology. *See Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017); *see also Nicolow v. Hewlett Packard Co.*, No. 12-cv-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (the "weight of authority" uses the LIFO methodology).

Here, Turton has a larger financial interest than the competing movants as measured by every *Olsten-Lax* factor: [2]

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Turton Inc. | 128,501 | 28,000 | $596,601.34 | $561,880.79 |
| Allen J. Wiesenfeld | 30,000 | 10,000 | $290,269.71 | $251,776.02 |
| Robert Cross | 1,084 | 1,084 | $21,105.48 | $10,005.32 |
| Dillan Hoyos | 100 | 100 | $1,088.42 | $66.42 |

---

[2] The values in the chart are derived from the movants' loss charts submitted with their lead plaintiff motions.

While Wiesenfeld claimed a loss of $301,781.92 in his motion papers (*see* Dkt. No. 48-1), this value is overstated. Wiesenfeld failed to use the greater of (1) his actual sales price, and (2) the "mean trading price" of the security following the end of the class period to value his losses on shares retained at the end of the class period. *See* 15 U.S.C. § 78u-4(e) (Limitation on Damages). Once corrected, Wiesenfeld's loss is $251,776.02.

Regardless of Wiesenfeld's mistake, Turton has the largest financial interest in the relief sought by the class. Since Turton also satisfies the requirements of Rule 23, and filed a timely motion, Turton is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## C.    The Presumption that Turton Is the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Turton would be inadequate or subject to unique defenses. Turton is not aware of any possible basis for such a contention. Moreover, as explained in the Criden Declaration,[3] Mr. Criden, who is acting on behalf of Turton in this action, is an attorney and a sophisticated individual, more than capable of conducting the litigation. *See* Dkt. No. 44-4 at ¶ 2.

As such, Turton should be appointed as lead plaintiff, and no other movant is entitled to consideration. See *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

---

[3] Declaration of Michael Criden in Support of Turton Inc.'s Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Criden Declaration"), Dkt. No. 44-4.

**D.      The Lead Plaintiff's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). As such, a Court should only interfere with the lead plaintiff's choice of counsel if the choice "is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *Id.* at 733.

Here, Turton has selected Glancy Prongay & Murray LLP to be lead counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 44-5 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Turton's selection of counsel, the Court can be assured that the class will receive the highest caliber of legal representation. Accordingly, Turton's selection of lead counsel for the class should be approved.

**III.   CONCLUSION**

For the foregoing reasons, Turton respectfully requests that the Court enter an Order: (1) appointing Turton as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; (3) denying the competing motions; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  November 8, 2020          Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Charles H. Linehan*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Cousel for Lead Plaintiff Movant Turton Inc.*
*and Proposed Lead Counsel for the Class*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On November 8, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 8, 2021, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan