UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6918 PA (JCx) | | Date | November 19, 2021 |
|---|---|---|---|---|
| Title | Ivan Baron v. HyreCar Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | | Not Reported | N/A |
| Deputy Clerk | | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:** IN CHAMBERS - ORDER

Before the Court are Motions for Appointment of Counsel and Appointment of Lead Plaintiff filed by movants Robert Cross (Docket No. 38), Turton Inc. (Docket No. 42), Allen Wiesenfeld (Docket No. 46), and Dillan Hoyos (Docket No. 50). Movants Cross, Wiesenfeld, and Hoyos later withdrew their Motions (Docket Nos. 54, 57, and 58). As a result, the only Motion for Appointment of Counsel and Appointment of Lead Plaintiff still pending is the Motion filed by Turton Inc. ("Turton"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 29, 2021, is vacated, and the matter taken off calendar.

**I.    Factual & Procedural Background**

Plaintiff Ivan Baron ("Plaintiff") commenced this action on August 27, 2021. Plaintiff's Complaint, brought on behalf of a putative class of all purchasers of securities issued by defendant HyreCare Inc. ("HyreCar") between May 14, 2021, and August 10, 2021. The Complaint asserts claims against HyreCar, Joseph Furnari ("Furnari"), HyreCar's Chief Executive Officer, and Robert Brogi ("Brogi"), who served as HyreCar's Chief Financial Officer from September 2018 to July 2021, for violation of: (1) section 10(b) of the Securities Exchange Act and Rule 10b-5 of the Securities Exchange Commission ("SEC"); and (2) section 20(a) of the Securities Exchange Act.

According to the Complaint, HyreCar operates a web-based marketplace that allows car and fleet owners to rent their cars to Uber, Lyft and other gig economy service drivers. HyreCar generates revenue by taking a fee out of each rental processed on HyreCar's platform. Each rental transaction represents a driver renting a car from a car owner. Drivers pay a daily rental rate set by the car owner, plus a 10% HyreCar Driver Fee as well as direct daily insurance costs. Owners receive their daily rental rate minus a 15%-25% HyreCar Owner Fee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6918 PA (JCx) | Date | November 19, 2021 |
|---|---|---|---|
| Title | Ivan Baron v. HyreCar Inc., et al. | | |

     The Complaint alleges that after the market had closed on May 13, 2021, HyreCar issued a press release stating that it had achieved record financial results during the first quarter of 2021, that Furnari and Borgi made statements during an earnings call with analysts and investors to discuss the financial results for the first quarter of 2021, and that HyreCar filed its Form 10-Q for the first quarter with the SEC.  Some of the statements made in the press release, earnings call, and Form 10-Q related to the financial aspects of HyreCar's insurance deposits and reserves.  According to the Complaint, these statements were materially false or misleading because they understated the amount of insurance reserves, and failed to disclose that HyreCar had systematically failed to pay valid insurance claims, had incurred significant expenses transitioning to an new insurance administrator and processing claims, failed to appropriately price risk in its insurance products, was experiencing elevated numbers of claims, and HyreCar had been forced to reform its claims underwriting, policies, and procedures in response to high claims severity and customer complaints.

     Then, on August 10, 2021, after the market had closed, HyreCar announced what the Complaint characterizes as "deeply disappointing" results for the second quarter of 2021.  According to a press release, earnings call, and 10-Q filed with the SEC for the second quarter, HyreCar attributed a portion of the disappointing results to increased insurance claims, including payments incurred prior to March 31, 2021, in excess of the reserves and accruals.  After HyreCar's disclosures, the price of its stock fell nearly 50% in a single day on August 11, 2021.

     Turton, along with the other movants who have since withdrawn their Motions, filed its Motion on October 26, 2021.  Turton seeks to be appointed lead plaintiff and to have the law firm of Glancy Prongay & Murray LLP approved as lead counsel for the class.  No party or movant has filed an opposition to the Turton's Motion.

**II.      Appointment of Lead Plaintiff**

     The Private Securities Litigation Reform Act ("PSLRA" or "Reform Act"), 15 U.S.C. § 78u-4, directs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interest of the class members. . . ."  15 U.S.C. §78u-4(a)(3)(B)(i).  The Ninth Circuit has described the appointment of a lead plaintiff in a case governed by the PSLRA as a three-step process:

> The Reform Act provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria.  The first step consists of publicizing the pendency of the action, the claims made and the purported class period.  15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6918 PA (JCx) | Date | November 19, 2021 |
|---|---|---|---|
| Title | Ivan Baron v. HyreCar Inc., et al. | | |

> U.S.C. § 78u-4(a)(3)(A). The first plaintiff to file an action covered by the Reform Act must post this notice "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(I). The notice must also state that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).
>
> In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the "presumptively most adequate plaintiff" – and hence the presumptive lead plaintiff – the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.
>
> . . .
>
> The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.

In re Cavanaugh, 306 F.3d 726, 729–30 (9th Cir. 2002). Under the PSLRA, the appointed lead plaintiff has the right to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "Although this power is subject to court approval and is therefore not absolute, it plainly belongs to the lead plaintiff." Cohen v. U.S. Dist. Court for N. Dist. of Cal., 586 F.3d 703, 709 (9th Cir. 2009). "[T]he district court has no authority to select for the class what it considers to be the best possible lawyer[.]" Cavanaugh, 306 F.3d at 732.

### A. Publication and Notice

Notice must be provided to class members via publication in a widely circulated national business-oriented publication or wire service within 20 days of the filing of the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must (1) advise class members of the pendency of the action, the claims asserted therein, and the purported class period and (2) inform potential class members that, within 60 days of the date on which notice was published, any member of the purported class may move the court to serve as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(I)–(II).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6918 PA (JCx) | Date | November 19, 2021 |
|---|---|---|---|
| Title | Ivan Baron v. HyreCar Inc., et al. | | |

Counsel for Plaintiff published an early notice pursuant to the PSLRA containing the requisite information via PR Newsire on August 27, 2021, the same day Plaintiff filed the Complaint. The notice announced that a putative class action lawsuit was filed and the conduct complained of, specified the class period, and advised putative class members of the deadline to file a motion to seek appointment as lead plaintiff in the pending action. (Id.) See Hurst v. Enphase Energy, Inc., No. 20-CV-04036-BLF, 2020 WL 7025085, at *2 (N.D. Cal. Nov. 30, 2020). The Court therefore concludes that the statutory notice requirements of publication of the pending action and notice to putative class members is satisfied. See Koffsmon v. Green Dot Corp., No. CV 19-10701 DDP (Ex), 2021 WL 3473975, at *1 (C.D. Cal. Aug. 6, 2021).

**B.      Largest Financial Interest**

The PSLRA provides a rebuttable presumption that the person or group of persons who filed the complaint or a timely motion, and has the largest financial interest in the relief sought by the class is the plaintiff "most adequately" situated to represent the class as lead plaintiff, provided this person or group of persons otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Turton alleges that it, and two individuals who have assigned their rights and claims to Turton, incurred a loss of $561,880.79 during the class period as a result of their investments in HyreCar's stock. There is no evidence that any other class member suffered greater losses in HyreCar's securities during the Class Period. The Court therefore concludes, on this record, that Turton has the greatest financial interest.

"The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." Cavanaugh, 306 F.3d at 729. The presumptive lead plaintiff's showing that it satisfies these requirements may be rebutted by evidence that the proposed lead plaintiff would not fairly and adequately represent the interest of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). "Once [a court] determines which plaintiff has the biggest [financial] stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements [of Rule 23]." Cavanaugh, 306 F.3d at 732. "The Ninth Circuit has determined that this inquiry is largely limited to determining whether the plaintiff has demonstrated he satisfies the 'typicality' and 'adequacy' requirements of Fed. R. Civ. P. 23(a)." Ferreira v. Funko, Inc., No. CV 20-2319 VAP (PJWx), 2020 WL 3246328, at *7 (C.D. Cal. June 11, 2020); see also Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) ("Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor."). "The purpose of the typicality requirement is to assure that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6918 PA (JCx) | Date | November 19, 2021 |
|---|---|---|---|
| Title | Ivan Baron v. HyreCar Inc., et al. | | |

the interest of the named representative aligns with the interests of the class.  Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.  The test of typicality is whether other members have the same or similar injury. . . ." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted) (citations omitted).  "The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." Zhu, 682 F. Supp. 2d at 1053.

Here, Turton, like the putative class members, allegedly suffered losses when subsequent revelations resulted in a decline in HyreCar's share price.  Submissions from Turton and Glancy Prongay & Murray LLP indicate that Turton would vigorously pursue recovery on behalf of the entire class, suggest no conflict of interest between Turton or its counsel, and indicate that Glancy Prongay & Murray LLP possess the requisite expertise and capability to prosecute and manage this litigation efficiently and effectively.  See Koffsmon, 2021 WL 3473975, at *4.  Thus, Turton makes a prima facie showing that it meets Rule 23(a)'s typicality and adequacy requirements.  No party has submitted evidence or any proof suggesting that Turton is inadequate to serve as lead plaintiff or otherwise rebut Turton's showing of typicality or adequacy under Rule 23(a).  In addition to the fact that no party has challenged Turton's Motion, there is no indication that Turton maintains interests antagonistic to those of absent class members or is subject to unique defenses that would render it incapable of adequately representing the class.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb).  Accordingly, the Court finds that Turton is presumptively the most adequate plaintiff.

### III. Approval of Lead Counsel

"While appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." Cavanaugh, 306 F.3d at 734; id. at 732–33 ("[T]his is not a beauty contest; the district court has no authority to select for the class what it considers to be the best possible lawyer . . . . Indeed, the district court does not select class counsel at all.  Rather, such information is relevant only to determine whether the presumptive lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff."); see 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  "Consistent with congressional intent in enacting the PSLRA to vest authority for selecting class counsel in the lead plaintiff and our reasoning in Cavanaugh, the district court should not reject a lead plaintiff's proposed counsel merely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6918 PA (JCx) | Date | November 19, 2021 |
|---|---|---|---|
| Title | Ivan Baron v. HyreCar Inc., et al. | | |

because it would have chosen differently." Cohen, 586 F.3d at 711 (citing Cavanaugh, 306 F.3d at 732, 734 & n. 14). Instead, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." (Id. (citation omitted).)

Movant has selected Glancy Prongay & Murray LLP to serve as lead counsel for the class. Resumes submitted by the firm indicate that lead counsel has participated in a number of securities class actions, and that the firm is otherwise well-qualified. The Court finds no conflicts on this record. No party has challenged the adequacy of this firm to serve as lead counsel. Therefore, the Court approves Glancy Prongay & Murray LLP as lead counsel.

## **Conclusion**

For the foregoing reasons, the Court grants Turton's Motion. The Court appoints Turton as Lead Plaintiff. The Court approves Glancy Prongay & Murray LLP as Lead Counsel. Turton shall, no later than 14 days after the entry of this Order, file a consolidated or amended complaint, or notify defendants and the Court in writing that lead plaintiff intends to rely on the current complaint. Defendants shall have 21 days in which to move, answer or otherwise respond to the filing of a consolidated or amended complaint or 21 days in which to move, answer or otherwise respond to the current complaint upon receiving notice that lead plaintiff intends to rely on the current complaint.

IT IS SO ORDERED.