LATHAM & WATKINS LLP
  Joshua G. Hamilton, Esq. (199610)
    *Joshua.Hamilton@lw.com*
  Regina Wang, Esq. (326262)
    *Regina.Wang@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: 424.653.5500
Facsimile: 424.653.5501

  Meryn C. N. Grant, Esq. (291315)
    *Meryn.Grant@lw.com*
355 S Grand Ave., Suite 100
Los Angeles, CA 90071
Telephone: 213.891.8000
Facsimile: 213.891.8763

*Attorneys for Defendants HyreCar Inc.,*
*Joseph Furnari and Robert Scott Brogi*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-PA-JC<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANTS HYRECAR INC., JOSEPH FURNARI AND ROBERT SCOTT BROGI**<br><br>Hearing Date:   January 31, 2021<br>Time:               1:30 p.m.<br>Ctrm:              9A<br>Judge:             Hon. Percy Anderson<br><br>[Notice of Motion and Motion to Dismiss and supporting Declaration filed and served concurrently herewith] |

Pursuant to Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendants HyreCar Inc. ("HyreCar"), Joseph Furnari, and Robert Scott Brogi (collectively, "Defendants") respectfully request that the Court consider the documents identified in and filed with this Request.  These documents are submitted in support of Defendants' Motion to Dismiss Lead Plaintiff's Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint").

## I.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-62 (C.D. Cal. 2012) (considering, on a motion to dismiss, documents referenced and relied upon in plaintiffs' complaint, SEC filings, earnings call transcripts, news reports, and press releases).

Incorporation-by-reference allows courts to treat certain documents as if they are part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1163 (9th Cir. 2019) (citation omitted).  "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA*

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CENTURY CITY

1

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD AMENDED COMPLAINT

*Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at \*14 (C.D. Cal. Apr. 14, 2015) ("Where a document has been incorporated by reference in a complaint, a court may treat such a document as part of the complaint" and "can consider the entire document, not simply the portion on which plaintiffs rely.") (citations omitted).

In addition, under the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "may consider public filings, including SEC filings," and "may also take judicial notice of other matters of public record such as press releases, analyst reports, news articles, and conference call transcripts." *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) (citations omitted); *Khoja*, 899 F.3d at 999 (explaining that "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment" and "[a]n investor call transcript submitted to the SEC generally qualifies as a 'source[] whose accuracy cannot reasonably be questioned'") (citations omitted). On a motion to dismiss securities fraud claims, "the court may consider the full text of the relevant documents to determine whether the plaintiffs have alleged material misrepresentations or omissions," without converting the motion to a motion for summary judgment. *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1113 (C.D. Cal. 2003) (citation omitted). Unlike incorporation-by-reference, which accepts the entire document as true, the "court must also consider—and identify—which fact or facts it is noticing" and determine if those facts are "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999.

The need for judicial notice of undisputed public matters and disclosures is underscored when adjudicating motions to dismiss federal securities claims. The

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

2

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS

reforms Congress adopted in the Private Securities Litigation Reform Act were prompted by "significant evidence of abuse in private securities lawsuits." H.R. Rep. No. 104-369, at 31 (1995) (Conf. Rep.), reprinted in 1995 U.S.C.C.A.N. 730. Claims brought under the federal securities laws are frequently based on alleged omissions and misrepresentations in publicly available documents. Judicial notice of documents referenced in the complaint and other publicly available matters ensures that a plaintiff bringing a meritless claim cannot overcome a motion to dismiss, and gain the right to engage in extensive discovery, simply by selectively citing portions of the defendant's public statements out of context. *See, e.g.*, *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding plaintiff could not survive motion to dismiss by "omitting references to documents upon which their claims are based"), *superseded by statute on other grounds as stated i*n *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Exhibits 1 through 21 may all be considered on this motion under one or both of these doctrines.

## II.   ARGUMENT

### A.   The Court May Consider the Contents of Exhibits 1, 3-5, 8-11, 13-14 and 16-21 As Incorporated by Reference

**Exhibits 1, 3-5, 8-11, 13-14 and 16-21** are referenced extensively in the Complaint and form the basis of Plaintiff's claims. Specifically, Exhibits 1, 3, 5 and 8-11 include the statements that Plaintiff alleges are false or misleading and Exhibits 4 and 13-14 the associated alleged corrective disclosures. Exhibits 16-21 disclose stock sales Plaintiff relies upon to support an inference of scienter. These exhibits are thus incorporated by reference and therefore may be considered in their entirety. *See* 15 U.S.C. § 77k(a); *Steinle*, 919 F.3d at 1163 ("Here, the [document] forms the very basis of Plaintiffs' claims, and Plaintiffs referred extensively to it throughout . . ."). Plaintiff cites to statements made during earnings calls, in press releases, and in quarterly and annual reports filed with the

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
CENTURY CITY

3

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS

SEC in support of its argument that HyreCar misrepresented its insurance expenses and reserves, which allegedly resulted in the financial results in the second quarter of 2021. *See, e.g.*, AC ¶¶ 164-195. Plaintiff points to stock sales by HyreCar insiders as evidence of scienter. *See* AC ¶¶ 205-09. Where a claim necessarily depends on the contents of a document, the document is properly incorporated by reference into the complaint. *See Khoja*, 899 F.3d at 1006; *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1049 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.") (quoting *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012)). This doctrine applies to "situations in which the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted).

On these grounds, Defendants request that the Court consider the following documents referenced in the Amended Complaint:

| Exhibit No. | Description | Citation(s) in the Amended Complaint |
| --- | --- | --- |
| **HyreCar's SEC Filings** | | |
| Exhibit 1 | HyreCar's Form 10-K Annual Report for the period ended December 31, 2019, filed with the SEC on April 14, 2020 | ¶¶ 35, 39, 118, 164, 166, 168, 170, 172, 173 |
| Exhibit 3 | HyreCar's Form 10-K Annual Report for the period ended December 31, 2020, filed with the SEC on March 31, 2021 | ¶¶ 123, 180, 182, 184, 186 |
| Exhibit 4 | HyreCar's Form 10-Q Quarterly Report for the period ended June 30, 2021, filed with the SEC on August 8, 2021 | ¶¶ 15, 147 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

4

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS

| Exhibit No. | Description | Citation(s) in the Amended Complaint |
|---|---|---|
| Exhibit 10 | HyreCar's Form 10-Q Quarterly Report for the period ended March 31, 2021, filed with the SEC on May 13, 2021 | ¶¶ 192, 194 |
| Exhibit 16 | Joseph Furnari Form 4/A, dated July 23, 2021 | ¶ 205 |
| Exhibit 17 | Michael Furnari Form 4/A, dated July 23, 2021 | ¶ 206 |
| Exhibit 18 | Robert Scott Brogi Form 4, dated May 24, 2021 | ¶ 207 |
| Exhibit 19 | Grace Mellis Form 4, dated May 26, 2021 | ¶ 208 |
| Exhibit 20 | Grace Mellis Form 4, dated June 4, 2021 | ¶ 208 |
| Exhibit 21 | Henry Park Form 4, dated May 21, 2021 | ¶ 209 |
| **Quarterly Earnings Call Transcripts** | | |
| Exhibit 8 | Q4 2020 Earnings Call Transcript dated March 30, 2021 | ¶¶ 119, 121, 131, 141-42, 175, 177-78 |
| Exhibit 11 | Q1 2021 Earnings Call Transcript dated May 13, 2021 | ¶¶ 127, 132-35, 143-44, 189 |
| Exhibit 14 | Q2 2021 Earnings Call Transcript dated August 10, 2021 | ¶¶ 149, 151-55 |
| **Press Releases** | | |
| Exhibit 5 | HyreCar June 2021 Investor Presentation | ¶¶ 129, 145, 196, 198 |
| Exhibit 9 | Record First Quarter 2021 Financial Results, Press Release dated May 13, 2021 | ¶¶ 126, 188 |
| Exhibit 13 | HyreCar Announces Record Second Quarter 2021 Financial Results, Press Release dated August 10, 2021 | ¶ 146 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

5

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS

**B.** **HyreCar's Other SEC Filings, Earnings Call Transcripts, and News Releases Are Subject to Judicial Notice**

HyreCar's other SEC filings, earnings call transcripts, and news releases, **Exhibits 2, 6-7 and 12** are subject to judicial notice under Federal Rule of Evidence 201.

First, courts frequently and readily take judicial notice of SEC filings when ruling on motions to dismiss in securities litigation. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice on motion to dismiss); *M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*, No. CV 17-1479 PA (MRWX), 2017 WL 5635425, at *3 (C.D. Cal. Oct. 30, 2017) (Anderson, J.) (same); *In re Skechers U.S.A., Inc. Sec. Litig.*, No. CV 03-02094 PA (EX), 2005 WL 8168047, at *2 n. 2 (C.D. Cal. Mar. 21, 2005), *aff'd*, 273 F. App'x 626 (9th Cir. 2008) (Anderson, J.) (same); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) (same); *In re Am. Apparel*, 855 F. Supp. 2d at 1060–62 n.143 (same); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 901-02 (C.D. Cal. 2011) (same); *In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008) (same). Because SEC filings are publically available, the Court can take judicial notice that the information was disclosed to the market. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999). Accordingly, the Court may take judicial notice of the following disclosures:

- **Exhibit 2**: HyreCar's Form 14A Definitive Proxy Statement, filed with the SEC on April 30, 2021, disclosed the work history and compensation of Defendants Furnari and Brogi;

- **Exhibit 6**: HyreCar's Form 10-Q Quarterly Report for the period ended June 30, 2020, filed with the SEC on August 13, 2020, disclosed that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

6

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS

HyreCar used American Business Insurance Services as its insurance broker, and on June 15, 2020, it completed moving its automobile insurance liability programs over to Lloyd's Apollo 1969 syndicate, a leading insurance provider in the gig economy for all primary and excess insurance liability programs, and was no longer using the related party broker;

- **Exhibit 7**:  Exhibit 99.1 to Form 8-K Current Report, filed with the SEC on December 10, 2020, announced that HyreCar would use Aon as its insurance broker as it expanded its carsharing services;

Seconds, courts may also take judicial notice of related investor conference call transcripts for the purpose of the fact of the disclosures made to investors.  *See In re Pixar Sec. Litig*., 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) ("[T]ranscripts of investor conference calls and SEC filings . . . are the types of documents of which this Court properly [may] take judicial notice.") (citation omitted); *In re Energy Recovery Inc. Sec. Litig*., No. 15-CV-00265-EMC, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially noticeable because they are matters of public record.").

Third, courts may properly take judicial notice of press releases to show "that the market was aware of the information contained in news articles."  *See In re Am. Apparel*, 855 F. Supp. 2d at 1062 (quoting *Heliotrope*, 189 F.3d at 981); *In re Homestore.com, Inc. Sec. Litig*., 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) (citation omitted); ("[T]he Court may take judicial notice of press releases.") *Sanders v. Realreal, Inc*., No. 19-CV-07737-EJD, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021) (taking judicial notice of press release issued by the defendant company to identify what statements were available to the market).  Exhibit 12 is a published press release available in the News Releases section of HyreCar's website.  Accordingly, the Court may take judicial notice that the following disclosure was made to the market:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

7

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS

- **Exhibit 12**: HyreCar Renews Insurance Program with Lloyd's Apollo Insurance Syndicate until 2023, Press Release dated May 20, 2021, disclosed that HyreCar had renewed its insurance with Apollo and completed its integration with Sedgwick.

Further, to the extent the Court determines that Exhibits 1, 3-5, 8-11, and 13-14 are not incorporated by reference, Defendants request judicial notice of the disclosures contained in these SEC filings, earnings call transcripts, and press releases. *See, e.g., Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) ("We . . . may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings.") (citation omitted); *see also In re Am. Apparel*, 855 F. Supp. 2d at 1060-62 (considering SEC filings, earnings call transcripts, news reports, and press releases). Similarly, if the Court determines Exhibits 16-21 are not incorporated by reference, Defendants request that the Court take judicial notice of these SEC Forms 4. Such notice is proper, especially when stock sales are referenced in the complaint. *See Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (taking judicial notice of the content of SEC Forms 4 and the fact that they were filed with the SEC); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice of Forms 4 "in that they are clearly, if indirectly, referenced in the Complaint as integral to the stock sale allegations made in the Complaint").

## C. Stock Prices Are Subject to Judicial Notice

**Exhibit 15** is a compilation of historic HyreCar stock prices obtained from Yahoo! Finance. "A district court ruling on a motion to dismiss may judicially notice the price of publicly traded stocks on particular dates." *See Lloyd v. CVB Fin. Corp.*, No. CV1006256MMMPJWX, 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (collecting cases) (citations omitted); *see also Metzler*, 540 F.3d at 1064 n.7. The Court thus may judicially notice the stock price for HyreCar, a publicly-traded company, between January 4, 2021 and September 30, 2021.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

8

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 21, attached hereto, in connection with the Court's consideration of the Motion to dismiss.

Dated:  December 27, 2021                Respectfully submitted,

LATHAM & WATKINS LLP
Joshua G. Hamilton

By: */s/ Joshua G. Hamilton*
Joshua G. Hamilton

*Attorneys for Defendants HyreCar Inc., Joseph Furnari and Robert Scott Brogi*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

9

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS

# INDEX OF EXHIBITS

| Exhibit Number | Description |
| --- | --- |
| Ex. 1 | HyreCar's Form 10-K Annual Report for the period ended December 31, 2019, filed with the SEC on April 14, 2020 |
| Ex. 2 | HyreCar's Form 14A Definitive Proxy Statement, filed with the SEC on April 30, 2021 |
| Ex. 3 | HyreCar's Form 10-K Annual Report for the period ended December 31, 2020, filed with the SEC on March 31, 2021 |
| Ex. 4 | HyreCar's Form 10-Q Quarterly Report for the period ended June 30, 2021, filed with the SEC on August 8, 2021 |
| Ex. 5 | HyreCar June 2021 Investor Presentation |
| Ex. 6 | HyreCar's Form 10-Q Quarterly Report for the period ended June 30, 2020, filed with the SEC on August 13, 2020 |
| Ex. 7 | Ex. 99.1 to Form 8-K Current Report, filed with the SEC on December 10, 2020 |
| Ex. 8 | Q4 2020 Earnings Call Transcript dated March 30, 2021 |
| Ex. 9 | Record First Quarter 2021 Financial Results, Press Release dated May 13, 2021 |
| Ex. 10 | HyreCar's Form 10-Q Quarterly Report for the period ended March 31, 2021, filed with the SEC on May 13, 2021 |
| Ex. 11 | Q1 2021 Earnings Call Transcript dated May 13, 2021 |
| Ex. 12 | HyreCar Renews Insurance Program with Lloyd's Apollo Insurance Syndicate until 2023, Press Release dated May 20, 2021 |
| Ex. 13 | HyreCar Announces Record Second Quarter 2021 Financial Results, Press Release dated August 10, 2021 |
| Ex. 14 | Q2 2021 Earnings Call Transcript dated August 10, 2021 |
| Ex. 15 | Historic stock data for HyreCar Inc. (HYRE) for the period from January 4, 2021 to September 30, 2021 |
| Ex. 16 | Joseph Furnari Form 4/A, dated July 23, 2021 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

1

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD AMENDED COMPLAINT

| Ex. 17 | Michael Furnari Form 4/A, dated July 23, 2021 |
| Ex. 18 | Robert Scott Brogi Form 4, dated May 24, 2021 |
| Ex. 19 | Grace Mellis Form 4, dated May 26, 2021 |
| Ex. 20 | Grace Mellis Form 4, dated June 4, 2021 |
| Ex. 21 | Henry Park Form 4, dated May 21, 2021 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

2

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS