Robert V. Prongay (SBN 270796)
Ex Kano S. Sams II (SBN 192936)
Raymond D. Sulentic (SBN 316913)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: esams@glancylaw.com
Email: rsulentic@glancylaw.com

*Counsel for Lead Plaintiff Turton Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IVAN BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-PA-JC<br><br>**PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANTS HYRECAR INC., JOSEPH FURNARI AND ROBERT SCOTT BROGI**<br><br>Hearing Date: January 31, 2022<br>Time:              1:30 p.m.<br>Ctrm:             9A<br>Judge:            Hon. Percy Anderson |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

## TABLE OF CONTENTS

I.      INTRODUCTION................................................................................................1

II.     STANDARD FOR JUDICIAL NOTICE...........................................................1

III.    ARGUMENT......................................................................................................2

    A.    Defendants Improperly Seek Judicial Notice for the Truth of the Matter Asserted..................................................................................................2

    B.    The Court Should Disregard the Charts that Defendants Submitted in Connection with Their Motion..................................................................4

IV.     CONCLUSION..................................................................................................5

i

# **TABLE OF AUTHORITIES**

CASES

*Bielousov v. GoPro, Inc.*,
    No. 16-CV-06654-CW, 2017 WL 3168522 (N.D. Cal. July 26, 2017) .................3

*Curry v. Hansen Med., Inc.*,
    No. C 09-5094 CW, 2012 WL 3242447 (N.D. Cal. Aug. 10, 2012) .....................3

*Fadia v. FireEye, Inc.*,
    No. 5:14-CV-05204-EJD, 2016 WL 6679806 (N.D. Cal. Nov. 14, 2016) .............5

*Flynn v. Sientra, Inc.*,
    No. CV1507548SJORAOX, 2016 WL 3360676 (C.D. Cal. June 9, 2016) ...........2

*In re CV Therapeutics, Inc.*,
    No. C 03-03709 SI, 2004 WL 1753251 (N.D. Cal. Aug. 5, 2004) ......................4

*In re Dura Pharms, Inc. Sec. Litig.*,
    452 F. Supp. 2d 1005 (S.D. Cal. 2006) ................................................................3

*In re Immune Response Sec. Litig.*,
    375 F. Supp. 2d 983 (S.D. Cal. 2005) ..................................................................3

*In re Zynga Inc. Sec. Litig.*,
    No. C 12-04007 JSW, 2015 WL 1382217 n.1 (N.D. Cal. Mar. 25, 2015)..............3

*Mallen v. Alphatec Holdings, Inc.*,
    861 F. Supp. 2d 1111 (S.D. Cal. 2012) ................................................................4

*Nordell Int'l Res., Inc. v. Triton Indonesia, Inc.*,
    139 F.3d 906 (9th Cir. 1998) ...............................................................................2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007).............................................................................................1

*Troy Group, Inc. v. Tilson*,
    364 F. Supp. 2d 1149 (C.D. Cal. 2005).................................................................2

ii

*Yanek v. Staar Surgical Co.*,
   388 F. Supp. 2d 1110 (C.D. Cal. 2005) ...................................................................5

RULES

Fed. R. Evid. 201(b) ...................................................................................................1

iii

## I.   INTRODUCTION

Lead Plaintiff Turton Inc. ("Plaintiff") hereby opposes the Request for Judicial Notice and Incorporation of Documents by Reference in Support of Motion to Dismiss Amended Complaint by Defendants HyreCar Inc., Joseph Furnari and Robert Scott Brogi ("RJN").  Plaintiff opposes Defendants' RJN because: (1) Defendants improperly seek judicial notice of an exhibit for the truth of the matter asserted; and (2) Defendants improperly request the Court to rely upon two charts submitted in connection with the Motion to Dismiss Amended Complaint by Defendants HyreCar Inc., Joseph Furnari and Robert Scott Brogi ("Motion") that were prepared by defense counsel that do not satisfy the standard for judicial notice and are otherwise unnecessary to determine the propriety of Defendants' Motion.  For these reasons, the Court should deny Defendants' RJN with respect to Exhibit 2 and should disregard the charts that Defendants submitted in connection with their Motion.

## II.   STANDARD FOR JUDICIAL NOTICE

Rule 201(b) of the Federal Rules of Evidence provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  In ruling upon a motion to dismiss, courts must "accept all factual allegations in the complaint as true" and "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).[1]

---

[1]   Unless otherwise indicated, all emphasis is added and all internal citations and footnotes are omitted.  Defendants are HyreCar, Inc. ("HyreCar"), Chief Executive

1

## III.   ARGUMENT

### A.   Defendants Improperly Seek Judicial Notice for the Truth of the Matter Asserted

Defendants' RJN is improper because Defendants seek judicial notice for the truth of the matter asserted.  Exhibit 2 is HyreCar's April 30, 2021 Form 14A Definitive Proxy Statement, which Defendants purport disclosed the work history and compensation of CEO Furnari and CFO Brogi.  RJN at 6.  Defendants concede that Plaintiff's Amended Complaint for Violations of the Federal Securities Laws ("Complaint") neither references nor relies upon this Form 14A Definitive Proxy statement. *Id*.

Defendants' request is improper for several reasons.  First, courts cannot take judicial notice of materials for the truth of the matter asserted within them.  *See, e.g.*, *Nordell Int'l Res., Inc. v. Triton Indonesia, Inc.*, 139 F.3d 906 (9th Cir. 1998) ("Nordell requests that this court take judicial notice of the truth of the facts asserted in the documents it offers here. We deny Nordell's request"); *Flynn v. Sientra, Inc.*, No. CV1507548SJORAOX, 2016 WL 3360676, at *8 (C.D. Cal. June 9, 2016) (holding that the "Court does not consider these documents in order to determine the truth of the statements contained therein"); *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (holding that courts may not take judicial notice of documents for the truth of the facts asserted therein).

Here, Defendants seek judicial notice of Exhibit 2 for the truth of the matter asserted.  Specifically, Defendants attempt to rely upon Exhibit 2 to argue that CFO Brogi purportedly retired "after a long and illustrious career as the CFO and COO of numerous companies" and that "[h]is resignation after two years is consistent with his tenure at previous growth companies."  Motion at 25.  This attempt to seek judicial

---

Officer ("CEO") Joseph Furnari ("Furnari"), and Chief Financial Officer ("CFO") Robert Scott Brogi ("Brogi").

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

notice for the truth of the matter asserted is clearly improper.  *See, e.g.*, *Bielousov v. GoPro, Inc*., No. 16-CV-06654-CW, 2017 WL 3168522, at *4 (N.D. Cal. July 26, 2017) (holding that courts may take "judicial notice of the fact that the statements in . . . documents were made on the dates specified, but not of the truth of the matters asserted therein"); *In re Zynga Inc. Sec. Litig.*, No. C 12-04007 JSW, 2015 WL 1382217, at *4 n.1 (N.D. Cal. Mar. 25, 2015) ("The Court does not adopt the representations made in the documents for the truth of the matters asserted, but merely accepts that the public filings were made."); *Curry v. Hansen Med., Inc*., No. C 09-5094 CW, 2012 WL 3242447, at *3 (N.D. Cal. Aug. 10, 2012) ("The Court takes judicial notice of the filings . . . for the fact that they were made on the dates specified, but not for the truth of the matters asserted therein."); *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) ("consideration of the exhibits encourages a weighing of factual disputes; a process that is improper on a motion to dismiss").

Additionally, Defendants' request for judicial notice of Exhibit 2 is also improper because Defendants attempt to use the exhibit as purported evidence that Defendants did not commit securities fraud.  For example, Defendants assert that CFO Brogi's "resignation after two years is consistent with his tenure at previous growth companies" to argue that his resignation purportedly does not support a strong inference of scienter for Plaintiff's claims.  Motion at 25.  Courts routinely refuse to take judicial notice of documents for such a purpose.  *See In re Dura Pharms, Inc. Sec. Litig.*, 452 F. Supp. 2d 1005, 1028 n.3 (S.D. Cal. 2006) ("the Court declines to take judicial notice of the 1996 Annual Report as evidence the Defendants did not commit a securities violation"); *Immune*, 375 F. Supp. 2d at 995 (holding that judicial notice is improper where "Defendants offer the documents as evidence that

3

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Defendants did not commit securities violation"). Thus, the Court should deny Defendants' RJN with respect to Exhibit 2.

**B.    The Court Should Disregard the Charts that Defendants Submitted in Connection with Their Motion**

Defendants also improperly request the Court to rely upon two charts submitted in connection with their Motion: (1) Appendix A: Summary of Plaintiff's Alleged False Statements in Amended Complaint; and (2) Appendix B: Confidential Witness Allegations Contained in Plaintiff's Amended Complaint. The Court should disregard both charts. *See, e.g.*, *Mallen v. Alphatec Holdings, Inc.*, 861 F. Supp. 2d 1111, 1122 n.5 (S.D. Cal. 2012), *aff'd sub nom. Fresno Cty. Employees' Ret. Ass'n v. Alphatec Holdings, Inc.*, 607 F. App'x 694 (9th Cir. 2015) ("the Court declines to take judicial notice of two charts drafted by counsel for the [company] Defendants" because "[t]hese charts are cumulative of the information that the Court may independently consider"); *In re CV Therapeutics, Inc.*, No. C 03-03709 SI, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) ("Defendants also ask the Court to take judicial notice of charts, prepared by defense counsel, containing portions of otherwise judicially noticeable facts. . . . The Court does not take judicial notice of these documents, since the Court is capable of synthesizing information."). Indeed, the Court here is fully capable of determining the propriety of Defendants' Motion without the use of Defendants' self-serving charts.

Additionally, with respect to Appendix A, Defendants attempt to use the chart to cross reference arguments in their Motion regarding "reasons why" the alleged statements are "not false or misleading." Plaintiff, however, obviously disputes Defendants' characterization that the statements alleged in Plaintiff's Complaint are not false or misleading. On the contrary, as demonstrated within Plaintiff's Opposition to Motion to Dismiss Amended Complaint by Defendants HyreCar Inc., Joseph Furnari and Robert Scott Brogi, Plaintiff contends that the statements alleged

4

in the Complaint were indeed false and misleading and that, as a result, Plaintiff has sufficiently stated a claim pursuant to the Securities Exchange Act of 1934. Accordingly, because Defendants' references in Appendix A relate to matters that are subject to reasonable dispute, the Court should also disregard it for this additional reason. *See, e.g.*, *Fadia v. FireEye, Inc.*, No. 5:14-CV-05204-EJD, 2016 WL 6679806, at *3 (N.D. Cal. Nov. 14, 2016) (refusing to consider a chart submitted in connection with a motion to dismiss because it was subject to reasonable dispute).

Finally, the Court should also deny Defendants' RJN with respect to these matters because all of these materials are irrelevant to a determination of Defendants' Motion. *Yanek v. Staar Surgical Co.*, 388 F. Supp. 2d 1110, 1127 n.11 (C.D. Cal. 2005).

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Defendants' RJN with respect to Exhibit 2 and should disregard the charts that Defendants submitted in connection with their Motion.

DATED:  January 10, 2022

**GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Ex Kano S. Sams II*

Robert V. Prongay
Ex Kano S. Sams II
Raymond D. Sulentic
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: esams@glancylaw.com
Email: rsulentic@glancylaw.com

*Counsel for Lead Plaintiff Turton Inc.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

**<u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.  On January 10, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 10, 2022, at Los Angeles, California.

*s/ Ex Kano S. Sams II*
Ex Kano S. Sams II