LATHAM & WATKINS LLP
  Joshua G. Hamilton, Esq. (199610)
    *Joshua.Hamilton@lw.com*
  Regina Wang, Esq. (326262)
    *Regina.Wang@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: 424.653.5500
Facsimile: 424.653.5501

  Meryn C. N. Grant, Esq. (291315)
    *Meryn.Grant@lw.com*
355 S Grand Ave., Suite 100
Los Angeles, CA 90071
Telephone: 213.485.1234
Facsimile: 213.891.8763

*Attorneys for Defendants HyreCar Inc.,*
*Joseph Furnari and Robert Scott Brogi*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-PA-JC<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT BY DEFENDANTS HYRECAR INC., JOSEPH FURNARI AND ROBERT SCOTT BROGI**<br><br>Hearing Date:   May 9, 2022<br>Time:           1:30 pm<br>Ctrm:           9A<br>Judge:          Hon. Percy Anderson<br><br>[Notice of Motion and Motion to Dismiss, Declaration of Regina Wang and [Proposed] Order filed and served concurrently herewith] |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

## TABLE OF CONTENTS

**Page**

I.   LEGAL STANDARD ................................................................................ 7

II.  ARGUMENT .......................................................................................... 9

    A.   The Court May Consider the Contents of Exhibits 1, 3, 11, 13, 15-16, 19 and 21-27 As Incorporated by Reference .......................... 10

    B.   The Court May Judicially Notice Information from Websites Referenced in the Complaint ............................................................. 13

    C.   HyreCar's Other SEC Filings, Earnings Call Transcripts, and News Releases Are Subject to Judicial Notice .................................. 15

    D.   Stock Prices Are Subject to Judicial Notice ...................................... 18

    E.   Auditing Standards Are Subject to Judicial Notice ........................... 19

III. CONCLUSION ..................................................................................... 19

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

2

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Am. Apparel, Inc. S'holder Litig.*,
855 F. Supp. 2d 1043 (C.D. Cal. 2012)................................................. 1, 10, 11, 12

*Arroyo v. CPLG Properties L.L.C.*,
2021 WL 4260604 (C.D. Cal. June 3, 2021)........................................................ 9

*Daniels-Hall v. National Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ............................................................................ 7

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012) .......................................................................... 5

*Dreiling v. Am. Express Co.*,
458 F.3d 942 (9th Cir. 2006) ........................................................................ 9, 12

*In re Energy Recovery Inc. Sec. Litig.*,
2016 WL 324150 (N.D. Cal. Jan. 27, 2016) ....................................................... 10

*Feola v. Cameron*,
2015 WL 12644566 (C.D. Cal. Nov. 24, 2015) .................................................. 13

*In re Google Location History Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019)............................................................. 7, 8

*In re Hansen Nat. Corp. Sec. Litig.*,
527 F. Supp. 2d 1142 (C.D. Cal. 2007).............................................................. 9

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
189 F.3d 971 (9th Cir. 1999) ................................................................... 9, 10, 11

*In re Homestore.com, Inc. Sec. Litig.*,
347 F. Supp. 2d 814 (C.D. Cal. 2004)............................................................. 11

*In re Impac Mortg. Holdings, Inc. Sec. Litig.*,
554 F. Supp. 2d 1083 (C.D. Cal. 2008)............................................................ 10

*In re Infonet Servs. Corp. Sec. Litig.*,
310 F. Supp. 2d 1106 (C.D. Cal. 2003)............................................................. 2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

3

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ..................................................................... 1, 2, 3, 5

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ............................................................................ 6

*Lammey v. Omni Los Angeles, LLC*,
    2021 WL 3603166 (C.D. Cal. Aug. 13, 2021) ..................................................... 9

*Lee v. City of L.A.*,
    250 F.3d 668 (9th Cir. 2001) .............................................................................. 5

*Lloyd v. CVB Fin. Corp.*,
    2012 WL 12883522 (C.D. Cal. Jan. 12, 2012) ................................................... 12

*Love v. Ashford San Francisco II LP*,
    2021 WL 1428372 (N.D. Cal. Apr. 15, 2021) ..................................................... 9

*M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*,
    2017 WL 5635425 (C.D. Cal. Oct. 30, 2017) ..................................................... 10

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
    540 F.3d 1049 (9th Cir. 2008) ..................................................................... 10, 13

*In re New Century*,
    588 F. Supp. 2d 1206 (C.D. Cal. 2008) ............................................................ 13

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014) ............................................................................ 2

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*,
    2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ..................................................... 2

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) .............................. 3

*Patel v. Parnes*,
    253 F.R.D. 531 (C.D. Cal. 2008) ..................................................................... 12

*In re Pixar Sec. Litig.*,
    450 F. Supp. 2d 1096 (N.D. Cal. 2006) ............................................................ 10

*Riva v. Pepsico, Inc.*,
    82 F. Supp. 3d 1045 (N.D. Cal. 2015) ............................................................... 5

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

*Sanders v. Realreal, Inc.*,
  2021 WL 1222625 (N.D. Cal. Mar. 31, 2021) ........................................................ 11

*In re Skechers U.S.A., Inc. Sec. Litig.*,
  2005 WL 8168047 (C.D. Cal. Mar. 21, 2005), *aff'd*, 273 F. App'x 626 (9th Cir.
  2008) (Anderson, J.) .................................................................................................. 10

*Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*,
  243 F. Supp. 3d 1109 (E.D. Cal. 2017) ..................................................................... 13

*Steinle v. City & Cnty. of San Francisco*,
  919 F.3d 1154 (9th Cir. 2019) ............................................................................... 1, 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ................................................................................................... 1

*In re Toyota Motor Corp.*,
  785 F. Supp. 2d 883 (C.D. Cal. 2011) ....................................................................... 10

*Waterford Twp. Police v. Mattel, Inc.*,
  321 F. Supp. 3d 1133 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*,
  794 F. App'x 669 (9th Cir. 2020) ............................................................................. 10

*In re Wet Seal, Inc. Sec. Litig.*,
  518 F. Supp. 2d 1148 (C.D. Cal. 2007) ....................................................................... 2

*Wietschner v. Monterey Pasta Co.*,
  294 F. Supp. 2d 1102 (N.D. Cal. 2003) ..................................................................... 12

*In re Yahoo Mail Litig.*,
  7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........................................................................... 7

**STATUTES**

15 U.S.C. § 77k(a) ........................................................................................................... 5

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 5

Fed. R. Evid.
  201 ............................................................................................................................ 1, 9
  201(b)............................................................................................................................ 2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

5

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

# OTHER AUTHORITIES

H.R. Rep. No. 104-369 (1995) (Conf. Rep.),
  reprinted in 1995 U.S.C.C.A.N. 730 ...................................................................... 3

HyreCar's Insurance Policy, https://hyrecar.force.com/hc/s/article/Insurance-
  Policy ...................................................................................................................... 7

HyreCar's Protection Plan for Owners
  https://hyrecar.force.com/hc/s/article/ProtectionPlansForOwners ........................ 8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

6

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendants HyreCar Inc. ("HyreCar"), Joseph Furnari, and Robert Scott Brogi (collectively, "Defendants") respectfully request that the Court consider the documents identified in and filed with this Request.  These documents are submitted in support of Defendants' Motion to Dismiss Lead Plaintiff's Second Amended Complaint for Violations of the Federal Securities Laws ("SAC").  The Court previously took judicial notice of Exhibits 1-3, 5-7, 9, 11, 15-20 and 22-27. Order on Mot. to Dismiss (Dkt. 74 "Order") at 3.  Defendants renew that request and request judicial notice of seven additional exhibits (Exhibits 3, 8, 10, 12-14 and 21) that are subject to judicial notice for similar reasons.

## I.   LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also In re Am. Apparel, Inc. S'holder Litig*., 855 F. Supp. 2d 1043, 1060-62 (C.D. Cal. 2012) (considering, on a motion to dismiss, documents referenced and relied upon in plaintiffs' complaint, SEC filings, earnings call transcripts, news reports, and press releases).

Incorporation-by-reference allows courts to treat certain documents as if they are part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1163 (9th Cir. 2019) (citation omitted).  "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

7

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

2018) (citation omitted). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) ("Where a document has been incorporated by reference in a complaint, a court may treat such a document as part of the complaint" and "can consider the entire document, not simply the portion on which plaintiffs rely.") (citations omitted).

In addition, under the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "may consider public filings, including SEC filings," and "may also take judicial notice of other matters of public record such as press releases, analyst reports, news articles, and conference call transcripts." *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) (citations omitted); *Khoja*, 899 F.3d at 999 (citations omitted) (explaining that "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment" and "[a]n investor call transcript submitted to the SEC generally qualifies as a 'source[] whose accuracy cannot reasonably be questioned'"). On a motion to dismiss securities fraud claims, "the court may consider the full text of the relevant documents to determine whether the plaintiffs have alleged material misrepresentations or omissions," without converting the motion to a motion for summary judgment. *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1113 (C.D. Cal. 2003) (citation omitted). Unlike incorporation-by-reference, which accepts the entire document as true, the "court

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

8

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

must also consider—and identify—which fact or facts it is noticing" and determine if those facts are "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999.

The need for judicial notice of undisputed public matters and disclosures is underscored when adjudicating motions to dismiss federal securities claims. The reforms Congress adopted in the Private Securities Litigation Reform Act were prompted by "significant evidence of abuse in private securities lawsuits." H.R. Rep. No. 104-369, at 31 (1995) (Conf. Rep.), reprinted in 1995 U.S.C.C.A.N. 730. Claims brought under the federal securities laws are frequently based on alleged omissions and misrepresentations in publicly available documents. Judicial notice of documents referenced in the complaint and other publicly available matters ensures that a plaintiff bringing a meritless claim cannot overcome a motion to dismiss, and gain the right to engage in extensive discovery, simply by selectively citing portions of the defendant's public statements out of context. *See, e.g.*, *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding plaintiff could not survive motion to dismiss by "omitting references to documents upon which their claims are based"), *superseded by statute on other grounds as stated i*n *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

## II.   ARGUMENT

This Court previously granted Defendants' Request For Judicial Notice in Support of their Motion to Dismiss the First Amended Complaint, with the exception of facts "concerning [Robert Scott] Brogi's work history" and charts that Defendants no longer request judicial notice of. Order at 3; *see also* Defendants' Request for Judicial Notice (Dkt. 67). Specifically, the Court previously took judicial notice of Exhibits 2, 7, 17 and 20[1], and accepted that Exhibits 1, 3, 5-6, 9, 11, 15-16, 18-19

---

[1] These Exhibits were numbered 2, 7, 12 and 15 in Defendants' previous Request for Judicial Notice. Dkt. 67 at 6-8.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
CENTURY CITY

9

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

and 22-27[2] had been incorporated by reference into the First Amended Complaint (or were properly subject to judicial notice).  While Exhibits 5, 6, 9 and 18 are no longer incorporated by reference into the SAC, they remain subject to judicial notice as "HyreCar's SEC filings, press releases, and earnings calls."  Order at 3.  The Court should grant the renewed Request for Judicial Notice for the above-outlined Exhibits.

Further, in addressing the SAC, Defendants have added seven new exhibits:

- Exhibit 4 (HyreCar Website:  Insurance Policy)
- Exhibit 8 (HyreCar's Form 10-Q for the quarterly period ended September 30, 2021)
- Exhibit 10 (HyreCar Press Release dated October 3, 2018)
- Exhibit 12 (HyreCar Website:  Protection Plans for Owners)
- Exhibit 13 (HyreCar's Form 10-K for the fiscal year ended December 31, 2021)
- Exhibit 14 (Auditing Standards of the Public Company Accounting Oversight Board)
- Exhibit 21 (Accounting Standard 450-20-25)

Exhibits 13 and 21 are incorporated by reference into the SAC, or in the alternative are properly subject to judicial notice.  Exhibits 4 and 12 are articles published on HyreCar's website outlining its insurance policy; Exhibits 8 and 10 are a HyreCar SEC filing and a press release, respectively; and Exhibit 14 is an excerpt of auditing standards published by PCAOB—all of which are properly subject to judicial notice.  Defendants request that the Court take judicial notice of these additional Exhibits.

**A.    The Court May Consider the Contents of Exhibits 1, 3, 11, 13, 15-16, 19 and 21-27 As Incorporated by Reference**

---

[2] These Exhibits were previously numbered 3, 4, 5, 1, 8, 10, 9, 11, 13, 14 and 16-21.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-PA-JC
10    REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

**Exhibits 1, 3, 11, 13, 15-16, 19 and 21-27** are referenced extensively in the SAC and form the basis of Plaintiff's claims. "In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may take judicial notice of matters referred to in the complaint, but not attached, where the document's authenticity is not contested and the complaint necessarily relies on them." Order at 3 (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). Specifically, Exhibits 1, 11, 15 and 16 include the statements that Plaintiff alleges are false or misleading and Exhibits 3, 13 and 19 the associated alleged corrective disclosures. Plaintiff relies on statements made during earnings calls, in press releases, and in quarterly and annual reports filed with the SEC in support of its argument that HyreCar misrepresented its insurance expenses and reserves, which allegedly resulted in its financial results in the second quarter of 2021. *See, e.g.*, SAC ¶¶ 130-47. Exhibit 21 includes the accounting standards that Plaintiff relies on to challenge Defendants' financial statements. Specifically, Plaintiff relies on accounting standards in an effort to support its claim that HyreCar's financial statements did not comply with Generally Accepted Accounting Principles ("GAAP"). *See* SAC ¶ 46. Exhibits 22-27 disclose stock sales, which Plaintiff relies upon to support an inference of scienter. *See* SAC ¶¶ 155-59. These Exhibits are thus incorporated by reference and therefore may be considered in their entirety. *See* 15 U.S.C. § 77k(a); *Steinle*, 919 F.3d at 1163 ("Here, the [document] forms the very basis of Plaintiffs' claims, and Plaintiffs referred extensively to it throughout . . .").

Where a claim necessarily depends on the contents of a document, the document is properly incorporated by reference into the complaint. *See Khoja*, 899 F.3d at 1006; *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1049 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.") (quoting *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012)). This doctrine applies to "situations in which the plaintiff's claim depends on the

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
CENTURY CITY

11

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted).

On these grounds, Defendants request that the Court consider the following documents referenced in the SAC:

| Exhibit No. | Description | Citation(s) in the SAC |
|---|---|---|
| **HyreCar's SEC Filings** | | |
| Exhibit 1 | HyreCar's Form 10-K Annual Report for the period ended December 31, 2020, filed with the SEC on March 31, 2021 | ¶¶ 38, 146-47 |
| Exhibit 3 | HyreCar's Form 10-Q Quarterly Report for the period ended June 30, 2021, filed with the SEC on August 8, 2021 | ¶¶ 12, 116-19 |
| Exhibit 11 | HyreCar's Form 10-Q Quarterly Report for the period ended March 31, 2021, filed with the SEC on May 13, 2021 | ¶¶ 9, 45, 54, 73, 103, 140-47 |
| Exhibit 13 | HyreCar's Form 10-K Annual Report for the period ended December 31, 2021, filed with the SEC on March 15, 2022 | ¶¶ 48, 83, 129, 141 |
| Exhibit 22 | Joseph Furnari Form 4/A, dated July 23, 2021 | ¶¶ 14, 113, 155 |
| Exhibit 23 | Michael Furnari Form 4/A, dated July 23, 2021 | ¶¶ 14, 156 |
| Exhibit 24 | Robert Scott Brogi Form 4, dated May 24, 2021 | ¶¶ 114, 157 |
| Exhibit 25 | Grace Mellis Form 4, dated May 26, 2021 | ¶¶ 14, 158 |
| Exhibit 26 | Grace Mellis Form 4, dated June 4, 2021 | ¶¶ 14, 158 |
| Exhibit 27 | Henry Park Form 4, dated May 21, 2021 | ¶¶ 14, 159 |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

| Exhibit No. | Description | Citation(s) in the SAC |
|---|---|---|
| **Quarterly Earnings Call Transcripts** | | |
| Exhibit 16 | Q1 2021 Earnings Call Transcript dated May 13, 2021 | ¶¶ 107, 136, 138, 151 |
| Exhibit 19 | Q2 2021 Earnings Call Transcript dated August 10, 2021 | ¶¶ 120, 122-26 |
| **Press Releases** | | |
| Exhibit 15 | Record First Quarter 2021 Financial Results, Press Release dated May 13, 2021 | ¶¶ 105, 130, 131, 133-34 |
| **Accounting Standards** | | |
| Exhibit 21 | FASB Accounting Standard 450-20 | ¶¶ 46, n. 6-7 |

**B.     The Court May Judicially Notice Information from Websites Referenced in the Complaint**

**Exhibits 4** and **12** are subject to judicial notice as "web pages that Plaintiffs referenced in the Complaint." *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Where the information sought to be noticed "has to do with disclosures regarding [topics] which Plaintiffs have already discussed in their Complaint," the court can properly consider publicly available websites. *See In re Google Location History Litig.*, 428 F. Supp. 3d 185, 190 (N.D. Cal. 2019); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (citations omitted) ("Proper subjects of judicial notice when ruling on a motion to dismiss include . . . publicly accessible websites[.]")

Exhibit 4 is a printout of an article explaining HyreCar's Insurance Policy, accessed at https://hyrecar.force.com/hc/s/article/Insurance-Policy, on April 3, 2022. Plaintiff quotes from this web page—"HyreCar's own website"—in support of its assertion that the turnaround for processing claims under HyreCar's policy

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

13

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

should be expeditious.  SAC ¶ 53.  Plaintiff also alleges that HyreCar offered insurance to both the driver and the vehicle owner.  SAC ¶¶ 35, 40.  The Court can therefore properly consider the 24-hour window for reporting claims that Plaintiff directly quotes, as well as the scope of insurance coverage HyreCar provided to both the renter and owner of the car.  *See In re Google*, 428 F. Supp. 3d at 190 (explaining court could consider web site disclosures on topics "Plaintiffs have already discussed in their Complaint").

Exhibit 12 is a printout of an article regarding HyreCar's Protection Plan for Owners, accessed at https://hyrecar.force.com/hc/s/article/ProtectionPlansForOwners, on April 3, 2022. This web page includes "an overview of the terms of HyreCar's program . . . that reflect varying deductibles of $500, [$1000,] $2500, and $3000," similar to a chart that appears to have been reproduced from an earlier version of this website in the SAC.  *See* SAC ¶ 44.  Although the precise deductibles have changed slightly since the figures "in or around 2020" (which are reproduced in the SAC[3]), this January 6, 2022 update still shows the "terms of HyreCar's program [at] varying deductibles." *Id.*  Further, throughout the SAC, Plaintiff makes various allegations regarding the scope of HyreCar's coverage for liability, physical damage and incidental costs, as well as the terms of its insurance policy (without expressly referencing HyreCar's website).  *E.g.*, *id.* ¶¶ 36, 40, 42, 44, 49-51, 52, 55-56, 61, 88, 140-41.  Indeed, the coverage provided by HyreCar's Insurance Policy is central to Plaintiff's theory that HyreCar "delayed payments on insurance claims" and failed to adequately reserve for those claims.  *Id.* ¶¶ 6-11.  There can be no reasonable dispute as to the general limits of HyreCar's policy reflected in Exhibit 12, which Plaintiff recognizes (*see, e.g.*, SAC ¶¶ 39, 91, n. 8), and Defendants rely on the terms set forth in the policy to illustrate the fact that those limits existed (which Plaintiff's

---

[3] Defendants do not request judicial notice of the changed amounts

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

14

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

theory of fraud ignores).  The Court thus may judicially notice Exhibit 12's general explanation of the items covered by HyreCar's insurance policies and items that are excluded from coverage, as well as the fact that there is a process for determining the scope and amount of coverage because those matters are "referenced in the complaint and central to [Plaintiff's] claims."  *Arroyo v. CPLG Properties L.L.C.*, 2021 WL 4260604, at *1 (C.D. Cal. June 3, 2021); *see also Love v. Ashford San Francisco II LP*, 2021 WL 1428372, at *3 (N.D. Cal. Apr. 15, 2021) (granting judicial notice of other parts of defendant's website, which plaintiff referenced in the complaint).

Even if the insurance coverage HyreCar provided was not central to Plaintiff's claims, the Court could still consider this additional information from websites whose other contents are referenced in Plaintiff's SAC.  *See* SAC ¶ 44, 53; *Lammey v. Omni Los Angeles, LLC*, 2021 WL 3603166, at *2 (C.D. Cal. Aug. 13, 2021) ("Exhibit 2 . . . is not at issue in [the] FAC. Nevertheless, the relevant Accessible Room Description is available on the *same* third-party website referenced in the FAC, and the Court *sua sponte* judicially notices that information.").

### C.    HyreCar's Other SEC Filings, Earnings Call Transcripts, and News Releases Are Subject to Judicial Notice

HyreCar's other SEC filings, earnings call transcripts, and news releases, **Exhibits 2, 5-10 and 17-18** are subject to judicial notice under Federal Rule of Evidence 201.

First, "[c]ourts routinely find SEC filings, as well as press releases, earnings calls, and other information made available to the market to be matters of public record, regardless of whether it was referenced in the complaint."  Order at 3 (citing *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 (C.D. Cal. 2007);

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

15

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

*see, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice on motion to dismiss); *M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*, 2017 WL 5635425, at *3 (C.D. Cal. Oct. 30, 2017) (Anderson, J.) (same); *In re Skechers U.S.A., Inc. Sec. Litig.*, 2005 WL 8168047, at *2 n. 2 (C.D. Cal. Mar. 21, 2005), *aff'd*, 273 F. App'x 626 (9th Cir. 2008) (Anderson, J.) (same); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) (same); *In re Am. Apparel*, 855 F. Supp. 2d at 1060–62 n.143 (same); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 901-02 (C.D. Cal. 2011) (same); *In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008) (same).  Because SEC filings are publicly available, the Court can take judicial notice that the information was disclosed to the market.  *See Heliotrope*, 189 F.3d at 981 n.18.  Accordingly, the Court may take judicial notice of the following disclosures:

- **Exhibit 2**: HyreCar's Form 14A Definitive Proxy Statement, filed with the SEC on April 30, 2021, disclosed the work history and compensation of Defendants Furnari and Brogi;

- **Exhibit 6**: HyreCar's 2019 10-K disclosed when insurance claims would be denied and the opinion of its independent auditor;

- **Exhibit 8**: HyreCar's Q3 2021 10-Q disclosed HyreCar's use of an escrow account to facilitate the timely payment of claims.

Second, courts may also take judicial notice of related investor conference call transcripts for the purpose of the fact of the disclosures made to investors.  *See In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) ("[T]ranscripts of investor conference calls and SEC filings . . . are the types of documents of which this Court properly [may] take judicial notice.") (citation omitted); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
CENTURY CITY

16

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

noticeable because they are matters of public record.").  Accordingly, the Court may take judicial notice that the following disclosure was made to the market:

- **Exhibit 9**:  HyreCar's Q4 2020 earnings call transcript announced that HyreCar had begun a selection process for a new third party adjuster to deal with both physical damage and liability claims efficiently, and disclosed an increase in both rental days and cost of revenue.

Third, courts may properly take judicial notice of press releases to show "that the market was aware of the information contained in news articles."  *See In re Am. Apparel*, 855 F. Supp. 2d at 1062 (quoting *Heliotrope*, 189 F.3d at 981); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) (citation omitted) ("[T]he Court may take judicial notice of press releases."); *Sanders v. Realreal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021) (taking judicial notice of press release issued by the defendant company to identify what statements were available to the market).  Exhibits 7, 10, 17 and 18 are published press releases available in the News Releases section of HyreCar's website, and Exhibit 5 is a presentation available in the Presentations section of HyreCar's website.  Accordingly, the Court may take judicial notice that the following disclosures were made to the market:

- **Exhibit 5**:   HyreCar's June 2021 investor presentation, disclosed HyreCar's expansion into different services like Instacart and Postmates;

- **Exhibit 7**:   HyreCar Selects Aon as Its Risk Management Partner, disclosed that HyreCar would use a new insurance broker to replace ABI as HyreCar expanded its carsharing services;

- **Exhibit 10**:  HyreCar Establishes Joint Venture With Industry Veterans Dave Haley and Peter Foley To Launch New InsurTech Solutions For The Ridesharing Industry, announced a joint venture with David Haley and Peter Foley to create an insurance captive.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

17

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

- **Exhibit 17**: HyreCar Renews Insurance Program with Lloyd's Apollo Insurance Syndicate until 2023, announced that HyreCar renewed its liability insurance with Apollo and completed integration with Sedgwick;

- **Exhibit 18**: HyreCar Announces Record Second Quarter 2021 Financial Results, reported record revenues and increased operating expenses.

Further, to the extent the Court determines that Exhibits 1, 3, 11, 13, 15-16 and 19 are not incorporated by reference, Defendants request judicial notice of the disclosures contained in these SEC filings, earnings call transcripts, and press releases. *See*, *e.g.*, *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (citation omitted) ("We . . . may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings."); *see also In re Am. Apparel*, 855 F. Supp. 2d at 1060-62 (considering SEC filings, earnings call transcripts, news reports, and press releases). Similarly, if the Court determines Exhibits 22-27 are not incorporated by reference, Defendants request that the Court take judicial notice of these SEC Forms 4. Such notice is proper, especially when stock sales are referenced in the complaint. *See Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (taking judicial notice of the content of SEC Forms 4 and the fact that they were filed with the SEC); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice of Forms 4 "in that they are clearly, if indirectly, referenced in the Complaint as integral to the stock sale allegations made in the Complaint").

### D.    Stock Prices Are Subject to Judicial Notice

**Exhibit 20** is a compilation of historic HyreCar stock prices obtained from Yahoo! Finance. "A district court ruling on a motion to dismiss may judicially notice the price of publicly traded stocks on particular dates." *See Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (citations

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

18

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

omitted) (collecting cases); *see also Metzler*, 540 F.3d at 1064 n.7.  The Court thus may judicially notice the stock price for HyreCar, a publicly-traded company, between January 4, 2021 and September 30, 2021.

### E.   Auditing Standards Are Subject to Judicial Notice

The Court may also properly take judicial notice of **Exhibit 14**, an excerpt of the official Auditing Standards of the Public Company Accounting Oversight Board. *See Feola v. Cameron*, 2015 WL 12644566, at *5 (C.D. Cal. Nov. 24, 2015) (official accounting standards subject to judicial notice); *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, 243 F. Supp. 3d 1109, 1116 & n.5 (E.D. Cal. 2017) (taking judicial notice of PCAOB Auditing Standards); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) (taking judicial notice of financial accounting standards).  If the Court determines that Exhibit 21 was not incorporated by reference, Defendants request judicial notice of this official accounting standard.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 27, attached hereto, in connection with the Court's consideration of the Motion to dismiss.

Dated:  April 4, 2022

Respectfully submitted,

LATHAM & WATKINS LLP
Joshua G. Hamilton

By*:   /s/ Joshua G. Hamilton*
Joshua G. Hamilton

*Attorneys for Defendants HyreCar Inc., Joseph Furnari and Robert Scott Brogi*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

19

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

**INDEX OF EXHIBITS**

| Exhibit Number | Description |
|---|---|
| Ex. 1 | HyreCar's Form 10-K Annual Report for the period ended December 31, 2020, filed with the SEC on March 31, 2021 |
| Ex. 2 | HyreCar's Form 14A Definitive Proxy Statement, filed with the SEC on April 30, 2021 |
| Ex. 3 | HyreCar's Form 10-Q Quarterly Report for the period ended June 30, 2021, filed with the SEC on August 10, 2021 |
| Ex. 4 | HyreCar Policy, Insurance |
| Ex. 5 | HyreCar June 2021 Investor Presentation |
| Ex. 6 | HyreCar's Form 10-K Annual Report for the period ended December 31, 2019, filed with the SEC on April 14, 2020 |
| Ex. 7 | HyreCar Selects Aon as Its Risk Management Partner, Press Release dated Dec. 7, 2020 |
| Ex. 8 | HyreCar's Form 10-Q Quarterly Report for the period ended September 30, 2021, filed with the SEC on Nov. 9, 2021 |
| Ex. 9 | Q4 2020 Earnings Call Transcript dated March 30, 2021 |
| Ex. 10 | HyreCar Establishes Joint Venture With Industry Veterans Dave Haley and Peter Foley To Launch New InsurTech Solutions For The Ridesharing Industry, Press Release dated October 3, 2018 |
| Ex. 11 | HyreCar's Form 10-Q Quarterly Report for the period ended March 31, 2021, filed with the SEC on May 13, 2021 |
| Ex. 12 | HyreCar Policy, Protection Plans For Owners |
| Ex. 13 | HyreCar's Form 10-K Annual Report for the period ended December 31, 2021, filed with the SEC on March 15, 2022 |
| Ex. 14 | Excerpt of Auditing Standards of Public Company Accounting Oversight Board |
| Ex. 15 | Record First Quarter 2021 Financial Results, Press Release dated May 13, 2021 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

20

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT

| Ex. 16 | Q1 2021 Earnings Call Transcript dated May 13, 2021 |
|--------|-----------------------------------------------------|
| Ex. 17 | HyreCar Renews Insurance Program with Lloyd's Apollo Insurance Syndicate until 2023, Press Release dated May 20, 2021 |
| Ex. 18 | HyreCar Announces Record Second Quarter 2021 Financial Results, Press Release dated August 10, 2021 |
| Ex. 19 | Q2 2021 Earnings Call Transcript dated August 10, 2021 |
| Ex. 20 | Historic stock data for HyreCar Inc. (HYRE) for the period from March 13, 2021 to October 10, 2021 |
| Ex. 21 | FASB Accounting Standard 450-20-25 |
| Ex. 22 | Joseph Furnari Form 4/A, dated July 23, 2021 |
| Ex. 23 | Michael Furnari Form 4/A, dated July 23, 2021 |
| Ex. 24 | Robert Scott Brogi Form 4, dated May 24, 2021 |
| Ex. 25 | Grace Mellis Form 4, dated May 26, 2021 |
| Ex. 26 | Grace Mellis Form 4, dated June 4, 2021 |
| Ex. 27 | Henry Park Form 4, dated May 21, 2021 |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
CENTURY CITY

21

CASE NO. 2:21-cv-06918-PA-JC
REQUEST FOR JUDICIAL NOTICE ISO
MTD SECOND AMENDED COMPLAINT