UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | CASE NO. 2:21-cv-06918-PA-JC<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>Judge: Honorable Percy Anderson<br><br>Hearing Date: May 9, 2022<br>Time:      1:30 p.m.<br>Ctrm:      9A<br>Judge:     Hon. Percy Anderson |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-PA-JC
[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS SAC

On February 16, 2022, this Court granted Defendants' Motion to Dismiss Lead Plaintiff Turton, Inc.'s First Amended Complaint with leave to amend, and Plaintiff filed its Second Amended Complaint on March 21, 2022.  On April 4, 2022, Defendants HyreCar, Inc., Joseph Furnari and Robert Scott Brogi moved this Court to dismiss Lead Plaintiff's Second Amended Complaint for Violations of the Federal Securities Laws.

Like Plaintiff's First Amended Complaint, Plaintiff's Second Amended Complaint again fails to plead any materially false or misleading statement with the specificity required under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA").  For a statement to be false or misleading, it must "directly contradict what the defendant knew at the time" or "omit[] material information."  *Weston Fam. P'ship LLLP v. Twitter, Inc*., 2022 WL 853252, at *5 (9th Cir. March 23, 2022).  Plaintiff has again based its claim that HyreCar's reported reserves and expenses were understated (and earnings were overstated) on a theory that HyreCar—through its third-party adjuster for physical damage claims, Genoteq—was slow to pay claims.  But as this Court previously found, "the speed with which claims were paid is not the same as setting reserves for submitted claims and anticipating the number and value of future claims."  Dkt. 74 at 7.  Nothing in the Second Amended Complaint "adequately links these two concepts."  *Id.*  While Plaintiff has added allegations purporting to quantify the understatement of reserves, those allegations are based purely on hindsight—*i.e.* HyreCar's later increase in reserves and expenses—and are therefore insufficient to establish that any financial figures were false when made in the first quarter of 2021.  Plaintiff has not adequately pled that the reserve estimates were false when made, as Plaintiff again fails to allege any specific facts regarding whether or not estimates for liability on pending claims were included in reserves.  Further, even if such facts had been alleged, HyreCar's insurance reserve estimates are statements of opinion and Plaintiff has not pled, as it must, that the estimates were subjectively

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-PA-JC
[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS SAC

false. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.,* 856 F. 3d 605, 615 (9th Cir. 2017); *Woolgar v. Kingstone Companies, Inc.,* 477 F. Supp. 3d 193, 222 (S.D.N.Y. 2020).

Similarly, Plaintiff has not pled that any of the remaining challenged statements were false or misleading. Because Plaintiff has not pled that reserves were understated in the first quarter of 2021, it also has not pled that statements that HyreCar's financial statements were prepared in accordance with GAAP were false. HyreCar's statements regarding how its insurance reserves were set are not actionable because they do not "affirmatively create an impression . . . that differs in a material way from the one that actually exists." *See Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). Further, HyreCar's statements regarding anticipated results are inactionable forward-looking statements, and Plaintiff does not adequately claim that any embedded facts were false.

For these reasons, and in light of the risk disclosures accompanying the statements on which the Second Amended Complaint bases its claims, as well as for most of the reasons explained in Defendants' Motion to Dismiss, none of the Second Amended Complaint's theories concerning allegedly material misrepresentations or omissions alleges sufficiently well-pleaded facts to satisfy the PSLRA's pleading standard. *See* Dkt. 76.

Plaintiff's allegations also fail, both individually and collectively, to satisfy Plaintiff's burden to plead that each, or any, Defendant acted with a strong inference of scienter. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (quoting 15 U.S.C. § 78u-4(b)(2)). For the reasons set forth in Defendants' Motion to Dismiss, Plaintiff's Second Amended Complaint cannot survive a motion to dismiss because any malicious inference is not at least as compelling any opposing innocent inference. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009). Any inference of scienter is undermined by the fact that an independent auditor certified that it reviewed

3

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-PA-JC
[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS SAC

HyreCar's financial statements, including a specific review of its reserve estimates, and opined that "the consolidated financial statements present fairly, in all material respects, the financial position of the Company" for fiscal years ended 2019, 2020 and 2021. *See In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1158 (C.D. Cal. 2007) (dismissing claims); *see also Feola v. Cameron*, 2015 WL 12644566, at *8 (C.D. Cal. Nov. 24, 2015) (holding "independent auditors['] unqualified opinions . . . weighs against an inference of scienter"). Plaintiff has also not adequately alleged that Defendants Furnari or Brogi knew specific, contemporaneous facts that suggest the statements made were knowingly or recklessly false. Plaintiff's remaining allegations about the Sedgwick escrow account, executive stock sales, and Brogi's retirement at age 56, similarly do not support a strong inference of scienter. For the reasons set forth in Defendants' Motion to Dismiss, the Court finds that Plaintiff has failed to plead that any Defendant acted with the requisite state of mind to satisfy the heightened pleading requirement for scienter. *See Zucco*, 552 F.3d at 991.

Finally, to state a claim under Section 20(a) of the Exchange Act, a plaintiff must allege a primary violation of federal securities law. *See id.* at 1008. Because Plaintiff has failed to state a primary violation of the securities law, the Second Amended Complaint's Section 20(a) claim also fails.

The Court, having considered the Motion, the parties' memoranda and supporting papers, the arguments of counsel, the records in the above-captioned case, judicially noticed matters, and all other argument submitted, HEREBY ORDERS that Defendants' Motion to Dismiss is GRANTED, with prejudice.

**IT IS SO ORDERED.**

Dated:_____, 2022

_____
HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-PA-JC
[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS SAC