Robert V. Prongay (SBN 270796)
Ex Kano S. Sams II (SBN 192936)
Raymond D. Sulentic (SBN 316913)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: esams@glancylaw.com
Email: rsulentic@glancylaw.com

*Counsel for Lead Plaintiff Turton Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-PA-JC<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE ISO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hearing Date: May 9, 2022<br>Time:      1:30 p.m.<br>Ctrm:     9A<br>Judge:    Hon. Percy Anderson |

In support of its Opposition ("Opposition") to Defendants'[1] Motion to Dismiss Second Amended Complaint ("Mot." or "Motion"), Lead Plaintiff hereby requests judicial notice of one document attached to the Declaration of Raymond D. Sulentic ("Sulentic Decl.").

## I. INTRODUCTION

Throughout Defendants' Motion, they argue that HyreCar received an unqualified auditor opinion from HyreCar's auditor, DBB McKennon. *See* Mot. at 2, 7, 8, 13, 19, and 20. Defendants also seek judicial notice of an excerpt of the Auditing Standards of the Public Company Accounting Oversight Board ("PCAOB"), for fiscal years ending on or after December 15, 2020. *See* Declaration of Regina Wang (ECF No. 76-2) ¶15, Ex. 14; Mot. at 7; Defendants' Request for Judicial Notice And Incorporation By Reference ISO Motion To Dismiss Second Amended Complaint By Defendants HyreCar Inc., Joseph Furnari, and Robert Scott Brogi. ("Defs.' RJN") (ECF No. 76-1), at 11, and 19.

Plaintiff's Exhibit A is the latest publicly available PCAOB Inspection Report of HyreCar's auditor, DBB McKennon. *See* Sulentic Decl. ¶2. The aim of Exhibit A is to provide further context to the auditing standards that Defendants themselves proffer. *See* Mot. at 2, 7, 8, 13, 19, and 20. Defendants proffered the PCAOB accounting standards to argue that DBB McKennon, HyreCar's auditor, had to follow certain PCAOB auditing standards, which gives the impression that DBB McKennon actually followed those standards. Plaintiff's Exhibit A provides more context and background around whether DBB McKennon actually adhered to the PCAOB guidance that Defendants' Exhibit 14 implies that it did.

---

[1] Defendants are HyreCar, Inc. ("HyreCar" or the "Company"), Chief Executive Officer ("CEO") Joseph Furnari ("Furnari"), and Chief Financial Officer ("CFO") Robert Scott Brogi ("Brogi"). Defendants Furnari and Brogi are the "Individual Defendants." Unless otherwise stated, all emphasis is added and all internal citations and quotations are omitted.

1

Plaintiff's Request for Judicial Notice                    Case No. 2:21-cv-06918-PA-JC

## II.   ARGUMENT

### A.   Defendants Argue Auditing Standards Are Subject to Judicial Notice

Defendants themselves argue Auditing Standards are subject to judicial notice. *See* Defs.' RJN at 19 (citing *Feola v. Cameron*, 2015 WL 12644566, at *5 (C.D. Cal. Nov. 24, 2015) (official accounting standards subject to judicial notice); *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, 243 F. Supp. 3d 1109, 1116 & n.5 (E.D. Cal. 2017) (taking judicial notice of PCAOB Auditing Standards); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) (taking judicial notice of financial accounting standards).

Thus, to the extent that the Court grants judicial notice of Defendants' Exhibit 14, it should also grant judicial notice of Plaintiff's Exhibit A for substantially similar reasons because Exhibit A contextualizes the very auditing standards that Defendants themselves proffer.

### B.   Alternatively, If The Court Finds Plaintiff's Exhibit A Not Subject To Judicial Notice, It Should Enter Exhibit A Into The Record As Rebuttal Evidence Because Defendants Put The PCAOB Auditing Standards At Issue

Throughout their Motion, Defendants attempt to invoke a reliance on auditor defense (Mot. at 13)—for financial statements that were ***unaudited***. *E.g.*, Mot. at 13. Plaintiff addresses the substantive issues that Defendants' illogical argument raises in its Opposition, but to the extent that the Court gives any weight to Defendants' auditor reliance, the Court should be fully informed about the full extent to which HyreCar's auditor was cited for audit-related deficiencies by the very PCAOB standards board upon which Defendants rely. In other words, Defendants opened the door to this issue, which warrants consideration of Plaintiff's Exhibit A. *Cf. Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for

2

---

even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."). "[U]nless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts." *Id.* at 1003. "Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims." *Id.*

Plaintiff's Exhibit A corrects a potential misimpression given by Defendants' new version of the facts as portrayed in Exhibit 14. Thus, should the Court consider Defendants' Exhibit 14, then "[D]efendant's partial, misleading use of otherwise-inadmissible evidence can open the door to rebuttal." *United States v. Tirado*, 290 F. App'x 28, 31 (9th Cir. 2008).

Here, HyreCar proffered PCAOB accounting standards to argue that DBB McKennon, HyreCar's auditor, was required to:

> [I]mplement procedures to address risks of material misstatement, including (1) testing the company's process used to develop the insurance reserve, (2) developing its own "independent estimate" (3) evaluating audit evidence from events or transactions after the measurement date related to the accounting estimate, or a combination of these three approaches. Among other things, the auditing standards direct auditors to evaluate the methods used by the company in the reserve estimate; the accuracy, completeness, relevance, and reliability of data used in the reserve estimate; and the reasonableness of significant assumptions.

Motion at 8 (citing Defendants' Ex. 14) (internal citations omitted).

Defendants' proffer gives the misleading impression that HyreCar's auditor actually followed the pertinent PCAOB standards that Defendants cite, and Plaintiff's Exhibit A offers rebuttal evidence that the very governing body—whose standards Defendants rely upon—censured DBB McKennon for various audit-related "deficiencies", including a deficiency related to following various procedures. *See* Opposition at 12, n.13. Thus, should the Court find that Plaintiff's

3

| Plaintiff's Request for Judicial Notice | Case No. 2:21-cv-06918-PA-JC |

Exhibit A is not subject to judicial notice at the pleading stage, it should alternatively permit Exhibit A as rebuttal evidence to Defendants' Exhibit 14—because Defendants opened the door to this issue and Plaintiff is entitled to respond. "The 'opening the door' principle allows parties 'to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission." *Tirado*, 290 F. App'x  at 31; *see also United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986) ("Rule 106 can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that that proffered evidence should be considered contemporaneously").

## III.    CONCLUSION

For the above reasons, the Court should take judicial notice of Plaintiff's Exhibit A attached to the Declaration of Raymond D. Sulentic.

DATED:  April 18, 2022          **GLANCY PRONGAY & MURRAY LLP**

By: /s/ *Ex Kano S. Sams II*
Robert V. Prongay
Ex Kano S. Sams II
Raymond D. Sulentic
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Lead Plaintiff Turton Inc*

4

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On April 18, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 18, 2022, at Los Angeles, California.

*s/ Ex Kano S. Sams II*
Ex Kano S. Sams II