LATHAM & WATKINS LLP
  Joshua G. Hamilton, Esq. (199610)
    *Joshua.Hamilton@lw.com*
  Regina Wang, Esq. (326262)
    *Regina.Wang@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: 213.653.5500
Facsimile: 424.653.5501

  Meryn C. N. Grant, Esq. (291315)
    *Meryn.Grant@lw.com*
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Telephone: 213.485.1234
Facsimile: 213.891.8763

*Attorneys for Defendants HyreCar Inc.,*
*Joseph Furnari and Robert Scott Brogi*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI, <br><br> Defendants. | Case No. 2:21-cv-06918-FWS-JC <br><br> **DEFENDANTS HYRECAR INC., JOSEPH FURNARI AND ROBERT SCOTT BROGI'S REQUEST FOR JUDICIAL NOTICE ISO REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT AND OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** <br><br> Hearing Date: May 9, 2022 <br> Time: 1:30 p.m. <br> Ctrm: 10D <br> Judge: Hon. Fred W. Slaughter <br><br> [Reply in Support of Motion to Dismiss and supporting Declaration filed concurrently herewith] |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-FWS-JC
DEFENDANTS' RJN ISO REPLY ISO MTD
AND OPPOSITION TO PLAINTIFF'S RJN

## I.    INTRODUCTION

Defendants HyreCar Inc. ("HyreCar"), Joseph Furnari, and Robert Scott Brogi (collectively, "Defendants") submit this Request for Judicial Notice and Opposition to Plaintiff's Request for Judicial Notice.  *First*, pursuant to Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendants respectfully request that the Court consider the document identified in and filed with this Request.  This document is submitted in support of Defendants' Reply in support of the Motion to Dismiss Lead Plaintiff's Second Amended Complaint for Violations of the Federal Securities Laws ("SAC") ("Reply iso MTD").

*Second*, Defendants oppose Plaintiff's Request for Judicial Notice, Dkt. 79 ("Plaintiff's RJN") submitted in support of its Opposition.  Recognizing that the SAC is void of facts to refute HyreCar's clean audit reports, Plaintiff asks this Court to take judicial notice of an irrelevant inspection report by the Public Company Accounting Oversight Board ("PCAOB") of two 2017 audits prepared by Plaintiff's auditor that have nothing to do with HyreCar or this case.  There is no legal basis to admit this purported evidence, and the request should be denied.

*Third*, Defendants respond to Plaintiff's position advanced in a footnote that the Court should disregard the exhibits Defendants submitted with their Request for Judicial Notice in support of the Motion to Dismiss, Dkt. 76-1 ("RJN iso MTD").  *See* Opposition to Defendants' Motion to Dismiss the Second Amended Complaint, Dkt. 77 ("Opp.") at 9 & n.9.  Plaintiff makes no actual objection to these exhibits, which consist primarily of HyreCar's complete filings with the Securities and Exchange Commission and other materials that purportedly form the basis of Plaintiff's allegations in the SAC.  The Court already took judicial notice of a vast majority of the same exhibits in granting Defendants' motion to dismiss the First Amended Complaint, and the new exhibits can be considered for similar reasons.  Order on Mot. to Dismiss, Dkt. 74 ("Order") at 3.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-FWS-JC
DEFENDANTS' RJN ISO REPLY ISO MTD
AND OPPOSITION TO PLAINTIFF'S RJN

## II.   LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  This is particularly appropriate in a securities class action, where "[c]ourts routinely find SEC filings, as well as press releases, earnings calls, and other information made available to the markets to be matters of public record, regardless of whether it was referenced in the complaint."  Order at 3 (citing cases); *see also In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060–62 (C.D. Cal. 2012) (considering, on a motion to dismiss, documents referenced and relied upon in plaintiffs' complaint, SEC filings, earnings call transcripts, news reports, and press releases).

Incorporation-by-reference allows courts to treat certain documents as if they are part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1163 (9th Cir. 2019) (citation omitted).  "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) ("Where a document has been incorporated by reference in a complaint, a court may treat such a document as part

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-FWS-JC
DEFENDANTS' RJN ISO REPLY ISO MTD
AND OPPOSITION TO PLAINTIFF'S RJN

of the complaint" and "can consider the entire document, not simply the portion on which plaintiffs rely.") (citations omitted).

## III.    ARGUMENT

### A.    The Court May Consider the Contents of Exhibit 28 As Incorporated by Reference or Subject to Judicial Notice

This Court previously granted Defendants' Request For Judicial Notice in support of their Motion to Dismiss the First Amended Complaint, with the exception of certain information.  Order at 3; *see also* RJN iso MTD.[1]  Exhibit 28 should be considered for similar reasons.

Exhibit 28 is incorporated by reference into the SAC, or in the alternative is properly subject to judicial notice.  *See* SAC ¶ 53 (citing to "HyreCar's own website" to claim the turnaround for claims handling should be expeditious).  "In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may take judicial notice of matters referred to in the complaint, but not attached, where the document's authenticity is not contested and the complaint necessarily relies on them."  Order at 3 (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).  The Court may properly consider Exhibit 28 because "Plaintiff[] directly quoted the material posted on these web pages, thereby incorporating them into the Complaint."  *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Garcia v. Best W. Norwalk Inn, LLC*, 2021 WL 4260406, at *2 (C.D. Cal. June 14, 2021) (considering "publicly accessible web pages, [that] are cited and relied on in [Plaintiff]'s complaint").  In addition to being incorporated by reference, the information in Exhibit 28 is subject to judicial notice.  Where the information sought to be noticed "has to do with disclosures regarding [topics] which Plaintiffs have already discussed in their Complaint," the court can properly

---

[1] Defendants no longer request judicial notice of the facts concerning Brogi's work history or the charts prepared by Defendants' counsel that the Court declined to judicially notice.  *See* Order at 3.

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

consider publicly available websites. *See In re Google Location History Litig.*, 428 F. Supp. 3d 185, 190 (N.D. Cal. 2019); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) ("Proper subjects of judicial notice when ruling on a motion to dismiss include . . . publicly accessible websites[.]") (citations omitted).

Exhibit 28 is a printout of an article explaining HyreCar's Damage Claim Policy, accessed at https://hyrecar.force.com/hc/s/article/115005705127, on April 22, 2022. Plaintiff quotes from this web page—"HyreCar's own website"—in support of its assertion that the turnaround for processing claims under HyreCar's policy should be expeditious. SAC ¶ 53. In opposition to Defendants' Motion to Dismiss, Plaintiff claims that Defendants informed investors that claims processing times was between 2 to 8 weeks. Opp. at 4, 10 n.11. The Court can and should properly consider the context in which that statement was made—*i.e.,* after HyreCar switched to Sedgwick, a larger and more prominent claims adjuster, as its insurance adjuster. That is, the date of this statement contradicts Plaintiff's theory that HyreCar suggested Genoteq's claims processing time was 2 to 8 weeks. The Court can therefore properly consider that this website was dated January 4, 2022. *See In re Google*, 428 F. Supp. 3d at 190 (explaining court could consider web site disclosures on topics "Plaintiffs have already discussed in their Complaint").

**B.      The Court Should Deny Plaintiff's Request for Judicial Notice**

Plaintiff's RJN is improper because Plaintiff seeks judicial notice of an irrelevant document that was not referenced in, or otherwise reflect allegations in the SAC.

*First*, the Court should deny Plaintiff's RJN because Exhibit A (the "Report") is irrelevant. The Ninth Circuit has held that "judicial notice is inappropriate where the facts to be noticed are irrelevant." *Meador v. Pleasant Valley State Prison*, 312 F. App'x 954, 956 (9th Cir. 2009). The Report is a 2019 inspection report of two 2017 audits by DBB McKennon—neither of which have any bearing on the prior audits DBB McKennon performed at HyreCar, and

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-FWS-JC
DEFENDANTS' RJN ISO REPLY ISO MTD
AND OPPOSITION TO PLAINTIFF'S RJN

certainly not the audits for 2020 or 2021.  Plaintiff makes no attempt to show that the inspection report was somehow related to HyreCar's audits—either by the same personnel or concerning policies generally at DBB McKennon.  Because "there is no showing explaining why the events in [2017] are relevant to this action," the court should decline to take judicial notice of this inspection report. *See Triple T. Dairy Commodities, Inc. v. ACF Organics LLC*, 2022 WL 428955, at *2 (E.D. Cal. Feb. 11, 2022) (declining to take judicial notice of 2016 inspection report where plaintiff failed to show why the 2016 events were relevant to the action).

*Second*, the Report is not a proper subject of judicial notice, and Plaintiff provides no reason why this inspection report should be noticed.  "Plaintiff cannot use a request for judicial notice of the fact that publications have published material as a backdoor avenue for introducing evidence of the facts themselves." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1088 (N.D. Cal. 2017); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (citations omitted); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (declining to consider documents subject to judicial notice for the truth of the matters asserted therein). After realizing that the SAC provided no support for its attack on HyreCar's auditor, Plaintiff now offers the Report for the truth of the disputed allegations they contain, not merely for the fact that they exist.  *See* Opp. at 12 n.13 (citing the "deficiencies" identified in the Report in support of the allegation that DBB McKennon may not have conducted its audits in accordance with PCAOB standards).  The allegations in the Report are not "facts" subject to judicial notice.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-FWS-JC
DEFENDANTS' RJN ISO REPLY ISO MTD
AND OPPOSITION TO PLAINTIFF'S RJN

Each of the cases cited by Plaintiff are inapposite here.[2]  Plaintiff's RJN at 2. While auditing standards are subject to judicial notice, the Report is not an auditing standard—it is an inspection report of DBB McKennon, HyreCar's independent auditor, for other audits performed prior to the alleged Class Period.  *See generally* Ex. A.  Plaintiff provides no support for why the Court should take judicial notice of this report.

*Third*, the Report should not be considered because it was neither referenced nor relied upon in Plaintiff's complaints.  Courts refuse to allow plaintiffs to overcome a motion to dismiss by constructively amending their complaint via judicial notice of documents that are neither referenced in nor relied upon by the complaint.  *See Shurkin v. Golden State Vintners, Inc.*, 2005 WL 1926620, at *6–7 (N.D. Cal. Aug. 10, 2005) (refusing to take judicial notice of documents submitted in opposition to a motion to dismiss, where the documents were "neither referenced nor relied upon in Plaintiff's Complaint") (citing *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1997)); *Orlander v. Schwartz*, 1996 WL 521429, at *5 (S.D.N.Y. Sept. 12, 1996) ("Plaintiffs have attached [a] complaint [in a separate action] to an affidavit submitted in response to defendant's motions [to dismiss], but they may not amend their amended complaint in that manner.").  Plaintiff's claims must be assessed according to the allegations pled in the SAC, without amendment based on additional documents.

*Fourth*, Plaintiff's argument that the Defendant opened the door to the issue of the qualifications of DBB McKennon by citing to its SEC filings reeks of desperation and is without merit.  Defendants merely pointed out that Plaintiff had alleged no facts that made its theory of fraud plausible or supported its suggestion

[2] *See Feola v. Cameron*, 2015 WL 12644566, at *5 (C.D. Cal. Nov. 24, 2015) (official accounting standards subject to judicial notice); *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, 243 F. Supp. 3d 1109, 1116 & n.5 (E.D. Cal. 2017) (taking judicial notice of PCAOB Auditing Standards); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) (taking judicial notice of financial accounting standards).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

that any scheme was hidden from auditors.  Exhibit A does not bear on that question.  Plaintiff identifies no reason why the DBB McKennon report is the proper subject of judicial notice.

      **C.**      **Defendants' Request for Judicial Notice in Support of the Motion to Dismiss the SAC Is Unopposed and Should Also Be Granted**

Plaintiff offers no legal or factual basis in support of its criticism of Defendants' Request for Judicial Notice.  Opp. at 9 n.9.  Plaintiff merely cites to language from *Khoja v. Orexigen Therapeutics*, a case where the court cautioned against the risk of premature dismissals of plausible claims where "defendants possess materials to which the plaintiffs do not yet have access."  *See* 899 F.3d at 998–99.  However, the *Khoja* court specifically continued to recognize that "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment" and further "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Id.* at 999, 1003 (citations omitted).  *Khoja* does not support Plaintiff's attempt to ask the Court to simply ignore the context in which the statements it challenges were made.

Plaintiff also cannot run from the fact that the Court already took judicial notice of 20 of the 27 exhibits offered by Defendants (Order at 3), and that the seven new exhibits and Exhibit 28 are subject to judicial notice for similar reasons.  Contrary to Plaintiff's assertions in its Opposition (*see* Opp. at 9), Defendants do not rely on these exhibits to introduce a dispute of fact but rather to permissibly give the full context of publicly available information.  *See Von Saher*, 592 F.3d at 960 ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (citations omitted).  It is telling that Plaintiff criticizes Defendants for providing the Court with the actual language of the disclosures at issue, especially in light of the Court's Order granting the prior RJN and dismissing the FAC.

8

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-FWS-JC
DEFENDANTS' RJN ISO REPLY ISO MTD
AND OPPOSITION TO PLAINTIFF'S RJN

Further, there is no limit on the number of exhibits that can be judicially noticed. *See Toro v. Wells Fargo Bank, N.A.*, 2018 WL 6074568, at \*1 n.2 (C.D. Cal. June 26, 2018) (taking judicial notice of 20 exhibits); *Giganews, Inc. v. Perfect 10, Inc.*, 2018 WL 7348843, at \*4 (C.D. Cal. Dec. 28, 2018) (taking judicial notice of 27 exhibits). Plaintiff also identifies no legal basis for the Court to refuse to take judicial notice of documents that were incorporated by reference into the SAC. *Cf.* Opp. at 15.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibit 28, attached hereto, and Exhibits 1 through 27 from Defendants' original request, in connection with the Court's consideration of the Motion to Dismiss. Moreover, for the reasons described above, Plaintiff's RJN should be denied, and the Court should decline to consider the Report.

Dated: April 25, 2022          LATHAM & WATKINS LLP

By:  */s/ Joshua G. Hamilton*
Joshua G. Hamilton

*Attorneys for Defendants HyreCar Inc.,*
*Joseph Furnari and Robert Scott Brogi*

9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-FWS-JC
DEFENDANTS' RJN ISO REPLY ISO MTD
AND OPPOSITION TO PLAINTIFF'S RJN

**INDEX OF EXHIBITS**

| Exhibit Number | Description |
|---|---|
| Ex. 28 | HyreCar Policy, Damage Claim |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-cv-06918-FWS-JC
DEFENDANTS' RJN ISO REPLY ISO MTD
AND OPPOSITION TO PLAINTIFF'S RJN