LATHAM & WATKINS LLP
  Joshua G. Hamilton, Esq. (199610)
    *Joshua.Hamilton@lw.com*
  Meryn C. N. Grant, Esq. (291315)
    *Meryn.Grant@lw.com*
  Regina Wang, Esq. (326262)
    *Regina.Wang@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: 424.653.5500
Facsimile: 424.653.5501

*Attorneys for Defendant HyreCar Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-FWS-JC<br>Judge: Hon. Fred W. Slaughter<br><br>**DEFENDANT HYRECAR'S ANSWER TO SECOND AMENDED COMPLAINT** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

Defendant HyreCar Inc. ("HyreCar"), by its undersigned counsel, respectfully submit its Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") of Lead Plaintiff Turton Inc.  Individual Defendants Joseph Furnari and Scott Brogi (together, the "Individual Defendants," and with HyreCar, "Defendants") each have filed answers concurrently herewith.

## I.    NATURE OF THE ACTION AND OVERVIEW[1]

1.    HyreCar admits that the Complaint purports to be a putative securities class action brought on behalf of purchasers of HyreCar securities between May 13, 2021 and August 10, 2021, which Plaintiff defines as the "Class Period," and that Plaintiff seeks remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 934 (the "Exchange Act") and SEC Rule 10b-5.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 1.

2.    HyreCar denies the allegations in Paragraph 2.[2]

3.    HyreCar admits that it is a public company, meaning that shares of the Company were publicly traded on the NASDAQ exchange from July 1, 2018 until at least the date of filing this Answer.  HyreCar further admits that it operates a car-sharing marketplace platform that allows car owners to rent cars they own to individuals for use on gig-economy platforms, including ride-share or delivery services.  HyreCar further admits that its model allows it to connect excess car inventory to drivers, allowing its prices to be competitive with other rental vehicle solutions.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 3.

---

[1] HyreCar has reproduced the titles as they appear in the Complaint.  To the extent the titles contain an assertion of law or fact to which a response is required, HyreCar denies the allegations in the titles.

[2] Footnote 1 does not contain an assertion of law or fact and does not warrant a response.

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

4. HyreCar admits generally that it provides an insurance product that covers both owners and drivers at least during the period of time in which a driver is operating an owner's vehicle while not actively operating a vehicle on a ride-sharing platform. HyreCar further admits that its insurance product coverage includes coverage for liability and physical damage, according to the terms of the applicable or purchased policy. The precise terms of coverage are set forth in written policies. HyreCar further admits that it recognizes revenue from insurance fees it receives. HyreCar also admits its cost of revenue includes, but is not limited to, payments made on insurance claims based on the policy in effect at the time of the loss, which are recorded as expenses. HyreCar also admits that its insurance reserves reflect an estimate of liability for claims that have not yet been paid, including claims for which coverage or liability has not been determined, and appear as a liability on HyreCar's balance sheet. Except as expressly admitted, HyreCar denies the allegations in Paragraph 4.

5. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the knowledge of consumers and confidential witnesses in Paragraph 5, and on that basis denies those allegations. HyreCar denies the remaining allegations in Paragraph 5.

6. HyreCar denies the allegations in Paragraph 6.

7. HyreCar lacks knowledge or information sufficient to admit or deny the generic allegations regarding the likely practices of auditors, and on that basis denies those allegations. HyreCar denies the remaining allegations in Paragraph 7.

8. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding how customers might behave or the required response to hypothetical customer behavior, and on that basis denies those allegations. HyreCar denies the remaining allegations in Paragraph 8.

9. HyreCar admits that effective March 1, 2021, HyreCar entered into a new claim adjusting agreement with Sedgwick, and it believed at the time

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

Sedgwick was a leading insurance claim processing partner for many companies in rideshare transportation and food delivery. HyreCar further admits that it filed a Form 10-Q with the Securities & Exchange Commission ("SEC") on May 13, 2021, for the period ended March 31, 2021, which reported, among other things, an insurance reserve of approximately $1.747 million. HyreCar also admits that it filed a Form 10-Q with the SEC on August 10, 2021, for the quarterly period ended June 30, 2021, which included, among other things, approximately $1.2 million attributed to one-off new developments on claims and incidental payments incurred prior to March 31, 2021 in excess of the reserves and accruals. The disclosures in the Form 10-Q speak for themselves. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding "backlog" or "runoff" because those terms are undefined, and on that basis denies those allegations. Except as expressly admitted, HyreCar denies the allegations in Paragraph 9.

10. HyreCar lacks information or knowledge sufficient to admit or deny the allegations regarding HyreCar management's knowledge of claims data and the manager of the prior TPA, because those allegations are vague and argumentative, do not specify to which members of HyreCar management and which third party claims processor they refer, and refer generally to "all claims data", and on that basis HyreCar denies those allegations. HyreCar denies the remaining allegations in Paragraph 10.

11. HyreCar admits that it filed a Form 10-Q with the SEC on August 10, 2021, for the quarterly period ended June 30, 2021, which disclosed, among other things, cost increases including approximately $1.2 million attributed to one-off new developments on claims and incidental payments incurred prior to March 31, 2021 in excess of the reserves and accruals. The August 10, 2021 Form 10-Q speaks for itself. HyreCar further admits that its stock price declined on or around

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

August 10, 2021. Except as expressly admitted, HyreCar denies the allegations in Paragraph 11.

12. HyreCar admits that it filed a Form 10-Q with the SEC on August 10, 2021, for the quarterly period ended June 30, 2021. The August 10, 2021 Form 10-Q speaks for itself. HyreCar further admits that its August 10, 2021 Form 10-Q included net losses of $9.3 million, compared to $3.8 million for the same period the prior year, and contains the quoted language in the final sentence of Paragraph 12. Except as expressly admitted, HyreCar denies the allegations in Paragraph 12.[3,4]

13. HyreCar admits that its stock price closed at $19.12 per share on August 10, 2021, opened at $19.12 per share on August 11, 2021 and closed at $9.85 per share on August 11, 2021. HyreCar admits that the publicly listed trading volume for August 11, 2021 was over 5.8 million shares. HyreCar lacks knowledge or information sufficient to admit or deny the allegation that the trading volume on August 11, 2021 was "abnormally high," and on that basis denies the allegations. HyreCar denies the allegations in Paragraph 13 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims. Except as expressly admitted, HyreCar denies the allegations in Paragraph 13.

14. HyreCar incorporates the response regarding stock sales made by Joseph Furnari, Michael Furnari, Scott Brogi and Grace Mellis in paragraphs 155-158. HyreCar denies the allegations in Paragraph 14 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims. Except as expressly admitted, HyreCar denies the remaining allegations in Paragraph 14.

[3] HyreCar denies that its Form 10-K filed on March 15, 2020 contains the language quoted in footnote 2 of the Complaint.

[4] Footnote 3 does not contain an assertion of law or fact and does not warrant a response.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

15.     HyreCar admits that Plaintiff purports to bring securities fraud claims under Sections 10(b) and 20(a) of the Exchange Act.  HyreCar denies the remaining allegations in Paragraph 15.

## II.     JURISDICTION AND VENUE

16.     HyreCar admits that jurisdiction under the Exchange Act claims is conferred by Section 27 of the Exchange Act because the Complaint purports to assert claims arising under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.  HyreCar denies the allegations in Paragraph 16 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

17.     HyreCar admits that this Court has jurisdiction over this matter as a putative securities class action claiming violations of Section 10(b) and 20(a) of the Exchange Act, pursuant to 28 U.S.C. §1331 and §27 of the Exchange Act.

18.     HyreCar admits that venue is proper in this District pursuant to §27 of the Exchange Act and 28 U.S.C. §1391(b).  HyreCar further admits that HyreCar's principal executive offices are in this District.  HyreCar denies the allegations in Paragraph 18 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

19.     The allegations in Paragraph 19 constitute a conclusion of law to which no response is required.  To the extent a response is required, HyreCar denies the allegations in Paragraph 19 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

## III.     PARTIES

20.     HyreCar lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 regarding Plaintiff's trades, and on that basis denies the allegations.  HyreCar denies the allegations in 0 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

21.    HyreCar admits the allegations in the first and third sentences of Paragraph 20.  HyreCar further admits that from the date of its IPO (June 27, 2018) through the date this Answer was filed, the Company's common stock was listed on the NASDAQ under the ticker symbol HYRE.

22.    HyreCar admits that Joseph Furnari served as HyreCar's Chief Executive Officer ("CEO") and one of its directors during the Class Period alleged in the Complaint, and that Furnari was appointed as CEO in January 2017. HyreCar further admits that from May 2016 to September 2018, Furnari served as HyreCar's Chief Financial Officer.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 22.

23.    HyreCar admits that Robert Scott Brogi served as Chief Financial Officer of HyreCar from September 2018 until his retirement in July 2021.  The second sentence of Paragraph 23 does not contain an assertion of fact or law and does not warrant a response.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 23.

## IV.    RELEVANT NONPARTIES

24.    HyreCar lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 24, and on that basis denies them.[5]

25.    HyreCar lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 25, and on that basis denies them.

26.    HyreCar lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 26, and on that basis denies them.

27.    HyreCar lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 27, and on that basis denies them.

---

[5] Footnote 4 does not contain an assertion of law or fact and does not warrant a response.

7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

28.     HyreCar lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 28, and on that basis denies them.

29.     HyreCar lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 29, and on that basis denies them.

30.     HyreCar lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 30, and on that basis denies them.

31.     HyreCar lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 31, and on that basis denies them.

32.     HyreCar lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 32, and on that basis denies them.

## V.     SUBSTANTIVE ALLEGATIONS

### A.     Background

33.     HyreCar admits that its business includes the marketplace described in the allegations of the first sentence of Paragraph 33.  HyreCar further admits that, at a high level, HyreCar operates a proprietary car-sharing marketplace that allows, among other things, gig economy service drivers to rent automobiles from owners, that HyreCar provides a unique insurance product that covers both owners and drivers, and that it provides operational and logistical support to those using its car-sharing marketplace.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 33.

34.     HyreCar admits that its car sharing marketplace provides a peer-to-peer system that allows owners of cars to rent their idle cars to certain drivers and generate income.  HyreCar lacks knowledge or information sufficient to admit or deny generalized characterizations of users of its platform and their income, and on that basis denies those allegations.

35.     HyreCar admits the allegations in the first, second and fifth sentences of Paragraph 34.  HyreCar further admits it filed a Form 10-K with the SEC on March 31, 2021, for the year ending December 31, 2020.  In that filing, HyreCar

8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

disclosed, among other things, that as of December 31, 2020, drivers paid a daily rental rate set by the car owner, plus a 10% HyreCar Driver Fee, as well as direct daily insurance costs.  That filing also disclosed, among other things, that as of December 31, 2020, owners received their daily rental rate minus a 15%-25% HyreCar Owner Fee, and on average about 80% of the daily rental, or $28.80, was transferred to the owner via the Company's merchant processing partner.  In that filing, HyreCar also disclosed, among other things, that HyreCar earned revenue from the two revenue share fees and the insurance totaling $24.16 per day (using the 21% average for owner fees), of which $13.00 came from the insurance fee. Except as expressly admitted, HyreCar denies the allegations in Paragraph 35.

36.    HyreCar admits that its insurance products have, over time, offered different types of protection plans with varying deductibles and coverage limits. HyreCar further admits that each of its policies contains terms specifying, as applicable, the amount of coverage, if any, for physical damage to a vehicle, liability for passenger injuries and incidental costs.  HyreCar's written policies speak for themselves, and to the extent that Plaintiff's generalized summary mischaracterizes those policies, HyreCar denies those allegations.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 36.

37.    HyreCar admits that a potential overlap of insurance coverage exists for drivers who operate vehicles rented through HyreCar on platforms of Transportation Network Companies ("TNCs"), but HyreCar's insurance subordinates to the state mandated insurance provided by TNCs and the terms of insurance coverage provided by TNCs varies.  HyreCar lacks knowledge or information sufficient to admit or deny the characterizations that "a substantial number" of HyreCar drivers operate their rented vehicles on certain services, particularly without reference to a time period, and on that basis denies those allegations.  Except as expressly admitted, HyreCar denies the allegations of Paragraph 37.

9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

38.    HyreCar admits that it filed a Form 10-K with the SEC on March 31, 2021, for the period ending December 31, 2020.  HyreCar's March 31, 2021 Form 10-K filing contains the quoted language in Paragraph 38 and speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 38.

39.    HyreCar admits that it is not the sole insurance provider for at least some of its users, as made clear in its numerous public diclosures.  HyreCar further admits that for its drivers who operate their rented vehicles for services such as Uber and Lyft, during the periods when the drivers are actively operating on a ride-sharing platform, HyreCar's insurance subordinates to the state mandated insurance provided by the third party ride-sharing business.  HyreCar lacks knowledge or information sufficient to admit or deny the non-specific and generalized allegations regarding users and the likelihood of liability for personal injury in various time periods or activities, and on that basis denies the remaining allegations in Paragraph 39.

**B.    HyreCar Introduces A Tiered Program Structure Taking On More Risk For Physical Damages Claims**

40.    HyreCar admits that prior to early 2019, it provided coverage to owners for physical damages claims, which, under certain policies, capped HyreCar's potential liability and varied according to the policy.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 40, and on that basis denies the allegations.

41.    HyreCar admits that in 2018, it explored many forms of alternative risk structures including self-insurance through captive insurance programs and policies, as defined and disclosed in its Form 10-K filed with the SEC on March 28, 2019, for the period ended December 31, 2018.  HyreCar lacks knowledge or information sufficient to admit or deny whether the general and vague definition of captive insurance policies applies to all captive insurance programs, and on that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

basis denies the allegations.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 41.

42.    HyreCar admits that on April 9, 2019, Business Wire published an article titled "HyreCar Renews Auto Insurance with Y-Risk to Improve Economics and Add New Product Offerings."  HyreCar further admits that in April 2019, HyreCar offered owners of cars using its platform a choice between "Basic," "Standard," and "Premium" insurance plans.  HyreCar admits that the terms of those protection plans differed for liability, physical damage and incidentals, as set forth below:

|  | Basic Plan | Standard Plan | Premium Plan |
| --- | --- | --- | --- |
| Liability | State Minimums | $1,000,000 | $1,000,000 |
| Physical Damage | Up to $25,000 | Up to $25,000 | Up to $25,000 |
| Physical Damage Deductible | $3000 | $2500 | $500 |
| Tickets* | Up to 100%* | Up to 100%* | Up to 100%* |
| Toll fees/violations* | Up to 100%* | Up to 100%* | Up to 100%* |
| Cleaning | Up to $30 | Up to $50 | Up to $50 |
| Gas | Up to 65% | Up to 85% | 100% |
| Mileage Overages | Up to 65% | Up to 85% | 100% |
| Impound Fees |  | Up to 85% | 100% |
| Lost/Stolen Keys |  |  | 100% |
| Portion of rental price kept by owner | 85% | 80% | 75% |

However, the terms of these plans changed over time, including the coverage for incidentals, and had changed slightly by 2021.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 42.

11

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

43.    HyreCar lacks knowledge or information sufficient to identify the specific "renewed insurance agreement" referred to, and on that basis, denies those allegations.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements from CW10 in Paragraph 43, and on that basis denies the remaining allegations.  HyreCar denies the remaining allegations in Paragraph 43.[6]

44.    HyreCar admits that the table shown in Paragraph 44 generally reflects the terms of HyreCar's insurance plans for owners in or around 2020.  HyreCar lacks knowledge or information sufficient to admit or deny the vague and general allegations characterizing the relative amount of risk that HyreCar took on with changes to its model—because risk depends on many factors—and on that basis denies those allegations.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 44.

**C.    HyreCar's Insurance Reserves Are Mostly For Physical Damages And Incidental Claims To Owner Vehicles Under The Company's Plan Program**

45.    HyreCar admits that it filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ending March 31, 2021, which included, among other things, the quoted language in Paragraph 45.  The May 13, 2021 Form 10-Q speaks for itself.  To the extent the allegations in Paragraph 45 misstate or mischaracterize those disclosures, HyreCar denies those allegations.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 45.

---

[6] HyreCar admits that the Alabama Department of Insurance's website lists Iron Reassurance Company, LLC's line of business as "Protected Cell Captive Insurance Company."  HyreCar lacks knowledge or information sufficient to admit or deny the remaining allegations in footnote 5, and on that basis denies the allegations.

12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

46.    HyreCar admits that ASC 450-20-25-2 is an accounting standard.[7] That standard speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 46.

47.    HyreCar admits that it filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ending March 31, 2021, containing, among other things, the quoted language in Paragraph 47, but Plaintiff has not included the complete quote.  The May 13, 2021 Form 10-Q speaks for itself.  HyreCar denies that its SEC filings explain that most of it insurance reserve, if not all, is for physical damage claims.  HyreCar further denies the allegations in the last sentence of Paragraph 47.  Except as expressly admitted, HyreCar denies the remaining allegations in Paragraph 47.

48.    HyreCar admits that it filed a Form 10-K with the SEC on March 15, 2022, for the annual period ending December 31, 2021, containing, among other things, the quoted language in Paragraph 48.  The March 15, 2022 Form 10-K speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 48.

49.    HyreCar admits that its insurance plans provide some coverage for incidental costs, including but not limited to, cleaning or gas.[8]  The terms of its protection plans have varied over time, particularly with respect to incidental costs, such that HyreCar is unable to admit or deny the general characterizations of those plans in Paragraph 49.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations as phrased regarding incidentals always being a

---

[7] HyreCar also admits that ASC 450-20-20 and ASC 450-20-30-1 are accounting standards.  Those standards speak for themselves.  Except as expressly admitted, HyreCar denies the allegations in footnotes 6 and 7.

[8] HyreCar admits that it publishes its terms of service on its website.  The published terms of service speak for themselves.  Except as expressly admitted, HyreCar denies the allegations in footnote 8.

13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

fraction of the cost of physical damage claims, and on that basis denies the allegations. Except as expressly admitted, HyreCar denies the allegations in Paragraph 49.

50. HyreCar admits that it made SEC filings containing, among other things, the quoted language in Paragraph 50. Those SEC filings speak for themselves. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the composition of HyreCar's insurance reserve regardless of period or claims made as phrased, and on that basis denies those allegations. Except as expressly admitted, HyreCar denies the remaining allegations in Paragraph 50.

51. HyreCar admits that during periods when drivers renting cars through its platform are actively operating the car for a ride-sharing or delivery service platform, HyreCar's insurance subordinates to the state mandated insurance provided by the TNCs. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the characterization of certain types of liability claims being "less of an issue" during other periods, and on that basis denies those allegations. Except as expressly admitted, HyreCar denies the allegations in Paragraph 51.

**D. By Their Inherent Nature, Physical Damages Claims And Incidental Claims Under HyreCar's Program Should Present Minimal Risk of Being Unreported Or Under-Reserved**

52. HyreCar admits that its insurance plans include coverage for some incidental costs, but the coverage varies based on the applicable insurance plan. HyreCar further admits that its insurance plans set forth the documentation that is required to obtain reimbursement and explain which costs are reimbursed by HyreCar. HyreCar lacks knowledge or information sufficient to admit or deny the generalized allegations characterizing all incidental claims as "small in magnitude" and "easily payable"—because some claims may require investigation—and on that basis denies the allegations.

14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

53.    HyreCar admits that it published a damage claim policy on its website on January 4, 2022 which contains, among other things, the language quoted in the second and third sentences of Paragraph 53.  HyreCar denies the allegations as phrased that the turnaround "should be expeditious" for all physical damage claims, because the processing of claims depends on numerous factors including, but not limited to, the availability of information required to make a determination as to whether a claim is entitled to coverage and the amount of coverage.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 53.

54.    HyreCar admits that it filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ending March 31, 2021, containing, among other things, the quoted language in Paragraph 54.  The May 13, 2021 Form 10-Q speaks for itself.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations as phrased regarding the expected turnaround for different types of claims, and on that basis denies the allegations.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 54.

55.    HyreCar admits that it maintains a mobile application where owners can report damage and that information is transmitted to HyreCar.  HyreCar denies the allegations as phrased that "reporting a claim is straightforward" or that there will be a "quick turnaround" for claims, because the processing of claims depends on numerous factors including, but not limited to, the availability of information required to make a determination as to whether a claim is entitled to coverage and the amount of coverage.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 55.

56.    HyreCar admits that it maintains a mobile application where owners can submit pictures of the vehicle.  The functionality of HyreCar's mobile application has varied over time, such that HyreCar lacks information or knowledge sufficient to admit or deny the allegations that an unspecified third-party claims adjuster and administrator ("TPA") could monitor claims in real time,

15

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

and on that basis denies the allegations.[9]  HyreCar lacks knowledge or information sufficient to admit or deny the allegations purporting to describe the process for the submission, approval and payment of all claims, which can vary depending on numerous factors, and on that basis denies those allegations.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 56.

57.    HyreCar admits that it establishes insurance reserves for claims incurred but not yet paid and claims incurred but not yet reported.  HyreCar further admits that cost of revenue[10] includes, among other things, insurance claim payments made and estimated liabilities based on the insurance policies in effect at the time.[11]  HyreCar also admits that cost of revenue and other expenses are deducted from revenue on its consolidated statements of operations to calculate net loss.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 57.

58.    HyreCar denies the allegations in Paragraph 58.

59.    HyreCar admits that insurance claim payments made during a specific reporting period are recorded as an expense and included in HyreCar's cost of revenue.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 59.

---

[9] HyreCar admits that it used a claims administrator to review and process insurance claims for physical damage.  Except as expressly admitted, HyreCar denies the allegations as phrased in footnote 9, which are not limited to a particular type of claim or adjuster/administrator.

[10] HyreCar admits the allegations in the first two sentences of footnote 10. HyreCar denies the allegations in the last sentence of footnote 10.

[11] HyreCar admits the first sentence in footnote 11.  HyreCar further admits that on August 10, 2021, HyreCar held an earnings call, in which it acknowledged, among other things, that insurance premium and claims accounted for the vast majority of the cost of revenue expense increase in Q2 2021 to $8.3 million from $3.1 million year-over-year.  Except as expressly admitted, HyreCar denies the allegations in footnote 11.

16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

60.    HyreCar lacks knowledge or information sufficient to admit or deny how the theoretical accrual of insurance reserves will necessarily affect earnings in all circumstances, and on that basis denies the allegations in Paragraph 60.

61.    HyreCar denies the allegations in Paragraph 61.

**E.    Defendants' Use Of A Conflicted TPA To Handle Physical Damage Claims**

**1.    Defendants Conceal The True Nature Of HyreCar's Purported Third Party Administrator**

62.    HyreCar admits that it disclosed, among other things, 2017 Notes with David Haley totaling $300,000 in its Q2 2018 and Q3 2018 Form 10-Q and 2018 Form 10-K filings.[12]  Those filings speak for themselves.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 62.

63.    HyreCar admits that it made an announcement about a strategic joint venture on October 3, 2018 on its website, available at https://www.hyrecar.com/hyrecar-establishes-joint-venture-with-industry-veterans-dave-haley-and-peter-foley-to-launch-new-insurtech-solutions-for-the-ridesharing-industry/ as of December 19, 2022, which contains, among other things, the language quoted in Paragraph 63.  That announcement speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 63.

64.    HyreCar admits that Genoteq processed at least some of HyreCar's insurance claims for physical damage beginning on or around May 2019 until HyreCar entered into a claim adjusting agreement with a different claims administrator effective March 1, 2021.  HyreCar lacks knowledge or information regarding the precise ownership structure of Genoteq and on that basis denies that allegation.  HyreCar admits generally that Genoteq was responsible for processing physical damage claims, but lacks knowledge or information sufficient to admit or

---

[12] HyreCar admits that warrants allow their holders the right to purchase shares of HyreCar stock for a specific period at a predetermined price.  Except as expressly admitted, HyreCar denies the allegations in footnote 12.

17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

deny that Genoteq "only dealt with" physical damage claims, and on that basis denies those allegations. HyreCar admits that it paid owners directly for incidental costs, at least during the years 2020 and 2021. Except as expressly admitted, HyreCar denies the allegations in Paragraph 64.

65. HyreCar admits that as of December 19, 2022, Genoteq's website includes an "About Company" section on its website, accessible at https://genoteq.com/about-company/, which contains the language quoted in Paragraph 65. That section of Genoteq's website available on that date speaks for itself. Except as expressly admitted, HyreCar lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 65, and on that basis denies the allegations.

66. HyreCar admits that the Louisiana Department of Insurance lists the date when Genoteq's license became effective. That record speaks for itself. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the operating history and employee count at Genoteq, and on that basis denies the allegations. Except as expressly admitted, HyreCar denies the allegations in Paragraph 66.

67. HyreCar lacks knowledge or information sufficient to admit or deny the allegations Paragraph 67, and on that basis denies the allegations.

68. HyreCar denies the allegations in Paragraph 68.

**2.    HyreCar Had Access To Genoteq's Physical Damage Claims Information**

69. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements from CW9 in Paragraph 69, and on that basis denies the allegations.

70. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements from CW10 in Paragraph 70, and on that basis denies the allegations.

18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

71.    HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding indications from CW10 in Paragraph 71, and on that basis denies the allegations.

72.    HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements or knowledge of CW9 in Paragraph 72, and on that basis denies the allegations.

### 3.    HyreCar Concealed The True Nature Of Its Conflicted Relationship With Genoteq

73.    HyreCar admits that at least some of HyreCar's SEC filings referred to "third party claims adjuster data" as one input HyreCar used to estimate its insurance reserves.[13]  HyreCar further admits that some of HyreCar's SEC filings disclosed, among other things, that HyreCar historically relied on an insurance broker, including ABI in its 2019 Form 10-K, and an underwriter, which varied over time.  Those SEC filings speak for themselves.  HyreCar admits that some of its SEC filings disclosed that David Haley was also a minority Company stockholder and holder of warrants.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the precise ownership structure of ABI and Genoteq, and on that basis denies the allegations.  HyreCar denies that Genoteq was conflicted or was not a third party.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 73.

74.    HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements from CW9 in Paragraph 74, and on that basis denies the allegations.

75.    HyreCar admits that it filed a Form 10-K with the SEC on April 14, 2020, for the year ended December 31, 2019, which disclosed, among other things,

---

[13] HyreCar admits that its Q1 2021 10-Q referred to "third party claims adjuster data."

19

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

that HyreCar paid ABI the amounts stated in Paragraph 75.  The April 14, 2020 Form 10-K speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 75.

76.    HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements from CW3 in Paragraph 76, and on that basis denies the allegations.  HyreCar denies the remaining allegations in Paragraph 76.

**F.    Former Genoteq And HyreCar Employees Detail HyreCar's Delay And Suppression of Claims**

77.    HyreCar lacks knowledge or information sufficient to admit or deny the vague and generalized characterization that "HyreCar was intimately aware of Genoteq's operations" and that HyreCar "often dictated Genoteq's payment schedule," and on that basis denies those allegations.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 77.

78.    HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements from CW7 in Paragraph 78, and on that basis denies the allegations.  HyreCar denies the remaining allegations in Paragraph 78.

79.    HyreCar lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 79 regarding what CW5 purportedly observed or was told, and on that basis denies the allegations in Paragraph 79.

80.    HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements from CW9 in Paragraph 80, and on that basis denies the allegations.  HyreCar denies the remaining allegations in Paragraph 80.

81.    HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements from CW9 in Paragraph 81, and on that basis denies the allegations.

82.    HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the knowledge or statements of CW9 in Paragraph 82, and on that basis denies the allegations.

20

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

**1.** **The Accounts Of Former Genoteq And HyreCar Employees Are Corroborated By HyreCar's End Of Class Period And Post Class Period Admissions That The Company Had Under-reserved At Least $1 Million In Genoteq Claims Incurred Prior To January 1, 2021**

83. HyreCar admits that it filed a Form 10-K with the SEC on March 15, 2022, for the year ended December 31, 2021, which contains, among other things, the language quoted in Paragrph 83. The March 15, 2022 Form 10-K speaks for itself. Except as expressly admitted, HyreCar denies the allegations in Paragraph 83.

84. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding observations by Genoteq employees in Paragraph 84, and on that basis denies the allegations. HyreCar denies the allegations in Paragraph 84 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims, including that HyreCar's insurance reserves were understated.

85. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the knowledge or statements of CW11 in Paragraph 85, and on that basis denies the allegations.

86. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the knowledge or statements of CW12 in Paragraph 86, and on that basis denies the allegations.

87. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding CW9's estimate of "runoff claims" in Paragraph 87, and on that basis denies the allegations.

**2.** **Reams Of Additional Consumer Complaints To The Better Business Bureau Corroborate The Accounts Of Former Genoteq And HyreCar Employees**

88. HyreCar admits that a September 2, 2020 complaint is published on the Better Business Bureau's website as of the date of the filing of this Answer. HyreCar denies the remaining allegations in Paragraph 88.

21

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

89.    HyreCar admits that an October 15, 2020 response is published on the Better Business Bureau's website.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 89.

90.    HyreCar admits that certain individuals have submitted reviews and complaints to the Better Business Bureau regarding HyreCar.  HyreCar lacks knowledge or information sufficient to admit or deny the vague and non-specific allegations that "dozens upon dozens of additional consumer complaints to the BBB corroborate the CWs' accounts" and the contents of those reviews, and on that basis denies those allegations.  Except as expressly admitted, HyreCar denies the remaining allegations in Paragraph 90.

91.    HyreCar admits that an August 26, 2020 complaint is published on the Better Business Bureau's website.  HyreCar lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 91, and on that basis denies the allegations.

92.    HyreCar admits that a September 10, 2020 comment is published on the Better Business Bureau's website.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 92.

93.    HyreCar admits that a March 9, 2021 complaint is published on the Better Business Bureau's website.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 93, and on that basis denies the allegations.

94.    HyreCar admits that a March 19, 2021 response is published on the Better Business Bureau's website.  HyreCar admits that an April 12, 2021 comment is published on the Better Business Bureau's website that contains the language that Plaintiff purports is contained in an April 7, 2021 comment.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 94.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

95.   HyreCar admits that reviews dated March 3, 2020 and January 22, 2020 are published on the Better Business Bureau's website.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 95.

96.   HyreCar admits that certain individuals have submitted reviews and complaints to the Better Business Bureau regarding HyreCar.  HyreCar lacks knowledge and information sufficient to admit or deny the generalization regarding the contents or subject of complaints between December 12, 2018 and October 29, 2021, and on that basis denies those allegations.  HyreCar denies the remaining allegations in Paragraph 96.

97.   HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding statements from CW1 in Paragraph 97, and on that basis denies the allegations.  HyreCar lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 97, and on that basis denies the allegations

**G.   HyreCar's Transition From Genoteq To Sedgwick In March 2021**

98.   HyreCar admits that on or around March 1, 2021, it entered a two-year claim adjusting agreement with Sedgwick.  HyreCar further admits that on or around March 1, 2021, Sedgwick was the third party claims adjuster for both physical damage and liability claims.  Except as expressly admitted, HyreCar allegations in Paragraph 98.

99.   HyreCar admits that on May 20, 2021, the Company issued a press release via its website titled "HyreCar Renews Insurance Program with Lloyd's Apollo Insurance Syndicate until 2023."  The May 20, 2021 press release speaks for itself.  HyreCar denies the characterization that the transition to Sedgwick was "formally announced on May 21, 2021."  Except as expressly admitted, HyreCar denies the allegations in Paragraph 99.

100.   HyreCar admits that on May 20, 2021, the Company issued a press release via its website titled "HyreCar Renews Insurance Program with Lloyd's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

Apollo Insurance Syndicate until 2023." The May 20, 2021 press release speaks for itself. HyreCar denies the allegations in Paragraph 100 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims. Except as expressly admitted, HyreCar denies the allegations in Paragraph 100.

101. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding CW9's estimate of "Genoteq's runoff HyreCar claims" in Paragraph 101, and on that basis denies the allegations.

102. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the identity, knowledge or statements of CW12 in Paragraph 101, and on that basis denies the allegations.

103. HyreCar admits that it filed Form 10-Q for the period ended March 31, 2021 with the SEC on May 13, 2021. The March 31, 2021 Form 10-Q speaks for itself. HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding "remaining liabilities from the runoff of the Genoteq claims portfolio," and on that basis denies the allegations. Except as expressly admitted, HyreCar denies the allegations in Paragraph 103.

### H. Prior To Disclosing The Massive Backlog of Under-reserved Claims, Defendants Unloaded Massive Quantities Of Their HyreCar Stock At Inflated Prices

104. HyreCar denies the allegations in Paragraph 104.

#### 1. HyreCar Falsely Represented Its Insurance Reserves And Cost of Revenue During Its Q1 2021 Financials

105. HyreCar admits that it issued a press release on May 13, 2021 on its website titled "HyreCar Announces Record First Quarter 2021 Financial Results." The May 13, 2021 press release speaks for itself. Except as expressly admitted, HyreCar denies the allegations in Paragraph 105.

106. HyreCar denies the allegations in Paragraph 106.

107. HyreCar admits that it held an earnings call on May 13, 2021. The public transcript of that call contains, among other things, the language quoted in

24

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

Paragraph 107 and speaks for itself.  To the extent the allegations in Paragraph 107 mischaracterize that call, HyreCar denies the allegations in Paragraph 107.  In its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 107 regarding "seasonal shifts in insurance costs" were not sufficient to plead a materially misleading statement or omission.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 107.

108.   HyreCar admits that it held earnings calls on March 30, 2021 and May 13, 2021.  The public transcripts of those calls contain the language quoted in Paragraph 108 and speak for themselves.  To the extent the allegations in Paragraph 108 mischaracterize those calls, HyreCar denies the allegations in Paragraph 108.  In its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 108 regarding "seasonal shifts in insurance costs" were not sufficient to plead a materially misleading statement or omission.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 108.

109.   HyreCar denies the allegations in Paragraph 109.

110.   HyreCar denies the allegations in Paragraph 110.

### 2.    Defendants False Statements Artificially Inflated HyreCar's Stock, And Defendants Cashed In Through Insider Sales

111.   HyreCar admits that its stock price closed at $8.93 on May 13, 2021 and reached an intraday high of $24.21 on June 23, 2021.  HyreCar denies the allegations in Paragraph 111 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

112.   HyreCar denies the allegations in Paragraph 112.

113.   HyreCar admits that between July 21, 2021 and July 23, 2021, then-CEO Joe Furnari sold a portion of his Company stock holdings—320,000 shares.  HyreCar admits that prior to July 21, 2021, Furnari had not sold any Company shares since the Company's IPO in June 2018.  HyreCar denies the allegations in

25

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

Paragraph 113 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims, and denies any remaining allegations.

114.   HyreCar admits that between May 20, 2021 and May 24, 2021, then-CFO Scott Brogi sold a portion of his Company stock holdings—72,329 shares. HyreCar admits that prior to May 20, 2021, Brogi had not sold any Company shares since joining the Company in September 2018.  HyreCar denies the allegations in Paragraph 157 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims, and denies any remaining allegations.

## I.   The Truth Begins To Be Revealed

115.   HyreCar admits that on August 10, 2021, HyreCar issued a press release via its website titled "HyreCar Announces Record Second Quarter 2021 Financial Results."  The August 10, 2021 press release speaks for itself.   Except as expressly admitted, HyreCar denies the allegations in Paragraph 115.

116.   HyreCar admits that it filed a Form 10-Q with the SEC on August 10, 2021, for the quarterly period ended June 30, 2021.  The August 10, 2021 Form 10-Q speaks for itself.   Except as expressly admitted, HyreCar denies the allegations in Paragraph 116.

117.   HyreCar admits that it filed a Form 10-Q with the SEC on August 10, 2021, for the quarterly period ended June 30, 2021.  The August 10, 2021 Form 10-Q speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 117.

118.   HyreCar admits that it filed a Form 10-K with the SEC on March 15, 2022 for the year ended December 31, 2021.  The March 15, 2022 Form 10-K speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 118.

119.   HyreCar admits that it filed a Form 10-Q with the SEC on August 10, 2021, for the quarterly period ended June 30, 2021.  The August 10, 2021 Form

26

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

10-Q speaks for itself.   Except as expressly admitted, HyreCar denies the allegations in Paragraph 119.

120.   HyreCar admits that on August 10, 2021, HyreCar held an earnings call.  The public transcript of that call contains the language quoted in Paragraph 120 and speaks for itself.  To the extent the allegations in Paragraph 120 mischaracterize that call, HyreCar denies the allegations in Paragraph 120.

121.   HyreCar admits that on August 10, 2021, HyreCar held an earnings call.  The public transcript of that call speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 121..

122.   HyreCar admits that on August 10, 2021, HyreCar held an earnings call.  The public transcript of that call contains the language quoted in Paragraph 122 and speaks for itself.  Except as otherwise admitted, HyreCar denies the allegations in Paragraph 122.

123.   HyreCar admits that on August 10, 2021, HyreCar held an earnings call, which contained, among other things, a question-and-answer session.  The public transcript of that call contains the language quoted in Paragraph 123 and speaks for itself.  To the extent the allegations in Paragraph 123 mischaracterize that call, HyreCar denies the allegations in Paragraph 123.

124.   HyreCar admits that on August 10, 2021, HyreCar held an earnings call, which contained, among other things, a question-and-answer session.  The public transcript of that call contains the language quoted in Paragraph 124 and speaks for itself.  To the extent the allegations in Paragraph 124 mischaracterize that call, HyreCar denies the allegations in Paragraph 124.

125.   HyreCar admits that on August 10, 2021, HyreCar held an earnings call, which contained, among other things, a question-and-answer session.  The public transcript of that call contains the language quoted in Paragraph 125 and speaks for itself.  To the extent the allegations in Paragraph 125 mischaracterize that call, HyreCar denies the allegations in Paragraph 125.

27

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

126.    HyreCar admits that on August 10, 2021, HyreCar held an earnings call, which contained, among other things, a question-and-answer session.  The public transcript of that call contains the language quoted in Paragraph 126 and speaks for itself.  To the extent the allegations in Paragraph 126 mischaracterize that call, HyreCar denies the allegations in Paragraph 126.

127.    HyreCar admits that its stock price closed at $19.12 on August 10, 2021 and closed at $9.85 on August 11, 2021.  HyreCar admits that the reported trading volume was 5,853,800 on August 11, 2021.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations that the trading volume was "abnormally high," and on that basis denies the allegations.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 127.

128.    HyreCar admits that it filed a Form 10-Q with the SEC on November 9, 2021, for the quarterly period ended September 30, 2021.  The November 9, 2021 Form 10-Q speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 128.

129.    HyreCar admits that it filed a Form 10-K with the SEC on March 15, 2022, for the year ended December 31, 2021.  The March 15, 2022 Form 10-K speaks for itself.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 129.

## VI.    DEFENDANTS' MATERIALLY FALSE AND/OR MISLEADING STATEMENTS

### A.    Statements from the Company's Q1 2021 Press Release

130.    HyreCar admits that on May 13, 2021, HyreCar issued a press release entitled "HyreCar Announces Record First Quarter 2021 Financial Results."  The May 13, 2021 press release speaks for itself.  To the extent that paragraph 130 mischaracterizes or selectively quotes the language of that press release, HyreCar denies the allegations in Paragraph 130.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

131. HyreCar admits that on May 13, 2021, HyreCar issued a press release entitled "HyreCar Announces Record First Quarter 2021 Financial Results." The May 13, 2021 press release speaks for itself. To the extent that paragraph 131 mischaracterizes the contents of that press release, HyreCar denies the allegations in Paragraph 131.

132. HyreCar denies the allegations in Paragraph 132.

133. HyreCar admits that on May 13, 2021, HyreCar issued a press release entitled "HyreCar Announces Record First Quarter 2021 Financial Results." The May 13, 2021 press release speaks for itself. Other than expressly admitted, HyreCar denies the remaining allegations in Paragraph 133.

134. HyreCar admits that on May 13, 2021, HyreCar issued a press release entitled "HyreCar Announces Record First Quarter 2021 Financial Results." The May 13, 2021 press release speaks for itself.

135. HyreCar denies the allegations in Paragraph 135.

**B.      Statements From the Company's Q1 2021 Earnings Call**

136. HyreCar admits that on May 13, 2021, HyreCar held its first quarter 2021 earnings call. The public transcript of that call contains the language quoted in Paragraph 136 and speaks for itself. To the extent the allegations in Paragraph 136 mischaracterize that call, HyreCar denies the allegations in Paragraph 136.

137. HyreCar denies the allegations in Paragraph 137. Moreover, in its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 137 were not sufficient to plead a materially misleading statement or omission and therefore no response is required.

138. HyreCar denies the allegations in Paragraph 138. Moreover, in its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 138 were not sufficient to plead a materially misleading statement or omission because the statement identified was a forward-

29

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

looking statement protected by the PSLRA's safe harbor, and therefore no response is required.

139.   HyreCar denies the allegations in Paragraph 139.  In its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 139 were not sufficient to plead a materially misleading statement or omission because the statement identified was a forward-looking statement protected by the PSLRA's safe harbor, and therefore no response is required.

**C.    Statements From the Company's Q1 2021 10-Q**

140.   HyreCar admits that it filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ended March 31, 2021, which included, among other things, the quoted language without emphasis included by Plaintiff.  The May 13, 2021 Form 10-Q speaks for itself.

141.   HyreCar denies the allegations in Paragraph 141.

142.   HyreCar admits that it filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ended March 31, 2021.  The May 13, 2021 Form 10-Q speaks for itself.

143.   HyreCar denies the allegations in Paragraph 143.

144.   HyreCar admits that on May 13, 2021, HyreCar filed a Form 10-Q for the quarterly period ending March 31, 2021 with the SEC, which included, among other things, the quoted language in Paragraph 144.  The May 13, 2021 Form 10-Q speaks for itself.

145.   HyreCar denies the allegations in Paragraph 145..

146.   HyreCar admits that it filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ended March 31, 2021, which included, among other things, the quoted language in Paragraph 146, without Plaintiff's added emphasis. The May 13, 2021 Form 10-Q speaks for itself.  Other than expressly admitted, HyreCar denies the allegations in Paragraph 146.  Moroever, in its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations

30

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

in the Second Amended Complaint were not sufficient to plead that the statement quoted in Paragraph 146 was materially false or misleading.

147.   HyreCar denies the allegations in Paragraph 147.

## VII.   ADDITIONAL SCIENTER ALLEGATIONS

148.   HyreCar denies the allegations in Paragraph 148.

149.   HyreCar denies the allegations in Paragraph 149.

150.   The allegations in Paragraph 150 constitute conclusions of law to which no response is required.  To the extent a response is required, HyreCar denies that there is a basis in fact or law for Plaintiff's claims and denies the allegations in Paragraph 150.

151.   The allegations in Paragraph 151 constitute conclusions of law to which no response is required.  To the extent a response is required, HyreCar denies that there is a basis in fact or law for Plaintiff's claims and denies the allegations in Paragraph 151.

152.   HyreCar admits that effective March 1, 2021, it had entered into a two-year claim adjusting agreement with Sedgwick which required an escrow account to be set up with $1,750,000 to be held by Sedgwick for claim payments. HyreCar further admits that it would replenish the account on a quarterly basis as needed from March 1, 2021 through the end of the class period.  Other than expressly admitted, the remaining allegations in Paragraph 152 constitute conclusions of law to which no response is required.  To the extent a response is required, HyreCar denies that there is a basis in fact or law for Plaintiff's claims and denies the remaining allegations in Paragraph 152.

153.   HyreCar denies the allegations in Paragraph 153.

154.   HyreCar admits that on May 14, 2021, HyreCar's stock price opened at $10.50 and closed at $12.91.  HyreCar denies that HyreCar's stock price rose 45% on that date.  HyreCar denies the allegations in Paragraph 154 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

31

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

HyreCar denies, or lack sufficient information to admit or deny, the remaining allegations, and on that basis denies the remaining allegations.

155. HyreCar admits that between July 21, 2021 and July 23, 2021, Joseph Furnari sold a portion of his Company stock holdings—299,900 shares pursuant to a Rule 10b5-1 trading plan. HyreCar admits that prior to July 21, 2021, Joseph Furnari had not sold any HyreCar stock since the Company's IPO. Other than expressly admitted, HyreCar denies the allegations in Paragraph 155.

156. HyreCar admits that between July 21, 2021 and July 23, 2021 Michael Furnari sold a portion of his Company stock holdings—335,900 shares pursuant to a Rule 10b5-1 trading plan. HyreCar admits that prior to July 21, 2021, Michael Furnari had not sold any HyreCar stock since the Company's IPO. Other than expressly admitted, HyreCar denies the allegations in Paragraph 156.

157. HyreCar admits that between May 20, 2021 and May 24, 2021, then-CFO Scott Brogi sold a portion of his Company stock holdings—72,329 shares. HyreCar admits that prior to May 20, 2021, Brogi had not sold any Company shares since joining the Company in September 2018. Other than expressly admitted, HyreCar denies the allegations in Paragraph 157.

158. HyreCar admits that Grace Mellis was the Chair of HyreCar's Board of Directors during the Class Period alleged by Plaintiff. HyreCar admits that between May 24 and June 3, 2021, Mellis sold a portion of her Company stock holdings—50,000 shares. HyreCar further admits that prior to May 24, 2021, Mellis had not sold any Company shares since the Company's IPO. Other than expressly admitted, HyreCar denies the allegations in Paragraph 158.

159. HyreCar admits that Henry Park was the Company's Chief Operating Officer during the Class Period alleged by Plaintiff. HyreCar admits that between May 19, 2021 and May 20, 2021, Park sold a portion of his Company stock holdings—35,000 shares. HyreCar further admits that prior to May 19, 2021, Park

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

had not sold any Company shares since joining the Company in October 2018. Other than expressly admitted, HyreCar denies the allegations in Paragraph 159.

160.   HyreCar admits that on June 23, 2021, HyreCar announced the retirement of then-CFO Scott Brogi, at age 56.  HyreCar further admits that HyreCar announced that Serge DeBock had been hired as the Company's new CFO.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 160.

161.   HyreCar lacks sufficient information to admit or deny the vague characterizations of "most knowledgeable," "major components" and "particularly focused on these trends," and on that basis denies those allegations.  The allegations regarding the core operations doctrine and imputed knowledge are legal conclusions to which no response is required.  HyreCar further denies the allegations in Paragraph 161 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.  To the extent not admitted, HyreCar denies the remaining allegations in Paragraph 161.

## VIII.  LOSS CAUSATION

162.   HyreCar denies the allegations in Paragraph 162.

163.   HyreCar admits that:  HyreCar's stock price closed at $19.12 on August 10, 2021, opened at $19.12 on August 11, 2021 and closed at $9.85 on August 11, 2021.  HyreCar admits that the publicly listed trading volume for August 11, 2021 was over 5.8 million shares.  HyreCar lacks knowledge or information sufficient to admit or deny the allegation that the trading volume on August 11, 2021 was "abnormally high."  HyreCar denies the allegations in Paragraph 163 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 163.

33

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

## IX.   CLASS ACTION ALLEGATIONS

164.   HyreCar admits that Plaintiff purports to bring this action as a class action on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired HyreCar securities between May 13, 2021 through August 10, 2021, inclusive, and excluded from the purported class are "Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest."  HyreCar denies the allegations in Paragraph 164 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

165.   HyreCar admits that during the alleged Class Period, HyreCar stock was publicly traded on the NASDAQ.  HyreCar lacks knowledge or information sufficient to admit or deny the characterization that "HyreCar securities actively traded on the NASDAQ," and on that basis denies the allegation.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the number or ability to contact putative class members, and on that basis denies those allegations.  To the extent the allegations in Paragraph 165 constitute legal conclusions regarding the application of Federal Rule Procedure 23, no response is required.  HyreCar further denies the allegations in Paragraph 165 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

166.   To the extent the allegations in Paragraph 166 constitute legal conclusions regarding the application of Federal Rule Procedure 23, no response is required.  HyreCar denies the allegations in Paragraph 166.

167.   HyreCar lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 167, and on that basis denies those allegations.

168.   HyreCar denies the allegations in Paragraph 168 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.  To the extent the allegations in Paragraph 168 constitute legal conclusions regarding the

34

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

application of Federal Rule Procedure 23, no response is required.  To the extent a response is required, HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding putative class members' claims, and on that basis denies those allegations.

169.   To the extent the allegations in Paragraph 169 constitute legal conclusions regarding the application of Federal Rule Procedure 23, no response is required.  To the extent a response is required, HyreCar lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 169, and on that basis denies the allegations.

## X.   UNDISCLOSED ADVERSE FACTS

170.   HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the market for HyreCar's securities and on that basis denies those allegations.  HyreCar denies the remaining allegations in Paragraph 170.

171.   HyreCar denies the allegations in Paragraph 171.

## XI.   APPLICABILITY OF PRESUMPTION OF RELIANCE

172.   HyreCar admits that on June 23, 2021, HyreCar's stock price closed at $22.95.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the market for HyreCar's securities or purchases of putative class members, and on that basis denies those allegations in Paragraph 172. HyreCar denies the remaining allegations in Paragraph 172.

173.   HyreCar denies the allegations in Paragraph 173.

174.   HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding the market for HyreCar's securities, and on that basis denies the allegations in Paragraph 174.

175.   HyreCar admits that its shares met the requirements for listing and were listed on the NASDAQ during the period alleged in the Complaint.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations

35

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

regarding the market for HyreCar's securities and trading thereof, and on that basis denies the remaining allegations in Paragraph 175.

176.   HyreCar admits that it filed periodic public reports with the SEC and required reports with NASDAQ.

177.   HyreCar admits that it filed periodic reports with the SEC and published press releases on its website, some of which were also filed with the SEC during the relevant period, and those reports and press releases were publicly available for any interested investors to review.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations characterizing the regularity of investor communications and the reach or audience of its public disclosures— which are vague and subject to multiple interpretations—and on that basis denies those allegations.

178.   HyreCar admits that during the Class Period, certain investment analysts wrote reports about HyreCar.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations characterizing the public availability of analyst reports or statements—which are vague and subject to multiple interpretations—and on that basis denies those allegations.

179.   HyreCar lacks knowledge or information sufficient to admit or deny the allegations regarding whether publicly available information was reflected in HyreCar's share price, and on that basis denies those allegations.  HyreCar denies the remaining allegations in Paragraph 179.

## XII.   NO SAFE HARBOR

180.   HyreCar denies the allegations in Paragraph 180.  Moreover, the allegations regarding forward-looking statements in Paragraph 180 constitute a conclusion of law to which no response is required.  In its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that at least one of the statements in the Complaint alleged to be false was forward-looking.

36

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

181.  HyreCar denies the allegations in Paragraph 181.  Moreover, the allegations regarding forward-looking statements in Paragraph 181 constitute conclusions of law to which no response is required.  In its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that at least one of the statements the Complaint alleged to be false was forward-looking.

## XIII.  COUNT ONE

### Violation of Section 10(b) of The Exchange Act and SEC Rule 10b-5 Promulgated Thereunder

182.  HyreCar repeats and realleges its responses to Paragraphs 1-181 above as if fully set forth herein.

183.  HyreCar denies the allegations in Paragraph 183.

184.  HyreCar denies the allegations in Paragraph 184.

185.  HyreCar denies the allegations in Paragraph 185.

186.  HyreCar denies the allegations in Paragraph 186.

187.  HyreCar denies the allegations in Paragraph 187.

188.  HyreCar denies the allegations in Paragraph 188.

189.  HyreCar denies the allegations in Paragraph 189.

190.  HyreCar denies the allegations in Paragraph 190.

191.  HyreCar denies the allegations in Paragraph 191.

192.  HyreCar denies the allegations in Paragraph 192.

193.  HyreCar lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 193 regarding what members of the purported class knew and/or relied upon, and on that basis denies the allegations.  HyreCar denies the remaining allegations in Paragraph 193.

194.  HyreCar denies the allegations in Paragraph 194.

195.  HyreCar denies the allegations in Paragraph 195.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

## XIV. COUNT TWO

### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

196.   HyreCar repeats and realleges its responses to Paragraphs 1-195 above as if fully set forth herein.

197.   The allegations in Paragraph 197 constitute a legal conclusion to which no response is required.  If a response is required, HyreCar denies the allegations in Paragraph 197.  HyreCar further denies the allegations in Paragraph 197 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

198.   HyreCar admits that the Individual Defendants had access to certain Company documents at various times.  However, the allegations about the categories of documents that the Individual Defendants "had unlimited access to" are too vague for HyreCar to admit or deny, and on that basis HyreCar denies the allegations.  Except as expressly admitted, HyreCar denies the allegations in Paragraph 198.

199.   The allegations in Paragraph 199 constitute a conclusion of law to which no response is required.  To the extent a response is required, HyreCar denies the allegations in Paragraph 199.

200.   The allegations in Paragraph 199 constitute a conclusion of law to which no response is required.  To the extent that a response is required, HyreCar denies that there is a predicate violation of Section 10(b) and therefore denies that the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

### JURY DEMAND

HyreCar acknowledges that Plaintiff requests a jury trial on issues so triable.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest on Plaintiff or the class, HyreCar pleads the following affirmative defenses:

38

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff lacks standing to assert its claims against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Safe Harbor and/or "Puffery")

Plaintiff's claims, and any claims of the purported class, are not actionable to the extent the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements constitute inactionable "puffery" and/or fall within one or both of the Safe Harbor provisions of the Reform Act, as codified at 15 U.S.C. § 77z-2(c).

## THIRD AFFIRMATIVE DEFENSE

### (Prior Knowledge)

At the time of their acquisition of HyreCar stock, Plaintiff and members of the class had actual or constructive knowledge of the allegedly untrue statements, all or some of the alleged omissions and misstatements, or other wrongful conduct upon which Defendants' purported liability rests.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff fails to state a claim against Defendants as to which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiff and members of the purported class knew or should have known of HyreCar's financial condition and the risks associated with HyreCar's business at the time of their acquisition of HyreCar stock and assumed the risk that the value of HyreCar stock could decline.

39

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Defendants at all times acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action. *See, e.g.*, 15 U.S.C. §78t.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contribution and Indemnity)

Under principles of contribution and indemnity, persons or entities other than Defendants are wholly or partially responsible for the purported damages, if any, that Plaintiff and class members have allegedly sustained.

## EIGHTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## NINTH AFFIRMATIVE DEFENSE

### (Proportionate Liability)

Any recovery for damages allegedly incurred by Plaintiff and members of any alleged class, if any, is limited to the percentage of responsibility of each Defendant in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), as codified at 15 U.S.C. § 78u-4(f)(3)(A).

## TENTH AFFIRMATIVE DEFENSE

### (Reduction in Damages)

Plaintiff's alleged damages, and any alleged damages of the purported class, if any, are reduced by the amount it has recovered from other Defendants or third parties

40

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

in connection with the claims alleged in the Complaint and by the amount any of them received in connection with the sale of their HyreCar securities.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims and any claims on behalf of the purported class are barred, in whole or in part, by Plaintiff's and any purported class member's failure to mitigate any of their alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Impact on Market Price)

Plaintiff's claims and any claims on behalf of the purported class are barred, in whole or in part, because the purported misstatements or omission alleged in the Complaint did not affect the market price of HyreCar securities.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Transaction Causation)

Plaintiff's claims and any class of the purported class are barred, in whole or in part, to the extent that Plaintiff or any class members would have purchased HyreCar securities even with full knowledge of the facts that allegedly were misstated or omitted.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Loss Causation)

Plaintiff's claims and any class claims are barred, in whole or in part, because any damages for which Defendants are claimed to be responsible arose from a decline in HyreCar share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by HyreCar or were otherwise caused or contributed to by (a) persons or entities for whom HyreCar is not responsible and for whom HyreCar is not liable, or (b) factors other than any alleged misrepresentations or omissions for which HyreCar may be responsible.

41

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

(10b5-1 Plan)

The purchase or sale of stock alleged in the Complaint cannot be used as evidence of scienter because the purchases or sales were effectuated pursuant to a contract, instruction, or written plan entered into or adopted in good faith before the person became aware of material nonpublic information.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Tax Offset)

Any recovery for damages allegedly incurred by Plaintiff and members of the putative class, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by Plaintiff or each member of the putative class through its/his/her investments.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Others At Fault)

Any alleged damages sustained by Plaintiff or any member of the purported class must be reduced and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Proportionate Fault)

Any recovery for damages allegedly incurred by Plaintiff or any member of the purported class, if any, is limited to the percentage of responsibility of HyreCar in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

42

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reasonable Reliance)

Plaintiff's claims and any claims on behalf of the purported class are barred, in whole or in part, because HyreCar reasonably relied in good faith on the professional judgments, opinions, and advice of legal and finance professionals, and had no reasonable grounds to believe and did not believe that any statements were materially false or misleading.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statements Publicly Disclosed/No Materiality)

Plaintiff's claims and claims on behalf of the purported are barred, in whole or in part, because the matters alleged in the Complaint to be the subject of misrepresentation and omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiff and other alleged members of the purported class and were at all times reflected in the price of HyreCar securities. Accordingly, those who purchased or otherwise acquired HyreCar securities did not do so at artificially inflated prices.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiff's claims and any claims on behalf of the purported class are barred, in whole or in part, because any claimed damages are speculative and because of the impossibility of the ascertainment and allocation of the alleged damages, particularly on a class-wide basis.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims and any claims on behalf of the purported class are barred, in whole or in part, because Plaintiff waived claims based for certain alleged untrue statements or omission.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Estoppel, Ratification or Unclean Hands)

Plaintiff's claims and any claims on behalf of the purported class are barred, in whole or in part, by the doctrines of estoppel, ratification, or unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

HyreCar hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant in this action.

## ADDITIONAL AFFIRMATIVE DEFENSE

HyreCar lacks sufficient knowledge or information upon which to admit or deny whether there may be additional affirmative defenses available to it. HyreCar reserves the right to plead additional affirmative and other defenses that may become available or apparent during pretrial proceedings in this action and/or required by any amendments to the Complaint.

Respectfully submitted,

Dated: January 9, 2023

LATHAM & WATKINS LLP
Joshua G. Hamilton
Meryn C. N. Grant
Regina Wang

By: /s/ *Joshua G. Hamilton*
Joshua G. Hamilton

*Attorneys for Defendant HyreCar Inc.*

44

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case Number: 2:21-cv-06918-FWS-JC
DEFENDANT HYRECAR'S ANSWER TO
SECOND AMENDED COMPLAINT