DAVIS WRIGHT TREMAINE LLP
  Alexander F. Porter (State Bar No. 258597)
  *alexporter@dwt.com*
  James H. Moon (State Bar No. 268215)
  *jamesmoon@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Robert Scott Brogi*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendant. | Case No. 2:21-cv-06918-FWS-JC<br><br>**DEFENDANT ROBERT SCOTT BROGI'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Assigned to the Hon. Fred W. Slaughter<br>Action Filed: August 27, 2021 |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Scott Brogi ("Defendant Brogi" or "Defendant"), by and through his undersigned counsel of record, answer the Second Amended Complaint For Violations of the Federal Securities Laws (the "Second Amended Complaint") of Lead Plaintiff Turton Inc., individually and on behalf of all others similarly situated ("Plaintiffs").  In responding to the allegations in the Second Amended Complaint, Defendant Brogi (i) incorporates into each response a denial of any allegations in the Second Amended Complaint that assert or suggest that Defendant Brogi made any untrue statement of material fact or omitted to state a material fact necessary to make the statement not misleading or acted as a control person as to any such statement, and (ii) to the extent that any response is required, denies any allegations or averments in the introductory paragraphs, headings, and subheadings of the Second Amended Complaint.  Defendant Brogi expressly reserves the right to seek to amend and/or supplement his Answer as may be necessary.

## ANSWER TO ALLEGATIONS

### I.    NATURE OF THE ACTION AND OVERVIEW

1.    Defendant Brogi admits that the Complaint purports to be a putative securities class action brought on behalf of purchasers of HyreCar securities between May 13, 2021 and August 10, 2021, which Plaintiff defines as the "Class Period," and that Plaintiff seeks remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 934 (the "Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 1.

2.    Defendant Brogi denies the allegations in Paragraph 2.

3.    In response to Paragraph 3, Defendant Brogi admits that HyreCar is a public company and operates a car-sharing marketplace platform that allows car owners to rent cars that they own to individuals for use on gig-economy platforms, including ride-share or delivery services.  Defendant Brogi further admits that

BROGI ANSWER TO SECOND AMENDED COMPLAINT

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

HyreCar's model allows it to connect excess car inventory to drivers, allowing its prices to be competitive with other rental vehicle solutions.  Except as expressly admitted, Defendant Brogi denies the allegations contained in Paragraph 3.

4.    In response to Paragraph 4, Defendant Brogi generally admits that HyreCar provides an insurance product that covers both owners and drivers while not actively operating a vehicle on a ride-sharing platform.  Defendant Brogi further admits that HyreCar's insurance product coverage includes coverage for liability and physical damage, according to the terms of the applicable or purchased policy. The precise terms of coverage are as set forth in written policies.  Defendant Brogi further admits that HyreCar recognizes revenue from insurance fees it receives. Defendant Brogi also admits the cost of revenue includes, but is not limited to, payments made on insurance claims based on the policy in effect at the time of the loss, which are recorded as expenses.  Defendant Brogi also admits that HyreCar's insurance reserves reflect an estimate of liability for claims that have not yet been paid, including claims for which coverage or liability has not been determined, and appear as a liability on HyreCar's balance sheet.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 4.

5.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them.

6.    Defendant Brogi denies the allegations in Paragraph 6.

7.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the likely practices of auditors, and on that basis denies them.  Defendant Brogi denies the remaining allegations in Paragraph 7.

8.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding hypothetical customer behavior, and on that basis denies those allegations.  Defendant Brogi denies the remaining allegations in Paragraph 8.

2

BROGI ANSWER TO SECOND AMENDED COMPLAINT

9.    In response to the first sentence in Paragraph 9, Defendant Brogi admits that effective March 1, 2021, HyreCar entered into a new claim adjusting agreement with Sedgwick.  In response to the third sentence in Paragraph 9, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on May 13, 2021, for the period ended March 31, 2021, which reported an insurance reserve of approximately $1.747 million.  In further response to the third sentence of Paragraph 9, Defendant Brogi admits that HyreCar filed a Form 10-Q on August 10, 2021, for the quarterly period ended June 30, 2021, which reported approximately $1.2 million attributed to one-off new developments on claims and incidental payments incurred prior to March 31, 2021 in excess of reserves and accruals.  The disclosures in the Form 10-Qs speak for themselves.  Except as expressly admitted, Defendant Brogi denies the allegations of Paragraph 9.

10.    Defendant Brogi lacks information or knowledge sufficient to form a belief as to the allegations regarding HyreCar's management's knowledge of claims data and the manager of the prior TPA, because those allegations are vague and argumentative, do not specify which members of HyreCar management and to which third party claims processor they refer, and refer generally to "all claims data," and on that basis denies those allegations.  Defendant Brogi denies the remaining allegations in Paragraph 10.

11.    Defendant Brogi denies the allegations in Paragraph 11.

12.    The first sentence in Paragraph 12 purports to characterize a HyreCar press release, dated August 10, 2021.  Defendant Brogi responds that the document speaks for itself.  Defendant admits that HyreCar reported a net loss of $9.3 million compared to a net loss of $3.8 million the prior year, but except as expressly stated, denies the characterizations of the document in the first sentence of Paragraph 12, and denies any remaining allegations.  The second and third sentences in Paragraph 12 purport to characterize and quote from HyreCar's Form 10-Q for the quarter ending June 30, 2021, filed with the SEC on August 10, 2021.  Defendant

BROGI ANSWER TO SECOND AMENDED COMPLAINT

3

Brogi answers that the documents speak for themselves.  Defendant Brogi admits that the quoted language in the second and third sentences of Paragraph 12 appear in the referenced Form 10-Q, but otherwise denies the allegations in those sentences. Defendant Brogi denies the allegations contained in Footnote 2 to Paragraph 12 that purport to describe and quote from a HyreCar's annual report filed with the SEC on March 15, 2020.  No such annual report was filed on March 15, 2020, and on that basis, Defendant Brogi denies such allegations. Except as expressly admitted, Defendant Brogi denies the allegations contained in Paragraph 12.

13.    Responding to Paragraph 13, Defendant Brogi admits that the closing stock price for HyreCar on August 11, 2021 was $9.85 per share.  Defendant Brogi further admits that the publicly listed trading volume for August 11, 2021 was over 5.8 million shares.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 13.

14.    Defendant Brogi denies the allegations in Paragraph 14.

15.    Paragraph 15 contains legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi admits that Plaintiff purports to bring claims under Section 10(b) of the Exchange Act and Section 20(a) of the Exchange Act.  Except as expressly admitted, Defendant Brogi denies the allegations contained in Paragraph 15.

## II.    JURISDICTION AND VENUE

16.    Paragraph 16 contains legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi admits that jurisdiction under the Exchange Act claims is conferred by Section 27 of the Exchange Act because the Complaint purports to assert claims arising under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.  Defendant Brogi denies the allegations in Paragraph 16 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

17.     Paragraph 17 contains legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi admits that this Court has jurisdiction over this matter as a putative securities class action claiming violations of Section 10(b) and 20(a) of the Exchange Act, pursuant to 28 U.S.C. §1331 and §27 of the Exchange Act.

18.     Paragraph 18 contains legal conclusions to which Defendant Brogi is not required to respond.  To the extent a responses is required, Defendant Brogi admits that venue is proper in this District pursuant to §27 of the Exchange Act and 28 U.S.C. §1391(b).  Defendant Brogi further admits that HyreCar's principal executive offices are in this District.  Defendant Brogi denies the allegations in Paragraph 18 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.

19.     Paragraph 19 contains legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them.

### III.     PARTIES

20.     Defendant Brogi denies the allegations in Paragraph 20.

21.     Defendant Brogi admits the allegations in the first and third sentences of Paragraph 21.  Defendant Brogi further admits that from the date of HyreCar's IPO (June 27, 2018) through the date this Answer was filed, the Company's common stock was listed on the NASDAQ under the ticker symbol HYRE.  Except as expressly admitted, Defendant Brogi denies any remaining allegations in Paragraph 21.

22.     Responding to Paragraph 22, Defendant Brogi admits that Joseph Furnari served as HyreCar's Chief Executive Officer ("CEO") and one of its directors during the Class Period alleged in the Complaint, and that Furnari was appointed as CEO in January 2017.  Defendant Brogi further admits that from

5

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

May 2016 until his appointment as CEO, Furnari served as HyreCar's Chief Financial Officer ("CFO"). Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 22.

23. Defendant Brogi admits that he served as the CFO of HyreCar from September 2018 until his retirement from his position with HyreCar in July 2021. The second sentence of Paragraph 23 does not contain any factual assertion and therefore does not require a response. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 23.

## IV.    RELEVANT NONPARTIES

24. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

27. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

28. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them.

29. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore denies them.

30. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore denies them.

31. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies them.

32. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies them.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## V.    SUBSTANTIVE ALLEGATIONS

### A.    Background

33.    Defendant Brogi admits that HyreCar allows car and fleet owners to rent their cars directly to drivers, including gig economy service drivers, provides a unique insurance product that covers both owners and drivers, and provides operations and logistical support to those using its car-sharing market place.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 33.

34.    Defendant Brogi admits that HyreCar's car sharing marketplace allows vehicle owners to rent their car directly to interested renters for a fee.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 34.

35.    Defendant Brogi admits the first, second, and fifth sentences of Paragraph 35.  Defendant Brogi further admits that in HyreCar's Form 10-K for the fiscal year ended December 31, 2020, HyreCar disclosed the following: "We generate revenue by taking a fee out of each rental processed on our platform. Each rental transaction represents a Driver renting a car from an Owner. Drivers pay a daily rental rate set by the Car Owner, plus a 10% HyreCar Driver Fee and direct daily insurance costs. Owners receive their daily rental rate minus a 15-25% HyreCar Owner Fee.  For example, as of December 31, 2020, the average daily rental rate of a HyreCar vehicle nationally is approximately $36.00 ("Daily Rental Rate"), plus a 10% HyreCar Driver fee ($3.60) and daily direct insurance fee of $13.00, totaling $52.60 in total daily gross billings is paid by the Driver via a credit card transaction. On average approximately 80% of the daily rental or $28.80 is transferred to the Owner via our merchant processing partner. HyreCar earns revenues from the two revenue share fees and the insurance totaling approximately $24.16 per day." Except as expressly admitted, Defendant Brogi denies the allegations of Paragraph 35.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

36. Defendant Brogi admits that HyreCar's insurance products have, over time, offered different tiers of insurance coverage with varying deductibles and coverage limits. HyreCar's written policies speak for themselves, and to the extent that Plaintiff's generalized summary mischaracterizes those policies, Defendant Brogi denies those allegations. Except as expressly admitted, Defendant Brogi denies any remaining allegations in Paragraph 36.

37. Defendant Brogi admits that an overlap of insurance coverage exists for HyreCar drivers who operate vehicles rented through HyreCar on platforms of Transportation Network Companies ("TNCs"), but HyreCar's insurance subordinates to the state mandated insurance provided by TNCs. Defendant Brogi lacks knowledge or information sufficient to admit or deny the characterizations that "a substantial number" of HyreCar drivers operate their rented vehicles on certain services, particularly without reference to a time period, and on that basis denies those allegations. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 37.

38. Responding to Paragraph 38, Defendant Brogi admits that HyreCar filed a Form 10-K with the SEC on March 31, 2021, for the period ending December 31, 2020. Defendant Brogi admits that HyreCar's March 31, 2021 Form 10-K filing contains the quoted language in Paragraph 38, except the first word is "For," not "Our," and speaks for itself. Except as expressly admitted, Defendant Borgi denies the allegations in Paragraph 38.

39. Defendant Brogi admits that HyreCar is not the sole insurance provider for at least some of its users. Defendant Brogi further admits that for HyreCar's drivers who operate their rented vehicles for services such as Uber and Lyft, during the periods when the drivers are actively operating on a ride-sharing platform, HyreCar's insurance subordinates to the state mandated insurance provided by the third party ride-sharing business. Except as expressly admitted, Defendant Brogi

8

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39, and on that basis denies them.

**B.     HyreCar Introduces A Tiered Program Structure Taking On More Risk For Physical Damages Claims**

40.     Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies them.

41.     Defendant Brogi admits that in 2018, HyreCar explored forms of alternative risk structures including self-insurance through captive insurance programs and policies, as defined and disclosed in its Form 10-K filed with the SEC on March 28, 2019, for the period ended December 31, 2018.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41 and on that basis denies them.

42.     The first sentence in Paragraph 42 purports to quote from and characterize a HyreCar press release dated April 9, 2019.  Defendant Brogi answers that the document speaks for itself and denies any allegation that goes beyond the statements made in the document.  Responding to the second sentence of Paragraph 42, Defendant Brogi admits that in April 2019 HyreCar offered owners of cars using its platform a choice between "Basic," "Standard," and "Premium" insurance plans, the terms of which differed for liability, physical damage, and incidentals, and changed over time.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 42.

43.     Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and therefore denies them.  Responding to Footnote 5 to Paragraph 43, Defendant Brogi admits that the Alabama Department of Insurance's website lists Iron Reassurance Company, LLC's line of business as "Protective Cell Captive Insurance Company."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Footnote 5 and on that basis denies them.

44.     Defendant Brogi denies the allegations in the first sentence of Paragraph 44.  The second sentence of Paragraph 44 does not contain facts to which Defendant Brogi is required to respond. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 44 and therefore denies them.  Except as expressly admitted, Defendant Brogi denies any remaining allegations in Paragraph 44.

**C.     HyreCar's Insurance Reserves Are Mostly For Physical Damages And Incidental Claims To Owner Vehicles Under The Company's Plan Program**

45.     Responding to Paragraph 45, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ending March 31, 2021, which included the quoted language.  The May 13, 2021 Form 10-Q speaks for itself.  Defendant Brogi denies any allegation that purports to characterize or goes beyond the statements in the document.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 refer to the Generally Accepted Accounting Principles.  Defendant Brogi answers the Generally Accepted Accounting Principles speak for themselves and denies any allegation that mischaracterizes or goes beyond the referenced principles.  Defendant Brogi denies any remaining allegations in Paragraph 46.

47.     Responding to Paragraph 47, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ending March 31, 2021, containing the quoted language in Paragraph 47, but Plaintiff has not included the complete quote.  The May 13, 2021 Form 10-Q speaks for itself.  Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 and on that basis denies them.

10

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

48.     Responding to Paragraph 48, Defendant Brogi admits that HyreCar filed a Form 10-K for the fiscal year ended December 31, 2021 on March 15, 2022. That document speaks for itself, and Defendant Brogi denies any allegations that misstate or mischaracterize the document. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 48.

49.     Responding to Paragraph 49, Defendant Brogi admits that HyreCar covers certain incidental costs under its insurance plan programs.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and on that basis denies them.  Responding to Footnote 8, Defendant Brogi responds that HyreCar's published terms of service speak for themselves.  Defendant Brogi otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Footnote 8, and on that basis denies them.

50.     Defendant Brogi admits that certain of HyreCar's SEC filings contain the quoted language in Paragraph 50.  Those SEC filings speak for themselves. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and on that basis denies them.

51.     Paragraph 51 does not contain a factual statement to which Defendant Brogi is required to respond.  To the extent a response is required, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and on that basis denies them.

**D.     By Their Inherent Nature, Physical Damages Claims And Incidental Claims Under HyreCar's Program Should Present Minimal Risk of Being Unreported Or Under-Reserved**

52.     Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and therefore denies them.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

53. Responding to Paragraph 53, Defendant Brogi admits that HyreCar published a damage claim policy on January 4, 2022 which contains the language quoted in the second and third sentences of Paragraph 53. The insurance policy speaks for itself, and Defendant Brogi denies any allegation that purports to mischaracterize or misstate the document. Except as expressly admitted, Defendant Brogi denies the allegations contained in Paragraph 53.

54. Responding to Paragraph 54, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ending March 31, 2021, containing the quoted language in Paragraph 54. The May 13, 2021 Form 10-Q speaks for itself, and Defendant Brogi denies any allegation that purports to mischaracterize or misstate the document. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore denies them..

55. Responding to Paragraph 55, Defendant Brogi admits that HyreCar maintains a mobile application where owners can report damage and that information is transmitted to HyreCar. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 55.

56. Defendant Brogi admits that HyreCar maintains a mobile application where owners can submit pictures of the vehicle. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, and on that basis denies them. Responding to Footnote 9, Defendant Brogi admits that HyreCar used a claims administrator to review and process insurance claims for physical damages. Except as expressly admitted, Defendant Brogi denies the allegations in Footnote 9.

57. Responding to Paragraph 57, Defendant Brogi admits that HyreCar establishes insurance reserves for claims incurred but not yet paid and claims incurred but not yet reported. Defendant Brogi further admits that cost of revenue includes, among other things, insurance claim payments made and estimated

12

BROGI ANSWER TO SECOND AMENDED COMPLAINT

liabilities based on the insurance policies in effect at the time.  Defendant Brogi also admits that cost of revenue and other expenses are deducted from revenue on its consolidated statements of operations to calculate net loss.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 57.  Responding to Footnote 10 to Paragraph 57, Defendant Brogi admits the first two sentences of Footnote 10.  Defendant Brogi denies the allegations in the third sentence of Footnote 10.  Responding to Footnote 11 to Paragraph 57, Defendant Brogi admits the allegations in the first sentence of Footnote 11.  The second sentence of Footnote 11 appears to refer to an August 10, 2021 HyrCar earnings call.  Defendant Brogi refers to the transcript of that call, which speaks for itself.  Except as expressly admitted, Defendant Brogi denies the allegations in Footnote 11.

58.    Defendant Brogi denies the allegations in Paragraph 58.

59.    Responding to Paragraph 59, Defendant Brogi admits that insurance claim payments made during a specific reporting period are recorded as an expense and included in HyreCar's cost of revenue.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 59.

60.    Paragraph 60 does not contain any factual statements to which Defendant Brogi is required to respond.  To the extent a response is required, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and on that basis denies them.

61.    Paragraph 61 does not contain any factual statements to which Defendant Brogi is required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 61.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**E.     By Their Inherent Nature, Physical Damages Claims And Incidental Claims Under HyreCar's Program Should Present Minimal Risk of Being Unreported Or Under-Reserved**

**1.     Defendants Conceal The True Nature Of HyreCar's Purported Third Party Administrator**

62.     Responding to Paragraph 62, Defendant Brogi admits that HyreCar disclosed the 2017 Notes with David Haley totaling $300,000 in its Q2 2018 and Q3 2018 Form 10-Q and 2018 10-K filings.  Those filings speak for themselves. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, including the allegations in Footnote 12 of Paragraph 62, and on that basis denies them.

63.     Responding to Paragraph 63, Defendant Brogi admits that HyreCar made an announcement about a strategic joint venture on October 3, 2018 on its website as of December 19, 2022, which contains the language quoted in Paragraph 63.  The announcement speaks for itself, and Defendant Brogi denies any allegations that purport to mischaracterize or misstate the announcement.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and on that basis denies them.

64.     Responding to Paragraph 64, Defendant Brogi admits that Genoteq processed at least some of HyreCar's insurance claims for physical damage beginning on or around May 2019 until HyreCar entered into a claim adjusting agreement with a different claims administrator effective March 1, 2021. Defendant Brogi admits that HyreCar paid owners directly for incidental costs, at least during 2020.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64, and therefore denies them.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

65.    Responding to Paragraph 65, Defendant Brogi admits that as of January 4, 2023, Genoteq's website includes an "About Company" section on its website, which contains the language quoted in Paragraph 65.  That section of Genoteq's website available on that date speaks for itself.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and on that basis denies them.

66.    Responding to Paragraph 66, Defendant Brogi admits that the Louisiana Department of website lists the date Genoteq's license became effective.  That record speaks for itself.  Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66 and on that basis denies them.

67.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and therefore denies them.

68.    Paragraph 68 does not contain any factual statements to which Defendant Brogi is required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 68.

**2.    HyreCar Had Access To Genoteq's Physical Damage Claims Information**

69.    Defendant Brogi lacks knowledge or information sufficient to for a belief about the truth of the allegations regarding statements from CW9 in Paragraph 69, and on that basis denies them.

70.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements from CW10 in Paragraph 70, and on that basis denies them.

71.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements from CW 10 in Paragraph 71, and on that basis denies them.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

72. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements from or knowledge of CW 9 in Paragraph 72, and on that basis denies them.

73. Responding to the first sentence in Paragraph 73 and Footnote 13, Defendant Brogi admits that at least some of HyreCar's SEC filings referred to "third party claims adjuster data" as one input HyreCar used to estimate its insurance reserves, including HyreCar's Q1 2021 Form 10-Q.  Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 73, and on that basis denies them. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 73.

74. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements from CW9 in Paragraph 74, and on that basis denies them.

75. Defendant Brogi admits that HyreCar filed a Form 10-K with the SEC on April 14, 2020, for the year ended December 31, 2019, which disclosed, among other things, that HyreCar paid ABI the amounts stated in Paragraph 75.  The document speaks for itself, and Defendant Brogi denies any allegation in Paragraph 75 that mischaracterizes or misstates the document..  Except as expressly admitted, Defendant Brogi denies the remaining allegations in Paragraph 75.

76. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements from CW3 in Paragraph 76, and on that basis denies them.

**F.     Former Genoteq And HyreCar Employees Detail HyreCar's Delay And Suppression of Claims**

77. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and on that basis denies them.

16

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

78.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements from CW7 in Paragraph 78 and on that basis denies them.

79.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements by CW5 in Paragraph 79 and on that basis denies them.

80.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements from CW9 in Paragraph 80 and on that basis denies them.

81.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 regarding what CW9 stated and on that basis denies them.  Defendant Brogi denies any remaining allegations in Paragraph 81.

82.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding CW9 in Paragraph 82 and on that basis denies them.

**1.    The Accounts Of Former Genoteq And HyreCar Employees Are Corroborated By HyreCar's End Of Class Period And Post Class Period Admissions That The Company Had Under-reserved At Least $1 Million In Genoteq Claims Incurred Prior To January 1, 2021**

83.    Responding to Paragraph 83, Defendant Brogi admits that HyreCar filed a Form 10-K, for the year ended December 31, 2021, with the SEC on March 15, 2022, which contains the language quoted in Paragraph 83.  Responding to Footnote 14 to Paragraph 83, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on November 9, 2021, which contains the language quoted in the footnote.  The documents speak for themselves, and Defendant Brogi denies any allegation in Paragraph 83 and Footnote 14 that purports to mischaracterize or

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

misstate the referenced documents.  Except as expressly admitted, Brogi denies the allegations in Paragraph 83 and Footnote 14.

84.    Defendant Brogi lacks knowledge or information sufficient to admit or deny the allegations regarding observations by Genoteq employees in Paragraph 84, and on that basis denies the allegations.  Defendant Brogi denies the allegations in Paragraph 84 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims, including that its insurance reserves were understated.

85.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding CW11's statements and beliefs in Paragraph 85 and on that basis denies them.

86.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding CW12's statements in Paragraph 86 and on that basis denies them.

87.    Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding CW9's statements and beliefs in Paragraph 87 and on that basis denies them.

**2.    Reams Of Additional Consumer Complaints To The Better Business Bureau Corroborate The Accounts Of Former Genoteq And HyreCar Employees**

88.    Responding to Paragraph 88, Defendant Brogi admits that a September 2, 2020 complaint is published on the Better Business Bureau's website. That document speaks for itself, and Defendant Brogi denies any allegation in Paragraph 88 that mischaracterizes or misstates that document.  Defendant Brogi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis denies them.  Except as expressly admitted, Defendant Brogi denies any remaining allegations in Paragraph 88.

89.    Responding to Paragraph 89, Defendant Brogi admits that an October 15, 2020 response is published on the Better Business Bureau's website.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The response speaks for itself.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 89, and on that basis denies them.

90.    Defendant Brogi denies the allegations in Paragraph 90.

91.    Responding to Paragraph 91, Defendant Brogi admits that an August 26, 2020 complaint is published on the Better Business Bureau's website.  That complaint speaks for itself, and Defendant Brogi denies any allegations in Paragraph 91  that mischaracterize or misstate the document.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 91, and on that basis denies the allegations.

92.    Responding to Paragraph 92, Defendant Brogi admits that a September 10, 2020 comment is published on the Better Business Bureau's website.  That comment speaks for itself, and Defendant Brogi denies any allegations in Paragraph 92  that mischaracterize or misstate the document.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 92, and on that basis denies the allegations.

93.    Responding to Paragraph 93, Defendant Brogi admits that a March 9, 2021 complaint is published on the Better Business Bureau's website.  That complaint speaks for itself, and Defendant Brogi denies any allegations in Paragraph 93 that mischaracterize or misstate the document.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 93, and on that basis denies the allegations.

94.    Responding to Paragraph 93, Defendant Brogi admits that a March 19, 2021 response is published on the Better Business Bureau's website.  Defendant Brogi Defendant Brogi admits that an April 12, 2021 comment is published on the

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Better Business Bureau's website that contains the language that Plaintiff alleges is contained in an April 7, 2021 comment. The response and comment speak for themselves, and Defendant Brogi denies any allegations in Paragraph 94 that mischaracterize or misstate the referenced writings. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 94, and on that basis denies the allegations.

95. Paragraph 95 purports to quote from various reviews filed with the Better Business Bureau on March 3, 2020, January 22, 2020, July 15, 2019, and March 3, 2019. To the extent a response is required, Defendant Brogi answers that the reviews speak for themselves and denies any allegation in Paragraph 95 that purports to mischaracterize or misstate the complaints. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and on that basis denies them.

96. Responding to Paragraph 96, Defendant Brogi admits that reviews are posted on the Better Business Bureau website dated between December 12, 2018 and October 29, 2021. Those reviews speak for themselves, and Defendant Brogi denies any allegation in Paragraph 96 that mischaracterizes or misstates those reviews. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis denies them.

97. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 and on that basis denies them.

**G.    HyreCar's Transition From Genoteq To Sedgwick In March 2021**

98. Defendant Brogi admits the allegations in Paragraph 98.

99. Responding to Paragraph 99, Defendant Brogi admits that on May 20, 2021, HyreCar issued a press release via its website titled "HyreCar Renews

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Insurance Program with Lloyd's Apollo Insurance Syndicate until 2023." The May 20, 2021 press release speaks for itself. Defendant denies any allegations in Paragraph 99 that mischaracterize or misstate the press release. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 99.

100. Responding to Paragraph 100, Defendant Brogi admits that on May 20, 2021, HyreCar issued a press release via its website titled "HyreCar Renews Insurance Program with Lloyd's Apollo Insurance Syndicate until 2023." The May 20, 2021 press release speaks for itself. Defendant Brogi denies the allegations in Paragraph 100 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 100.

101. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding CW9's statements in Paragraph 101 and on that basis denies them.

102. Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding CW12's statements in Paragraph 102 and on that basis denies them.

103. Responding to Paragraph 103, Defendant Brogi admits that HyreCar filed a Form 10-Q for the period ended March 31, 2021 with the SEC on May 13, 2021, which reported an insurance reserve of approximately $1.74 million. The March 31, 2021 Form 10-Q speaks for itself. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 103.

**H.     Prior To Disclosing The Massive Backlog of Under-reserved Claims, Defendants Unloaded Massive Quantities Of Their HyreCar Stock At Inflated Prices**

104. Defendant Brogi denies the allegations in Paragraph 104.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**1.   HyreCar Falsely Represented Its Insurance Reserves And Cost of Revenue During Its Q1 2021 Financials**

105.   Responding to Paragraph 105, Defendant Brogi admits that HyreCar issued a press release on May 13, 2021 on its website titled "HyreCar Announces Record First Quarter 2021 Financial Results."  The May 13, 2021 press release speaks for itself.  Defendant Brogi denies any allegations in Paragraph 105 that mischaracterize or misstate the press release.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 105.

106.   Defendant Brogi denies the allegations in Paragraph 106.

107.   Responding to Paragraph 107, Defendant Brogi admits that he and Furnari participated in HyreCar's Q1 2021 earnings call, held on May 13, 2021.  The public transcript of that call contains, among other things, the language quoted in Paragraph 107 and speaks for itself.  To the extent the allegations in Paragraph 107 mischaracterize or misstate that call, Defendant Brogi denies the allegations in Paragraph 107.  In its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 107 regarding "seasonal shifts in insurance costs" were not sufficient to plead a materially misleading statement or omission.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 107.

108.   Responding to Paragraph 108, Defendant Brogi admits that he participated in HyreCar's Q4 2020 earnings call, held on March 30, 2021.  The transcript of that call speaks for itself, and Defendant Brogi denies any allegation in Paragraph 108 mischaracterizes or misstates the transcript.  In its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 108 regarding "seasonal shifts in insurance costs" were not sufficient to plead a materially misleading statement or omission.  Except as expressly admitted, Defendant Brogi denies any remaining allegations in Paragraph 108.

109.   Defendant Brogi denies the allegations in Paragraph 109.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

110.   Defendant Brogi denies the allegations in Paragraph 110.

**2.      Defendants False Statements Artificially Inflated HyreCar's Stock, And Defendants Cashed In Through Insider Sales**

111.   Responding to Paragraph 111, Defendant Brogi admits that HyreCar stock's closing price on May 13, 2021 was $8.93 per share and the highest price of its stock on June 23, 2021 was $24.21 per share.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 111.

112.   Defendant Brogi denies the allegations in Paragraph 112.

113.   Responding to Paragraph 113, Defendant Brogi admits that HyreCar filed a Form 4 Statement of Changes in Beneficial Ownership with the SEC, reflecting that CEO Furnari sold HyreCar stocks between July 21, 2021 and July 23, 2021.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 113 and on that basis denies them.

114.   Defendant Brogi denies the first sentence of Paragraph 114.  Defendant Brogi admits that he sold 72,329 shares of HyreCar stock between May 20, 2021 and May 24, 2021, as reflected in HyreCar Form 4 Statement of Changes in Beneficial Ownership filed with the SEC on May 24, 2021.  Defendant Brogi further admits that prior to May 20, 2021, he did not sell any HyreCar shares since joining HyreCar in September 2018.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 114, and further denies the allegations to the extent they purport to assert there is a basis in fact or law for Plaintiff's claims.

**I.      The Truth Begins To Be Revealed**

115.   Responding to Paragraph 115, Defendant Brogi admits that on August 10, 2021, HyreCar issued a press release via its website titled "HyreCar Announces Record Second Quarter 2021 Financial Results."  The August 10, 2021 press release speaks for itself.  Defendant Brogi denies any allegations in

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Paragraph 115 that mischaracterize or misstate the press release. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 115.

116. Responding to Paragraph 116, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on August 10, 2021, for the quarterly period ended June 30, 2021. The August 10, 2021 Form 10-Q speaks for itself. Defendant Brogi denies any allegations in Paragraph 116 that mischaracterize or misstate the document. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 116.

117. Responding to Paragraph 117, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on August 10, 2021, for the quarterly period ended June 30, 2021. The August 10, 2021 Form 10-Q speaks for itself. Defendant Brogi denies any allegations in Paragraph 117 that mischaracterize or misstate the document. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 117.

118. Defendant Brogi lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis denies them.

119. Responding to Paragraph 119, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on August 10, 2021, for the quarterly period ended June 30, 2021. The August 10, 2021 Form 10-Q speaks for itself. Defendant Brogi denies any allegations in Paragraph 119 that mischaracterize or misstate the document. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 119.

120. Responding to Paragraph 120, Defendant Brogi admits that on August 10, 2021, HyreCar held an earnings call. Defendant Brogi denies that he led HyreCar's Q2 2021 earnings call. The public transcript of that call contains the language quoted in Paragraph 120 and speaks for itself. To the extent the allegations in Paragraph 120 mischaracterize or misstate that call, Defendant Brogi

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

denies the allegations in Paragraph 120.  Defendant Brogi denies any remaining allegations in Paragraph 120.

121.   Defendant Brogi denies the allegations in Paragraph 121.

122.   Responding to Paragraph 122, Defendant Brogi admits that on August 10, 2021, HyreCar held an earnings call.  The public transcript of that call contains the language quoted in Paragraph 122 and speaks for itself.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 122.

123.   Responding to Paragraph 123, Defendant Brogi admits that on August 10, 2021, HyreCar held an earnings call.  The public transcript of that call contains the language quoted in Paragraph 123 and speaks for itself.  Defendant Brogi denies any allegations in Paragraph 123 that mischaracterize or misstate that call. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 123.

124.   Responding to Paragraph 124, Defendant Brogi admits that on August 10, 2021, HyreCar held an earnings call.  The public transcript of that call contains the language quoted in Paragraph 124 and speaks for itself.  Defendant Brogi denies any allegations in Paragraph 124 that mischaracterize or misstate that call. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 124.

125.   Responding to Paragraph 125, Defendant Brogi admits that on August 10, 2021, HyreCar held an earnings call.  The public transcript of that call contains the language quoted in Paragraph 125 and speaks for itself.  Defendant Brogi denies any allegations in Paragraph 125 that mischaracterize or misstate that call.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 125.

126.   Responding to Paragraph 126, Defendant Brogi admits that on August 10, 2021, HyreCar held an earnings call.  The public transcript of that call contains the language quoted in Paragraph 126 and speaks for itself.  Defendant

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Brogi denies any allegations in Paragraph 126 that mischaracterize or misstate that call.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 126.

127.   Responding to Paragraph 127, Defendant Brogi admits that the closing stock price for HyreCar on August 11, 2021 was $9.85 per share and that the reported trading volume was 5,853,800 on August 11, 2021.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 127.

128.   Responding to Paragraph 128, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on November 9, 2021, for the quarter period ended September 30, 2021. Defendant Brogi answers that the document speaks for itself and denies any allegation in Paragraph 128 that purports to mischaracterize or misstate the document.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 128.

129.   Responding to Paragraph 129, Defendant Brogi admits that HyreCar filed its annual report with the SEC on March 15, 2022 for the year ended December 31, 2021.  Defendant Brogi answers that the document speaks for itself and denies any allegation in Paragraph 129 that purports to mischaracterize or misstate the document.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 129.

## VI.   DEFENDANTS' MATERIALLY FALSE AND/OR MISLEADING STATEMENTS

### A.   Statements from the Company's Q1 2021 Press Release

130.   Responding to Paragraph 130, Defendant Brogi admits that on May 13, 2021, HyreCar issued a press release entitled "HyreCar Announces Record First Quarter 2021 Financial Results."  The May 13, 2021 press release speaks for itself. Defendant denies any allegations in Paragraph 130 that mischaracterize or misstate the press release.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 130.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

131.   Responding to Paragraph 131, Defendant Brogi admits that on May 13, 2021, HyreCar issued a press release entitled "HyreCar Announces Record First Quarter 2021 Financial Results."  The May 13, 2021 press release speaks for itself.  Defendant Brogi denies any allegations in Paragraph 131 that mischaracterize or misstate the press release.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 131.

132.   Defendant Brogi denies the allegations in Paragraph 132.

133.   Defendant Brogi denies the allegations in Paragraph 133.

134.   Responding to Paragraph 134, Defendant Brogi admits that on May 13, 2021, HyreCar issued a press release entitled "HyreCar Announces Record First Quarter 2021 Financial Results."  The May 13, 2021 press release speaks for itself.  Defendant Brogi denies any allegations in Paragraph 134 that mischaracterize or misstate the press release.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 134.

135.   Defendant Brogi denies the allegations in Paragraph 135.

**B.      Statements From the Company's Q1 2021 Earnings Call**

136.   Responding to Paragraph 136, Defendant Brogi admits to participating in HyreCar's Q1 2021 earnings call, held on May 13, 2021.  The allegations in Paragraph 136 purport to quote from and characterize the Q1 2021 earnings call.  Defendant Brogi answers that the call's transcript speaks for itself and denies any allegation in Paragraph 136 that mischaracterize or misstate the transcript.

137.   Defendant Brogi denies the allegations in Paragraph 137.  Moreover, in its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 137 were not sufficient to plead a materially misleading statement or omission and therefore no response is required.

138.   The allegations in Paragraph 138 purport to quote from the Q1 2021 earnings call.  Defendant Brogi answers that the call's transcript speaks for itself and denies any allegation in Paragraph 138 that misstates or mischaracterizes the

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

transcript. Moreover, in its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 138 were not sufficient to plead a materially misleading statement or omission and therefore no response is required.

139. Defendant Brogi denies the allegations in Paragraph 139. Moreover, in its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in Paragraph 139 were not sufficient to plead a materially misleading statement or omission and therefore no response is required.

**C.      Statements From the Company's Q1 2021 10-Q**

140. Responding to Paragraph 140, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ended March 31, 2021, containing the quotes language without emphasis included by Plaintiff. The May 13, 2021 Form 10-Q speaks for itself. Defendant Brogi denies any allegations in Paragraph 140 that mischaracterize or misstate the document. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 140.

141. Defendant Brogi denies the allegations in Paragraph 141.

142. Responding to Paragraph 142, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ended March 31, 2021. The May 13, 2021 Form 10-Q speaks for itself. Defendant Brogi denies any allegations in Paragraph 142 that mischaracterize or misstate the document.

143. Defendant Brogi denies the allegations in Paragraph 143.

144. Responding to Paragraph 144, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ended March 31, 2021. The May 13, 2021 Form 10-Q speaks for itself. Defendant Brogi denies any allegations in Paragraph 144 that mischaracterize or misstate the document.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

145.    Defendant Brogi denies the allegations in Paragraph 145.

146.    Responding to Paragraph 146, Defendant Brogi admits that HyreCar filed a Form 10-Q with the SEC on May 13, 2021, for the quarterly period ended March 31, 2021, containing, among other things, the quoted language in Paragraph 146, without Plaintiff's added emphasis.  The May 13, 2021 Form 10-Q speaks for itself.  Defendant Brogi denies any allegations in Paragraph 146 that mischaracterize or misstate the document.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 146.  Moreover, in its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in the Second Amended Complaint were not sufficient to plead that the statement quoted in Paragraph 146 was materially false or misleading.

147.    Defendant Brogi denies the allegations in Paragraph 147.  Moreover, in its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that the allegations in the Second Amended Complaint were not sufficient to plead that the statement quoted in Paragraph 147 was materially false or misleading.

## VII.    ADDITIONAL SCIENTER ALLEGATIONS

148.    Defendant Brogi denies the allegations in Paragraph 148.

149.    Defendant Brogi denies the allegations in Paragraph 149.

150.    Paragraph 150 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 150.

151.    Paragraph 151 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 151.

152.    Responding to the first two sentences in Paragraph 152, Defendant Brogi admits that effective March 1, 2021, HyreCar entered into a two-year claim adjusting agreement with Sedgwick which included an escrow account requirement of $1,750,000 to be held by Sedgwick for claim payments.  Defendant Brogi further

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

admits and that the escrow account was replenished by HyreCar on a quarterly basis. Except as expressly admitted, the remaining allegations in Paragraph 152 are legal conclusions to which no response is required. To the extent a response is required, Defendant Brogi denies the remaining allegations in Paragraph 152.

153. Defendant Brogi denies the allegations in Paragraph 153.

154. Defendant Brogi denies the allegations in Paragraph 154.

155. Responding to Paragraph 155, Defendant Brogi admits that HyreCar filed a Form 4 Statement of Changes in Beneficial Ownership with the SEC, reflecting that CEO Furnari sold HyreCar stocks between July 21, 2021 and July 23, 2021. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 155 and therefore denies them.

156. In response to Paragraph 156, Defendant Brogi admits that HyreCar filed a Form 4 Statement of Changes in Beneficial Ownership with the SEC, reflecting that Michael Furnari sold HyreCar stocks between July 21, 2021 through July 23, 2021. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 156 and on that basis denies them.

157. Responding to Paragraph 157, Defendant Brogi admits that he sold 72,329 shares of HyreCar stock between May 20, 2021 and May 24, 2021. Defendant Brogi further admits that prior to May 20, 2021, he did not sell any HyreCar shares since joining HyreCar in September 2018. Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 157.

158. Responding to Paragraph 158, Defendant Brogi admits that HyreCar filed two forms 4 Statement of Changes in Beneficial Ownership with the SEC, reflecting that Grace Mellis sold HyreCar stocks on May 24, 2021 and June 3, 2021. Except as expressly admitted, Defendant Brogi lacks knowledge or information

30

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sufficient to form a belief about the truth of the remaining allegations in Paragraph 158 and on that basis denies them.

159.   Responding to Paragraph 159, Defendant Brogi admits that HyreCar filed two forms 4 Statement of Changes in Beneficial Ownership with the SEC, reflecting that Henry Park sold HyreCar stocks on May 19, 2021 and May 20, 2021. Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 159 and therefore denies them.

160.   Responding to the first and second sentences in Paragraph 160, Defendant Brogi admits that HyreCar announced his retirement from his position at HyreCar on June 23, 2021, at age 56.  Defendant Brogi further admits that HyreCar announced that Serge de Bock had been hired as the new CFO.  Defendant denies the third sentence in Paragraph 160.  Except as expressly admitted, Defendant Brogi denies any remaining allegations in Paragraph 160.

161.   Paragraph 161 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 161.

## VIII.   LOSS CAUSATION

162.   Defendant Brogi denies the allegations in Paragraph 162.

163.   Responding to Paragraph 163, Defendant Brogi admits that the closing stock price for HyreCar on August 11, 2021 was $9.85 per share and that admits that the publicly listed trading volume for August 11, 2021 was over 5.8 million shares.  Except as expressly admitted, Defendant Brogi denies the allegations in Paragraph 163.

## IX.   CLASS ACTION ALLEGATIONS

164.   Paragraph 164 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi responds that Plaintiff purports to bring a putative class action, but denies that any class

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

should be certified.  Defendant Brogi denies any remaining allegations in Paragraph 164.

165.  Paragraph 165 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant admits that during the alleged Class Period, HyreCar stock was publicly traded on the NASDAQ.  Except as expressly admitted, Brogi denies the allegations in Paragraph 165.

166.  Paragraph 166 states a legal conclusion to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 166.

167.  Paragraph 167 states a legal conclusion to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in of Paragraph 167 and on that basis denies them.

168.  Paragraph 168 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 168.

169.  Paragraph 169 states  legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 169.

## X.  UNDISCLOSED ADVERSE FACTS

170.  The first sentence of Paragraph 170 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 170 and therefore denies them.  Defendant Brogi denies the remaining allegations in Paragraph 170.

171.  Defendant Brogi denies the allegations in Paragraph 171.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## XI.   APPLICABILITY OF PRESUMPTION OF RELIANCE

172.   Responding to the third sentence of Paragraph 172,  Defendant Brogi admits that the closing stock price for HyreCar on June 23, 2021 was $22.95 per share.  The remaining allegations in Paragraph 172 state legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, except as expressly admitted, Defendant Brogi denies allegations in Paragraph 172.

173.   Defendant Brogi denies the allegations in Paragraph 173.

174.   Paragraph 174 states a legal conclusion to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 174 and therefore denies them.

175.   Responding to Paragraph 175, Defendant Brogi admits that HyreCar shares were listed and traded on the NASDAQ.  Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the market for HyreCar's securities and trading thereof, and on that basis denies the remaining allegations in Paragraph 175.

176.   Responding to Paragraph 176, Defendant Brogi admits that HyreCar filed periodic public reports with the SEC and NASDAQ.

177.   Responding to Paragraph 177, Defendant Brogi admits that HyreCar issued press releases and periodically filed reports with the SEC, which were publicly available for investors to review.  Except as expressly admitted, Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth the allegations in Paragraph 177 and on that basis denies them.

178.   Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth the allegations in Paragraph 178 and on that basis denies them.

179.   Defendant Brogi lacks knowledge or information sufficient to form a belief about the truth the allegations in the first sentence of Paragraph 179 and on

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that basis denies them.  Defendant Brogi denies the allegations in the second sentence of Paragraph 179.

## XII.    NO SAFE HARBOR

180.    Paragraph 180 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 180.  In its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that at least one of the statements in the Complaint alleged to be false was forward-looking.

181.    Paragraph 181 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 181. In its December 5, 2022 Order on Defendants' Motion to Dismiss, the Court held that at least one of the statements in the Complaint alleged to be false was forward-looking.

## XIII.    COUNT ONE
### Violation of Section 10(b) of The Exchange Act and SEC Rule 10b-5 Promulgated Thereunder

182.    Responding to Paragraph 182, Defendant Brogi repeats and realleges every Paragraph contained above as if fully set forth herein.

183.    Defendant Brogi denies the allegations in Paragraph 183.

184.    Paragraph 184 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 184.

185.    Paragraph 185 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 185.

186.    Paragraph 186 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 186.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

187. Paragraph 187 states legal conclusions to which Defendant Brogi is not required to respond. To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 187.

188. Paragraph 188 states legal conclusions to which Defendant Brogi is not required to respond. To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 188.

189. Paragraph 189 states legal conclusions to which Defendant Brogi is not required to respond. To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 189.

190. Paragraph 190 states a legal conclusion to which Defendant Brogi is not required to respond. To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 190.

191. Paragraph 191 states a legal conclusion to which Defendant Brogi is not required to respond. To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 191.

192. Paragraph 192 states legal conclusions to which Defendant Brogi is not required to respond. To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 192.

193. Paragraph 193 states legal conclusions to which Defendant Brogi is not required to respond. To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 193.

194. Paragraph 194 states a legal conclusion to which Defendant Brogi is not required to respond. To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 194.

195. Paragraph 195 states a legal conclusion to which Defendant Brogi is not required to respond. To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 195.

35

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## XIV.    COUNT TWO
### Violation of Section 20(a) of The Exchange Act Against the Individual Defendants

196.   Responding to Paragraph 196, Defendant repeats and realleges each and every Paragraph contained above as if fully set forth herein.

197.   Paragraph 197 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 197.

198.   Paragraph 198 states legal conclusions to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 198.

199.   Paragraph 199 states a legal conclusion to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 199.

200.   Paragraph 200 states a legal conclusion to which Defendant Brogi is not required to respond.  To the extent a response is required, Defendant Brogi denies the allegations in Paragraph 200.

## XV.    PRAYER FOR RELIEF

Plaintiff's prayer for relief is not an allegation.  To the extent that a response is required, Defendant Brogi denies that Plaintiffs are entitled to the requested relief.

## XVI.    JURY TRIAL DEMANDED

Defendant Brogi acknowledges that Plaintiff requests a jury trial on issues so triable.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## AFFIRMATIVE DEFENSES

Defendant denies any and all allegations not specifically admitted and states and alleges the following defenses.  In so doing, Defendant does not allege or admit that it bears the burden of proof or persuasion with respect to any of the foregoing defenses.  Defendant reserves the right to supplement to or amend its defenses and raise any counterclaims as additional information is developed through discovery or investigation.

### FIRST DEFENSE
### (Good Faith)

Defendant is not liable for control person liability under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), nor is Defendant liable for any other claim, as Defendant acted in good faith, exercised reasonable care, did not know of, or in exercise of reasonable care could not have known of, and did not disseminate any false or misleading statements or omit any material facts required to be disclosed.  With respect to the statements and disclosures alleged to have been made by Defendants, after reasonable investigation, Defendants had reasonable grounds to believe and did believe, at the time such statements became effective, that the statements were true and omitted no material facts.

### SECOND DEFENSE
### (No Inducement or Culpable Participation)

Defendant is not liable for control person liability under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), as Defendant did not directly or indirectly induce, nor culpably participated in, any act alleged to constitute a violation of Section 20(a) of the Exchange Act.

### THIRD DEFENSE
### (Lack of Scienter)

Defendants is not liable for control person liability under Section 20(a) of the Exchange Act, 15 U.S.C. § 78(t)(a), or for any other claim, because Defendant did not act with requisite scienter.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## FOURTH DEFENSE
### (Failure to State a Claim Under Section 20(a) of the Exchange Act)

Defendant is not liable for control person liability under Section 20(a) of the Exchange Act, 15 U.S.C. § 78(t)(a) because Defendant (1) did not have actual power or control over the persons or entities responsible for any of the alleged wrongdoing and (2) Plaintiff fails to adequately plead a primary violation of federal securities laws, each of which is a predicate for establishing liability for a control person claim.

## FIFTH DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by the relevant statute of limitations or statute of repose.

## SIXTH DEFENSE
### (Third Parties)

Defendant is not liable because any alleged misstatement or omissions made or caused to be made by Defendants were based in good faith and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom he was entitled to rely.

## SEVENTH DEFENSE
### (Waiver/Estoppel)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and/or estoppel.

## EIGHTH DEFENSE
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## NINTH DEFENSE
### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover in this action.

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TENTH DEFENSE
### (No Material Misstatement or Omission)

Defendant is not liable to Plaintiff because Defendants' statements were accurate in all material respects, and did not contain any statements that were false or misleading with respect to material facts when made, or any misleading actionable omissions of material fact. Defendant is not liable because certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were available to Plaintiff, members of the class, and/or the securities markets. Defendant is not otherwise responsible for any alleged false or misleading statements or omissions of material fact by any other defendant or any non-party to this action.

## ELEVENTH DEFENSE
### (Immateriality to Investment Decisions)

Plaintiff's claims are barred, in whole or in part, because any alleged misstatements or omissions were immaterial to the investment decisions of a reasonable investor, including in light of the total mix of information available to Plaintiffs.

## TWELFTH DEFNESE
### ("Puffery" and/or Safe Harbor)

Plaintiff's claims are not actionable to the extent the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements constitute inactionable "puffery" and/or fall within one or both of the Safe Harbor provisions of the Reform Act, as codified at 15 U.S.C. § 77z-2(c).

## THIRTEENTH DEFENSE
### (Bespeaks Caution Doctrine)

Plaintiff's claims are barred, in whole or in part, by the bespeaks caution doctrine.

39

BROGI ANSWER TO SECOND AMENDED COMPLAINT

## FOURTEENTH DEFENSE
### (No Duty to Disclose or Correct)

Defendant is not liable to Plaintiff because Defendant had no duty to disclose any facts allegedly not disclosed and had no duty to update or correct information that was, or that they reasonably believed to be, truthful and accurate when made.

## FIFTEENTH DEFENSE
### (Lack of Reliance)

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not purchase or sell any securities in actual, reasonable, or justifiable reliance on the purported misrepresentations or omissions by Defendants. Neither the "fraud-on-the market" nor any other presumption of reliance is available in this action.

## SIXTEENTH DEFENSE
### (Assumption of Risk)

Plaintiff's claims are barred, in whole or in part, because the risks of investing in HyreCar securities that ultimately came to pass, if any, were adequately disclosed and thus Plaintiffs were warned, and had actual or constructive knowledge, of all the risks that Plaintiff alleges were misstated or omitted.

## SEVENTEENTH DEFENSE
### (No Causation)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries were not legally or proximately caused by any statements or omissions of Defendant. Plaintiff's claims are barred, in whole or in part, because of lack of loss and/or transaction causation, or any conduct that caused a purported artificial inflation and subsequent deflation of the price of HyreCar's common stock. Plaintiff's alleged damages were the result of intervening or superseding events, acts or omissions of other parties, or industry or market conditions over which Defendants had no control and for which he cannot be held liable to Plaintiffs.

40

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## EIGHTEENTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiffs failed to mitigate any damages or losses allegedly suffered.

## NINETEENTH DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert its claims against Defendant.

## TWENTIETH DEFENSE
### (Failure to Meet Class Certification Requirements)

To the extent asserted by a putative class, Plaintiff's claims against Defendants are barred, in whole or in part, because they cannot satisfy any of the requirements for certification of a class under Federal Rule of Civil Procedure 23.

## TWENTY-FIRST DEFENSE
### (Offset)

Any recovery for damages allegedly incurred by Plaintiff is subject to offset in the amount of any value gained through the investment (including tax benefits actually received).

## TWENTY-SECOND DEFENSE
### (Contribution and Indemnity)

Under principles of contribution and indemnity, persons or entities other than Defendants are wholly or partially responsible for the purported damages, if any, that Plaintiff and class members have sustained.

## TWENTY-THIRD DEFENSE
### (Proportionate Liability)

Any recovery for damages allegedly incurred by Plaintiff and members of the class, if any, is limited to the percentage of responsibility of each Defendant in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), as codified at 15 U.S.C. § 78u-4(f)(3)(A).

41

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWENTY-FOURTH DEFENSE
### (10b5-1 Plan)

The purchase or sale of stock cannot be used as evidence of scienter because the purchases or sales were effectuated pursuant to a contract, instruction, or written plan entered into or adopted in good faith before the person became aware of material nonpublic information.

## TWENTY-FIFTH DEFENSE
### (Others At Fault)

In the event that a final judgment is rendered against any defendant, any damage, loss, or liability sustained by Plaintiff must be reduced, diminished and/or barred to the extent Plaintiff seeks an overlapping or duplicative recovery pursuant to the various claims against Defendants or others, or in proportion to the wrongful or negligent conduct of persons or entities other than Defendants under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault.

## TWENTY-SIXTH DEFENSE
### (Other Affirmative Defenses)

Defendant hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant in this action.

Dated:  January 9, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ James H. Moon
     James H. Moon

*Attorneys for Defendant*
*Robert Scott Brogi*

BROGI ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899