_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                         Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [120]**

Before the court is Lead Plaintiff Turton Inc.'s ("Lead Plaintiff") Motion for Preliminary Approval of Class Action Settlement. (Dkt. 120 ("Motion" or "Mot.").) The Motion is unopposed. (*See generally* Dkt.) The court held oral argument on the matter on April 18, 2024. (Dkt. 123.) Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

### I.    Background

This case is a putative securities fraud class action concerning alleged misrepresentations in corporate financial statements. Plaintiff Ivan Baron initiated this case August 27, 2021, by filing a Complaint. (Dkt. 1.) After filing the initial Complaint, the court appointed Lead Plaintiff and appointed Lead Plaintiff's counsel as Lead Counsel. (Dkts. 60, 62.) Lead Plaintiff filed a First Amended Complaint on December 3, 2021. (Dkt. 66.) Lead Plaintiff filed a final Second Amended Complaint on March 21, 2022. (Dkt. 75 ("SAC").) In the SAC, Lead Plaintiff brings two claims, individually and on behalf of "all others similarly situated," against Defendants HyreCar Inc. ("HyreCar"), Joseph Furnari ("Furnari"), and Robert Scott Brogi

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                    Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

_____

("Brogi"), (collectively, "Defendants"), for (1) violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Securities and Exchange Commission ("SEC") Rule 10b-5, and (2) violation of Section 20(a) of the Exchange Act, against only Furnari and Brogi.  (*See* SAC at 1, 48, 51.)  The SAC alleges, in summary, that HyreCar, a "tightly-controlled public company led by" Brogi and Furnari, used a conflicted third-party insurance adjuster to manipulate HyreCar's earnings by concealing certain expenses and under-accruing liability for its insurance reserves, resulting in inaccurate financial statements.  (*Id.* ¶ 2.)  As a result of making "false" earnings statements, HyreCar's stock value increased.  (*Id.* ¶¶ 105-11.)  "Capitalizing on these artificially-inflated prices, Defendants [Furnari and Brogi] cashed out," and engaged in "suspicious insider selling."  (*Id.* ¶¶ 112-14.)

On September 27, 2023, Lead Plaintiff and Defendants engaged in mediation.  (*See* Mot. at 5-6.)  Although "[n]o agreement was reached during the mediation [] negotiations of a potential settlement [] continued. [] On November 2, 2023, the Parties accepted [the mediator's] recommendation [] that the Parties settle the Action for a $1.9 million cash payment to the [proposed settlement class ('Settlement Class')]."  (*Id.* at 6.)  On March 21, 2024, Lead Plaintiff filed a Stipulation and Agreement of Settlement, (Dkt. 121-1, Ex. 1 ("Proposed Settlement Agreement")), and the Motion, (Dkts. 119, 120).  In support of the Motion, Plaintiff also filed a declaration with supporting exhibits by Plaintiff's counsel, Kano S. Sams II.  (Dkt. 121 ("Sams Decl.").)

The Proposed Settlement Agreement provides that "for the purposes of [] [s]ettlement," Defendants agree to certify the action as a class action pursuant to Rule 23, and to certify Lead Plaintiff as the Settlement Class representative and Lead Counsel as the Settlement Class counsel.  (*See* Proposed Settlement Agreement ¶¶ 1-3.)  The Proposed Settlement Agreement also provides for the release of "all claims and causes of action . . . (i) asserted in the [SAC] []; or (ii) [that] could have asserted in any forum that arise out of or are based upon the allegations, transactions [and] facts [] set forth, or referred to in the Complaint" by Lead Plaintiff and "other members of the Settlement Class."  (*Id.* at 15-16, ¶¶ 4-7.)  In exchange for the release of claims, Defendants agree to place "$1,900,000.00 [] in cash" in an escrow account.  (*Id.* at 16, ¶ 8.)

**CIVIL MINUTES – GENERAL**                                                                        **2**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

The "Settlement Fund" will be used to pay "(a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court." (*Id.* ¶ 9.)  The remaining amount of the Settlement Fund will be distributed *pro rata* to Settlement Class members based on claims they submit. (*Id.* ¶¶ 9, 18-29.)

The Motion concerns Lead Plaintiff's request that the court preliminarily approve the Proposed Settlement Agreement. (Mot. at 1.)  Lead Plaintiff requests that the court preliminary approve the Proposed Settlement Agreement and procedures for notice and set the matter for a final approval hearing. (*Id.* at 1-2, 4.)  Lead Plaintiff requests provisional certification of a Settlement Class "of 'all persons and entities that purchased or otherwise acquired the publicly traded common stock of HyreCar Inc. from May 13, 2021 through August 10, 2021, both dates inclusive (the "Settlement Class Period"), and were damaged thereby,'"[1] pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). (*Id.* at 18-19.)  Lead Plaintiff further requests appointment of Lead Counsel as Settlement Class counsel. (*Id.* at 22-23.)

## II.    Legal Standard

_____

[1] "Excluded from the Settlement Class are: (a) persons who suffered no compensable losses, and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of HyreCar during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of HyreCar; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which [Furnari or Brogi] is the settler or which is for the benefit of [Furnari or Brogi] and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. For the avoidance of doubt, 'affiliates' are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants." (Mot. at 18 n.10.)

**CIVIL MINUTES – GENERAL**                                                **3**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                              Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

Rule 23(e) provides that the claims "of a class proposed to be certified for purposes of settlement" may be settled "only with the court's approval." Fed. R. Civ. P. 23(e). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, the court may approve a proposed settlement "after a hearing and only on finding that it is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). "[T]he question whether a settlement is fundamentally fair within the meaning of Rule 23(e) is different from the question whether the settlement is perfect in the estimation of the reviewing court." *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012). Rule 23(e)(2) requires courts to consider the following elements to determine if a proposed settlement is "fair, reasonable, and adequate":

> (A) the class representatives and class counsel have adequately represented
> the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to
>> the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including
>> timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Courts in the Ninth Circuit "examining whether a proposed settlement comports with Rule 23(e)(2) [are] guided by" eight factors, *Kim v. Allison ("Kim")*, 8 F.4th 1170, 1178 (9th Cir. 2021), "many of which overlap substantially with Rule 23(e)'s four factors." *See*

**CIVIL MINUTES – GENERAL**                                                    **4**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                           Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

*Junkersfeld v. Med. Staffing Sols., Inc.*, 2022 WL 223964, at *4 (E.D. Cal. Jan. 25, 2022). These factors are:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Kim*, 8 F.4th at 1178 (citations and internal quotation marks omitted); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citation omitted).[2]  It is the parties' burden to show the court will "likely" be able to approve a proposed settlement under Rule 23(e)(2).  Fed. R. Civ. P. 23(e)(1)(B).

"In addition, although strong judicial policy favors settlements, the settlement may not be the product of collusion among the negotiating parties."  *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004) (cleaned up).  The court looks for "subtle signs that class counsel have allowed pursuit of their own self-interests to . . . infect the negotiations."  *Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021) (quoting *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)).  The Ninth Circuit has identified three such signs: (1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded"; (2) "when the

---

[2] While Rule 23(e) was amended in 2018, courts continue to apply the Ninth Circuit's eight-factor test.  *See, e.g.*, *Senne v. Kansas City Royals Baseball Corp.*, 2023 WL 2699972, at *5 (N.D. Cal. Mar. 29, 2023), *aff'd sub nom. Senne v. Concepcion*, 2023 WL 4824938 (9th Cir. June 28, 2023); *see also* Fed. R. Civ. P. 23, advisory committee's note to 2018 amendment to subdivision (e)(2) ("The goal of this amendment is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.").

**CIVIL MINUTES – GENERAL**                                                    **5**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                              Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class"; and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *Bluetooth*, 654 F.3d at 947 (citations and some internal quotation marks omitted).

When the settlement "takes place before formal class certification, settlement approval requires a higher standard of fairness." *Lane v. Facebook, Inc.*, 696 F.3d at 819 (citation and internal quotation marks omitted). Moreover, if no class has yet been certified, the parties must also show the "court will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(ii). "Rule 23(a) establishes four prerequisites for class action litigation, which are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). A party seeking certification must also satisfy at least one of the provisions of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). The court engages in a "rigorous analysis" to determine if Rule 23's requirements are met. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011); *Comcast*, 569 U.S. at 34.

"Courts implementing Rule 23(e) have required a two-step process for the approval of class action settlements: the [c]ourt first determines whether class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1121-22 (N.D. Cal. 2016) (citation omitted). "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (citation and internal quotation marks omitted). "Some district courts . . . have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)) (citation omitted). "In determining whether the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                              Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

proposed settlement falls within the range of reasonableness, perhaps the most important factor to consider is 'plaintiffs' expected recovery balanced against the value of the settlement offer.'" *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) (quoting *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 3917126, at *3) (citation omitted).

### III.   Discussion

#### A. Preliminary Approval of Proposed Settlement Agreement

#### 1.   Factors Addressing Potential for Collusion ("*Bluetooth*" Factors)

The court first considers whether the parties' Proposed Settlement Agreement presents "subtle warning signs" it may be a collusive byproduct, namely whether there is (1) a disproportionate award of settlement funds to class counsel, or an absence of monetary recovery to the class despite adequate compensation to class counsel; (2) a "clear sailing" arrangement waiving a defendant's challenge to a subsequent application for attorney's fees; or (3) a "reversion" or "kicker" provision remitting reductions in attorneys' fees to a defendant instead of the class fund.  *See Bluetooth*, 654 F.3d at 947; *see also Briseño*, 998 F.3d at 1022-25 (holding that "courts must apply Bluetooth's heightened scrutiny" to both pre- and post-class certification settlements following the December 2018 amendments to Rule 23(e)).  "The presence of these three signs is not a death knell," but they "require the district court to examine them, develop the record to support its final approval decision, and thereby assure itself that the fees awarded in the agreement were not unreasonably high."  *Kim*, 8 F.4th at 1180 (cleaned up).

The Proposed Settlement Agreement states that "Lead Counsel will apply to the Court for an award of attorneys' fees to be paid from (and out of) the Settlement Fund."  (Proposed Settlement Agreement ¶ 15.)  The proposed Notice to the Settlement Class states that "Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund" and that "[a]t the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                     Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

exceed $163,500, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in an amount not to exceed $10,000." (Sams Decl., Exh. A-1 ¶¶ 5, 71.) Lead Counsel stands to receive a significant fee, but not one the court finds unreasonably disproportionate. "Although 25% of the anticipated settlement value is a useful benchmark to keep in mind in all cases, [] caselaw affords district courts discretion to refrain from attempting to measure the unmeasurable." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1126 (9th Cir. 2020); *see also In re Easysaver Rewards Litig.*, 906 F.3d 747, 758 (9th Cir. 2018) (noting the Ninth Circuit has "generally held" a fee award within 25% of the total recovery as a "benchmark" for "reasonable" fee award in a class action settlement). In situations where "the benefit to the class is not easily quantified, district courts have discretion to award fees based on how much time counsel spent and the value of that time (a lodestar calculation) without needing to perform a 'crosscheck' in which they attempt to estimate how this compares to the recovery for the class." *Campbell*, 951 F.3d at 1126 (citations and some internal quotation marks omitted).

Here, the Motion shows that Lead Counsel incurred significant expenses litigating this action over the past three years. Lead Counsel "conducted a comprehensive investigation into Defendants' allegedly wrongful acts," including the retaining of a private investigator and contacting former HyreCar employees, (Mot. at 3, 8), "drafting [two] detailed [complaints] [and] fully briefing Defendants' two motions to dismiss," (*id.* at 8), as well as participating in discovery and mediation efforts. (*Id.* at 5-6). Moreover, the court observes that HyreCar filed for bankruptcy on February 24, 2023, which "added another layer of complexity, created substantial obstacles for discovery, and posed significant difficulties for recovery . . . ." (Mot. at 2, 11-12; *see* Sams Decl., Exh. A-1 ¶ 21.) Although the amount Lead Counsel seeks exceeds the 25% "benchmark," the court finds at this stage it is not unreasonably disproportionate in light of the complexity and expenses incurred in litigating the case, particularly given "the affect a bankruptcy has on any [s]ettlement." *Hardmon v. Ascena Retail Grp., Inc.*, 2022 WL 17572098, at *5 (C.D. Cal. Nov. 29, 2022) (citing *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the

CIVIL MINUTES – GENERAL                                          8

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                            Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

settlement inadequate or unfair.").  However, the court expects and Lead Counsel to fully brief at the final approval staged the appropriateness of awarding more than the 25% benchmark.

The Proposed Settlement Agreement does not include a "clear sailing" arrangement, and instead represents that "Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between the Individual Defendants and the Lead Plaintiff other than what is set forth in this [Proposed Settlement Agreement]." (Proposed Settlement Agreement ¶ 15.)  The Proposed Settlement Agreement also does not include a "reversion" or "kicker" clause, but rather provides that "Lead Counsel shall make the appropriate refund or repayment in full [to the Settlement Fund] after [] any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become [f]inal."  (*Id.* ¶ 16.)

In sum, the court concludes none of the three *Bluetooth* factors are present in the Proposed Settlement Agreement.  *Cf. Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (holding "the existence of these three signs does not mean the settlement cannot still be fair, reasonable, or adequate" so long as the district court "examine[s] them" and "develop[s] the record to support its final approval decision").

## 2. Fairness, Reasonableness, and Adequacy of the Proposed Settlement Agreement

To determine whether a settlement is fair, reasonable, and adequate under Rule 23(e), courts must consider whether (A) the class representatives and class counsel have adequately represented the class, (B) the proposal was negotiated at arm's length, (C) the relief provided for the class is adequate, and (D) the proposal treats class members equitably relative to each other.  Fed. R. Civ. P. 23(e)(2)(A–D).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                           Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

### a. Lead Plaintiff and Lead Counsel Have Adequately Represented the Settlement Class

Rule 23(e)(2)(A) requires the court to consider whether the "class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). "Adequacy requires (1) that the representative plaintiff does not have a conflict of interest with the proposed class and (2) that the plaintiff is represented by qualified and competent counsel." *Dean v. China Agritech*, 2012 WL 1835708, at *5 (C.D. Cal. May 3, 2012) (citing *Hanlon*, 150 F.3d at 1020).

Lead Plaintiff argues that Lead Plaintiff and Lead Counsel have adequately represented the class. (Mot. at 7-8.) Lead Plaintiff contends that it has "no antagonistic interests [and that Lead Plaintiff's] interest in obtaining the largest possible recovery in this Action is aligned with the other Settlement Class Members." (*Id.*). Moreover, Lead Counsel is "highly experienced in securities litigation, and [] ha[s] a long and successful track record of [] prosecut[ing] securities class actions and complex litigation . . . ." (Mot. at 8.)

The court "is unaware of any conflict of interest between [Lead] Plaintiff[] and the proposed class." *See Dean*, 2012 WL 1835708, at *5. Moreover, the court finds that Lead Counsel is "qualified and competent." *Hanlon*, 150 F.3d at 1020. The court observes Lead Counsel has served as lead or co-lead counsel in over twenty-five securities class action settlements and over ten antitrust class actions. (*See* Dkt. 44-5 (Lead Counsel's Resume).) This "significant experience in litigating complex class actions" satisfies the adequacy requirements of Plaintiff's counsel. *See Dean*, 2012 WL 1835708, at *5. Accordingly, the court finds this factor weighs in favor of granting preliminary approval.

### b. The Proposed Settlement Agreement is the Result of Arm's Length Negotiations

**CIVIL MINUTES – GENERAL**                                                      **10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                              Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

Rule 23(e)(2)(B) requires that "the proposal was negotiated at arm's length."  Fed. R. Civ. P. 23(e)(2)(B).[3]  Lead Plaintiff represents that "the Parties participated in a mediation session with [a mediator with 'substantial experience mediating securities class actions[,]' Mr. Jed Melnick] [and] months later, culminated in a mediator's proposal that the Action be settled for $1.9 million."  (Mot. at 9.)

The court finds that the Proposed Settlement Agreement appears to be the result of arms-length negotiations between the parties.  The negotiations occurred before a neutral private mediator who is "an experienced complex business litigation mediator who has resolved over 1,000 disputes in his career."  *Brightk Consulting Inc. v. BMW of N. Am., LLC*, 2023 WL 2347446, at *6 (C.D. Cal. Jan. 3, 2023) (describing Mr. Melnick); *In re China Med. Corp. Sec. Litig.*, 2013 WL 12126754, at *8 (C.D. Cal. May 16, 2013) ("Mr. Melnick's involvement in the settlement supports the argument that it is non-collusive."); *see Bluetooth*, 654 F.3d at 948 (explaining that although the "mere presence of a neutral mediator . . . is not on its own dispositive," it is "a factor weighing in favor of a finding of non-collusiveness"); *Hashemi v. Bosley, Inc.*, 2022 WL 2155117, at *6 (C.D. Cal. Feb. 22, 2022) ("The parties extensively negotiated the Settlement over several months prior to mediation and ultimately reached a final agreement only after arms-length negotiations before mediator Mr. Picker.").  The negotiations occurred between experienced counsel.  *See Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *3 (C.D. Cal. May 6, 2014) ("The fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.") (cleaned up).  Moreover, as explained previously, the Proposed Settlement Agreement does not appear to have any of the "subtle signs" of collusion that courts must police.  *See Roes, 1-2 v. SFBSC Mgmt.*, LLC, 944 F.3d 1035, 1048 (9th Cir. 2019).  And the Proposed Settlement Agreement is the result of a mediator's proposal.  (Mot. at 1-2); *see Lusk v. Five Guys*

---

[3] The Rule 23(e) factors of whether "'the class representatives and class counsel have adequately represented the class' and [] 'the proposal was negotiated at arm's length' [] overlap with certain *Hanlon* factors, such as the non-collusive nature of negotiations, the extent of discovery completed, and the stage of proceedings."  *Wong v. Arlo Techs., Inc.*, 2021 WL 1531171, at *6 (N.D. Cal. Apr. 19, 2021) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                    Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

*Enterprises LLC*, 2022 WL 4791923, at *9 (E.D. Cal. Sept. 30, 2022) ("The fact that the parties
engaged in mediation and that the Settlement is based on a mediator's proposal further supports
a finding that the settlement agreement is not the product of collusion."); *Garcia v.
Schlumberger Lift Sols.*, 2020 WL 6886383, at *13 (E.D. Cal. Nov. 24, 2020), *report and
recommendation adopted,* 2020 WL 7364769 (E.D. Cal. Dec. 15, 2020) (explaining that the fact
that "the parties chose to accept the mediator's proposal, meaning this settlement was one that
the third-party mediator proposed, rather than an amount determined through the negotiations of
the parties," suggested a lack of collusion); *In re MyFord Touch Consumer Litig.*, 2019 WL
1411510, at *8 (N.D. Cal. Mar. 28, 2019) (considering the fact that settlement was based on
mediator's proposal as factor in favor of finding arm's length negotiations).

### c.  The Relief Provided for the Settlement Class is Adequate

Rule 23(e)(2)(C) requires that "the relief provided for the class is adequate, taking into
account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed
method of distributing relief to the class []; (iii) the terms of any proposed award of attorney's
fees []; and (iv) [any agreement made in connection with the proposal]." *See* Fed. R. Civ. P.
23(e)(2)(C), Fed. R. Civ. P. 23(e)(3).

### i.  The Costs, Risks, and Delay of Trial and Appeal

"In assessing 'the costs, risks, and delay of trial and appeal,' [] courts in the Ninth Circuit
evaluate 'the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration
of further litigation; [and] the risk of maintaining class action status throughout the trial.'"
*Wong*, 2021 WL 1531171, at *8 (citing *Hanlon*, 150 F.3d at 1026).

Lead Plaintiff argues that there are "considerable" risks of continued litigation.  (Mot. at
10.)  Lead Plaintiff emphasizes the challenge of demonstrating the elements of its claims,
including the "scienter" element that "Defendants knew or were deliberately reckless in not
knowing their statements and omissions were false and misleading at the time made."  (*Id.* at
10-11.)  "These risks [] [are] magnified by HyreCar's bankruptcy filing" which "created

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                               Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

substantial obstacles for discovery, and posed significant difficulties for recovery . . . ." (*Id.* at 11-12.)  Moreover, "Defendants undoubtedly would have challenged class certification if the case reached that stage[,] [demonstrating] the risks and uncertainty surrounding class certification." (*Id.* at 13-14.)

The court finds that the costs, risks, and delay of trial and appeal weigh in favor of approving the Proposed Settlement Agreement.  First, the court observes that the parties have engaged in considerable discovery and litigation thus far.  After filing the initial Complaint, the court appointed Lead Plaintiff and Lead Counsel.  (Dkts. 60, 62.)  Afterwards, Lead Counsel "conducted a comprehensive investigation" which involved reviewing and analyzing public materials on HyreCar, hiring a private investigator, and interviewing former HyreCar employees.  (Mot. at 3.)  The investigation resulted in Lead Plaintiff filing a First Amended Complaint.  (Dkt. 66.)  Following a Motion to Dismiss the First Amended Complaint, (Dkt. 67), the court dismissed the First Amended Complaint with leave to amend.  (*See generally* Dkt. 74.) Lead Plaintiff then filed the SAC, which Defendants also moved to dismiss.  (Dkt. 76.)  The court denied the Defendants' Motion to Dismiss the SAC.  (Dkt. 94.)  Lead Plaintiff thereafter propounded discovery on both Defendants and third parties, and "received and reviewed third-party documents."  (Mot. at 16-17.)  Based on the three-year history of litigation and discovery in this case, the court finds that the parties have enough information to make an informed decision about the propriety of settlement.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (explaining that approving the settlement is favored when the "parties have sufficient information to make an informed decision about settlement") (citations omitted); *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) ("What is required is that 'sufficient discovery has been taken or investigation completed to enable counsel [] to act intelligently.'") (citing Herbert B. Newberg, *Newberg on Class Actions* § 11.41 (4th ed. 2013).  Thus, the court finds the parties' decision to enter the Proposed Settlement Agreement takes into account the costs and risks of further litigation and weighs in favor of approving the Proposed Settlement Agreement.

Second, courts have repeatedly recognized that securities litigation presents complex legal issues and problems of proof.  *See, e.g., Hefler v. Wells Fargo & Co.*, 2018 WL 6619983,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                          Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

at *13 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) ("Courts have recognized that, in general, securities actions are highly complex and that securities class litigation is notably difficult and notoriously uncertain.") (quotation omitted); *In re Zynga Inc. Sec. Litig.*, 2015 WL 6471171, at *9 (N.D. Cal. Oct. 27, 2015) ("In any securities litigation case, it is difficult for plaintiff to prove loss causation and damages at trial.") (cleaned up); *Redwen v. Sino Clean Energy, Inc.*, 2013 WL 12129279, at *5 (C.D. Cal. Mar. 13, 2013) ("Courts experienced with securities fraud litigation routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.") (cleaned up); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1172 (S.D. Cal. 2007) ("The Court also recognizes that the issues of scienter and causation are complex and difficult to establish at trial."). As Lead Plaintiff acknowledges, "[t]he motion to dismiss process highlighted many of the risks of the Action, including the potential to recover nothing." (Mot. at 10.) Indeed, the judge formerly presiding over this case, Judge Percy Anderson, granted Defendants' motion to dismiss Lead Plaintiff's First Amended Complaint. (Dkt. 74.) The risks and obstacles that the motion to dismiss process highlighted weigh in favor of granting preliminary approval. *See, e.g.*, *Hayes v. MagnaChip Semiconductor Corp.*, 2016 WL 6902856, at *5 (N.D. Cal. Nov. 21, 2016) (granting final approval of a securities class action settlement where "[p]laintiffs may not ultimately have been able to adduce sufficient facts to demonstrate the scienter or causation elements of their securities fraud claim" despite surviving motions to dismiss).

Additionally, although the parties have conducted substantive motion practice and discovery, substantial additional litigation costs would be required to take this case to trial. "Numerous depositions and document and other written discovery would be required if the case continued." *Farrar v. Workhorse Grp., Inc.*, 2023 WL 5505981, at *7 (C.D. Cal. July 24, 2023). "Extensive and expensive expert discovery would also be necessary." *Id.* And there would be significant costs and risks associated with class certification, summary judgment, and trial. *See In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *3 (N.D. Cal. Nov. 26, 2007) ("Additional consideration of increased expenses of fact and expert discovery and the inherent risks of proceeding to summary judgment, trial and appeal also support the settlement."). Even if Lead Plaintiff were able to certify a class, there would also be a risk that

**CIVIL MINUTES – GENERAL**                                    **14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                         Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

the court could later decertify the class. *See In re Netflix Privacy Litig.*, 2013 WL 1120801, at *6 (N.D. Cal. Mar. 18, 2013) ("The notion that a district court could decertify a class at any time is one that weighs in favor of settlement.") (citation omitted). These considerations weigh heavily in favor of approving the Proposed Settlement Agreement. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) (finding settlement favorable where the "case [was] complex and likely to be expensive and lengthy to try"); *Curtis-Bauer v. Morgan Stanley & Co., Inc.*, 2008 WL 4667090, at *4 (N.D. Cal. Oct. 22, 2008) ("Settlement avoids the complexity, delay, risk and expense of continuing with the litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff class."). Moreover, even if Lead Plaintiff could secure a better result than the Proposed Settlement Agreement represents at trial, any result obtained after additional litigation or trial would take significantly longer and there is a risk that Plaintiffs could have received much less, or nothing at all given Defendants' bankruptcy. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041–42 (N.D. Cal. 2008) (discussing how a class action settlement offered an "immediate and certain award" in light of significant obstacles posed through continued litigation).

The Proposed Settlement Agreement also appears reasonable when considering all of these costs and risks in the context of Lead Plaintiff's potential recovery. Lead Counsel estimates that a successful verdict on all claims could result in maximum damages of approximately $96 million. (Mot. at 15.) The settlement here reflects an approximately 2% recovery of that amount. (*Id.*) This amount is in line with percentage recoveries other courts have found to be fair and adequate. *See, e.g.*, *In re Broadcom Corp. Sec. Litig.*, 2005 WL 8153007, at *6 (C.D. Cal. Sept. 14, 2005) ("In any event, even a 2.7 cent recovery for every dollar of claimed damages would not be inconsistent with the average recovery in securities class action cases."); *In re LJ Int'l, Inc. Sec. Litig.*, 2009 WL 10669955, at *4-5 (C.D. Cal. Oct. 19, 2009) (approving settlement with recovery of 4.5% of maximum damages).

Moreover, as discussed above, HyreCar has filed for bankruptcy. (*See* Sams Decl., Exh. A-1 ¶ 21; Mot. at 2.) Thus, even if Lead Plaintiff succeeded at the trial stage, recovery may become difficult or impossible because Defendants' resources are "rapidly depleting because of the costs associated with defending not only [Lead Plaintiff's] [a]ction, but also [] proceedings

**CIVIL MINUTES – GENERAL**                                          **15**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                             Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

---

brought by the DOJ and SEC." (Mot. at 11-12.) The court finds these additional risks weigh in favor of granting preliminary approval. *See Officers for Just.*, 688 F.2d at 628 ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair."); *Class Plaintiffs*, 955 F.2d at 1295 ("[A] settling defendant's ability to pay may be a proper factor to be considered in evaluating a proposed class action settlement."); *In re Diamond Foods, Inc., Securities Litigation*, 2014 WL 106826, at *2 (N.D. Cal. Jan. 10, 2014) ("It is not unreasonable for counsel and the class representative to prefer the bird in hand, given concerns about Diamond's strained financial state and its ability to pay a judgment following further litigation.") (cleaned up); *In re Critical Path, Inc.*, 2002 WL 32627559, at *7 (N.D. Cal. June 18, 2002) ("Through protracted litigation, the settlement class could conceivably extract more, but at a plausible risk of getting nothing . . . watching Critical Path fall into bankruptcy; and, most certainly, drying up the available insurance.").

The Proposed Settlement Agreement eliminates all of these costs and risks "by ensuring [c]lass [m]embers a recovery that is 'certain and immediate, eliminating the risk that class members would be left without any recovery . . . at all.'" *Graves v. United Indus. Corp.*, 2020 WL 953210, at *7 (C.D. Cal. Feb. 24, 2020) (last alteration in original) (citation omitted); *see also In re Cobra Sexual Energy Sales Pracs. Litig.*, 2021 WL 4535790, at *6 (C.D. Cal. Apr. 7, 2021). The elimination of these costs and risks strongly suggests the adequacy of the Proposed Settlement Agreement.

### ii. The Effectiveness of the Proposed Method of Distribution of Class Relief

"Often it will be important for the court to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment. "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." *Id.*

**CIVIL MINUTES – GENERAL**                                                  **16**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                    Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

The proposed method for distribution in this case is that "the Claims Administrator selected by Lead Counsel (subject to Court approval), will process claims under the guidance of Lead Counsel, allow Claimants an opportunity to cure any [c]laim deficiencies or request the Court to review a denial of their claims, and, lastly, mail or wire Authorized Claimants their *pro rata* share of the Net Settlement Fund [], after Court approval."  (Mot. at 13; *see also* Proposed Settlement Agreement ¶¶ 18-27; Sams Decl, Ex. A-1 ¶¶ 52-68.)  Claimants will receive a *pro rata* share calculated based on "the sum of his, her or its [']Recognized Loss Amounts[,'] [meaning the amount Claimant lost from buying and selling HyreCar shares based on 'the price declines observed over the period which plaintiffs allege corrective information was entering the marketplace,'] for all shares of HyreCar common stock."  (Sams Decl, Ex. A-1 ¶¶ 53, 61.)

The court finds that the effectiveness of the proposed method of distribution, involving a claims administrator and *pro rata* relief based on a claimant's demonstrable injury, weighs in favor of approving the Proposed Settlement Agreement.  *See Hefler*, 2018 WL 6619983, at *2, 7 (finding a distribution method "effective" where "[p]ursuant to the proposed plan of allocation, class members who submit[ted] timely claims [would] receive payments on a pro rata basis based on the date(s) class members purchased and sold Wells Fargo common stock, as well as the total number and amount of claims filed").

### iii.  The Terms of the Proposed Award of Attorneys' Fees

As discussed in Section III.A.1, *supra*, the court finds the attorneys' fee Lead Counsel expects to request, not to exceed 33⅓% of the Settlement Fund, is sufficiently justified at this stage and that there are no subtle signs of collusion.  Accordingly, the court finds that the terms of the proposed award of attorneys' fees weighs in favor of approving the Proposed Settlement Agreement.

### iv.  Agreements Made in Connection with the Proposed Settlement Agreement

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                    Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

Rule 23(e)(2)(C)(iv) requires the court, when determining whether the proposed class relief is adequate, to take into account "any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C)(iv). Under Rule 23(e)(3), "[t]he parties seeking approval must file a statement identifying *any agreement made in connection with the proposal*." Fed. R. Civ. P. 23(e)(3) (emphasis added).

Lead Plaintiff represents that "the [p]arties have entered into a confidential agreement that establishes certain conditions under which Defendants may terminate the Settlement if Settlement Class Members totaling a certain percentage of HyreCar common stock traded during the Settlement Class Period [] 'opt out' [] from the Settlement." (Mot. at 14.) "The existence of a termination option triggered by the number of class members who opt out of the settlement does not by itself render the settlement unfair." *In re Splunk Inc. Sec. Litig.*, 2024 WL 923777, at *6 (N.D. Cal. Mar. 4, 2024) (citing *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015)). Indeed, "[t]his type of agreement is common in securities fraud actions and does not weigh against preliminary approval." *Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *7 (C.D. Cal. Oct. 10, 2019) (citing *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 2016 WL 4474366, at *5 (N.D. Cal. Aug. 25, 2016) (observing that the court was not troubled by the opt out deal between the parties)). Thus, the court finds that the parties' termination agreement does not weigh against approval of the Proposed Settlement Agreement.

### d. The Settlement Agreement Treats Settlement Class Members Equitably Relative to Each Other

Rule 23(e)(2)(D) requires the court to consider whether "the proposal treats class members equitably relative to each other." Under this analysis, the court looks at whether "the settlement 'improperly grant[s] preferential treatment to class representatives or segments of the class.'" *In re Splunk Inc. Sec. Litig.*, 2024 WL 923777, at *6 (citing *Hefler*, 2018 WL 6619983, at *8). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." *See* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.

**CIVIL MINUTES – GENERAL**                                                                18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                          Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

Lead Plaintiff contends that the Proposed Settlement Agreement treats all Settlement Class members equally because it utilizes a *pro rata* method of distribution.  (Mot. at 14-15.) As discussed in Section III.A.2.c.ii, *supra*, a Settlement Class member who submits a claim receives a *pro rata* share that is calculated as "the sum of his, her, or its" loss "based primarily on the price declines [of HyreCar shares] observed over the period which plaintiffs allege corrective information was entering the marketplace," and divided by the total of all claims made by class members.  (Sams Decl., Ex. A-1 ¶¶ 53, 61-62.)

The court finds that the proposed distribution method treats class members equally by taking into account the amount of shares held by class members, the time class members held these shares, and how price declines based on "corrective information" affected the price of HyreCar shares.  *Vinh Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014) (finding the proposed class distribution method equitable where it used a "Recognized Loss value calculated for each share [that] depend[ed] upon when that share was purchased and sold. [] The settlement fund [was] distributed on a *pro rata* basis according to each class members' Recognized Loss"); *In re Biolase, Inc. Sec. Litig.*, 2015 WL 12720318, at *5 (C.D. Cal. Oct. 13, 2015) ("The allocation of settlement funds is [] reasonable. The plan of allocation considers (1) when claimants purchased or acquired shares as compared to the alleged corrective disclosure date, (2) the amount of time that claimants held Biolase shares during the class period, and (3) the relative amounts of artificial inflation that affected Biolase stock prices during the class period."); *In re Splunk Inc. Sec. Litig.*, 2024 WL 923777, at *6 (finding a settlement treated class members equally where "[t]he calculation of claim amount depend[ed] upon [] when the claimant's stock was purchased and sold and the purchase or sale price" and distributions were *pro rata*").

The distribution method excludes "any Authorized Claimant[] [whose] Distribution Amount calculates to less than $10.00[.]  [I]t will not be included in the calculation and no distribution will be made to such Authorized Claimant."  (Sams Decl., Ex. A-1 ¶ 62.)  However, courts within the Ninth Circuit regularly approve settlement agreements including such

**CIVIL MINUTES – GENERAL**                                          **19**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                        Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

provisions, and the court finds that the exclusion of claims less than $10.00 in this case presents "no significant indication of preferential treatment." *See Jiangchen*, 2019 WL 5173771, at *7; *Hefler*, 2018 WL 6619983, at *11 ("Two objections argued that the Settlement[] [] was unreasonable because class members with less than $10.00 in claims do not receive a distribution. A $10.00 threshold, however, is 'standard in securities class actions and benefit[s] the Settlement Class as a whole because [it] reduce[s] the costs associated with printing and mailing checks for de minimis amounts, as well as costly follow-up to ensure those checks have been received and cashed.'") (citing *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 241 (E.D. Mich. 2016); *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 897 (9th Cir. 2017) (holding that "numerous cases that have approved similar or higher minimum thresholds" than $10)). Accordingly, the court finds that method of distribution posed by the Proposed Settlement Agreement treats class members equitably relative to each other.

Moreover, the court has received no objections from potential Settlement Class members at this early stage, and Lead Counsel noted at oral argument on April 18, 2024, that no potential Settlement Class members have communicated their reactions to the proposed settlement because notice of the proposed settlement has not yet been sent out. (*See* Dkt. 123.) Accordingly, at this preliminary stage, Settlement Class member's reactions do not weigh strongly in favor of approving or declining to approve the Proposed Settlement Agreement.[4]

**3. Summary**

In summary, the court finds that none of the three *Bluetooth* factors are present in the Proposed Settlement Agreement. The court also finds that the four factors under Rule 23(e)(2), taking into consideration the eight *Kim* factors the Ninth Circuit has provided to guide the

---

[4] The court observes that seventh *Kim* factor requires the court to consider whether there is a government participant in the settlement. *See Kim*, 8 F.4th at 1178 (9th Cir. 2021). So far, there has been no presence of a governmental participant evident from the record. (*See generally* Dkt.) Therefore, this factor weighs neither in favor nor against approval of the Settlement Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                    Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

court's Rule 23(e)(2) analysis, each weigh in favor of approving the Proposed Settlement Agreement.  *See* Fed. R. Civ. P. 23(e)(2); *Kim*, 8 F.4th at 1178 (9th Cir. 2021).

The court turns to whether class certification is appropriate for the purposes of settlement.

**B.  Conditional Class Certification**

**1.  Rule 23(a)**

When a plaintiff seeks provisional class certification for settlement purposes, the parties must show the "court will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(i).  Rule 23(a) dictates four prerequisites to bringing a class action: numerosity, commonality, typicality, and adequacy of representation.  Fed. R. Civ. P. 23(a)(1)-(4).  "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 330 (1980).  The commonality inquiry turns on "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation" and requires only "a single [common] question." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016) (quoting *Dukes*, 564 U.S. at 350) (emphasis and internal quotation marks omitted).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation and internal quotation marks omitted).  "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citation omitted).

Lead Plaintiff seeks to provisionally certify a class of "'all persons and entities that purchased or otherwise acquired the publicly traded common stock of HyreCar Inc. from May

**CIVIL MINUTES – GENERAL**                                                    **21**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                  Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

13, 2021 through August 10, 2021, both dates inclusive [], and were damaged thereby."  (Mot. at 18-19; *see also* Proposed Settlement Agreement at 16-17.)

### a. Numerosity

A class may be properly certified only if "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "In general, courts find the numerosity requirement satisfied when a class includes at least 40 members," *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010), while "[o]n the low end, the Supreme Court has indicated that a class of 15 'would be too small to meet the numerosity requirement.'"  *Id*. (quoting *Gen. Tel. Co*., 446 U.S. at 330)).  Lead Plaintiff estimates the Settlement Class will encompass "hundreds, if not thousands" of putative class members.  (Mot. at 19.)  Given the substantial scope of the expected class size in this case, the court finds joinder of all class members would be impracticable and therefore concludes the numerosity requirement is met.  *See In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. Jan. 5, 2009) ("The Court certainly may infer that, when a corporation has millions of shares trading on a national exchange, more than 40 individuals purchased stock over the course of more than a year."); *Ansell v. Laikin*, 2012 WL 13034812, at *4 (C.D. Cal. July 11, 2012) ("When a corporation has millions of shares trading on a national exchange, a court 'certainly may infer that far more than 40 individuals purchased stock over the course of more than nine months.'") (citing *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. at 634).

### b. Commonality

A class action requires "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof."  *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (cleaned up).  Lead Plaintiff submits that this requirement is met because "[Lead] Plaintiff's claims that [Furnari and Brogi] violated the federal securities laws by omitting and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                  Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

misrepresenting material facts about HyreCar's business, operations, and prospects in publicly disseminated statements during the Settlement Class Period unquestionably raise issues of common interest to the Settlement Class." (Mot. at 20.)  The court finds Lead Plaintiff has sufficiently demonstrated that the core of this action presents factual questions common to the class regarding whether Defendants knowingly or recklessly omitted or misrepresented material facts, whether such omissions or misstatements affected the price of HyreCar's shares, and "whether [] disclosure of the truth [] caused [Settlement] Class members to suffer economic loss and damages." *Lamartina v. VMware, Inc.*, 2024 WL 3286059, at *3 (N.D. Cal. July 2, 2024); *see Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) (finding commonality satisfied in securities class action and explaining, "[c]onfronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable"); *Ansell*, 2012 WL 13034812, at *4 (finding common questions in securities class action including "whether Defendants violated the federal securities laws; [] whether Defendants omitted material facts about National Lampoon to the investing public during the Class Period and whether Defendants manipulated the price of National Lampoon securities; [] the extent to which members of the Settlement Class sustained damages and the proper measure of damages[; . . . ] whether Defendants knew their statements were false and misleading, and whether the price of National Lampoon's securities were artificially inflated"); *M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*, 2018 WL 11471777, at *3 (C.D. Cal. Nov. 2, 2018) (similar).  Accordingly, the court finds the commonality requirement is met.

### c. Typicality

Under Rule 23(a)(3), "the claims or defenses of the representative parties must be typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "In determining whether typicality is met, the focus should be 'on the defendants' conduct and plaintiff's legal theory,' not the injury caused to the plaintiff."  *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 734 (9th Cir. 2007) (quoting *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005)) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)).  Representative

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                           Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

---

claims are "typical" if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Castillo v. Bank of America, NA*, 980 F.3d 723, 725 (9th Cir. 2020) (citation omitted).

Lead Plaintiff argues that the typicality element is met here because, like the other members of the Settlement Class, "Lead Plaintiff alleges that it purchased HyreCar common stock during the Settlement Class Period and was subsequently damaged due to Defendants' conduct." (Mot. at 20.) Lead Plaintiff emphasizes that Lead Plaintiff shares identical interests with the Settlement Class in "obtaining a fair, reasonable, and adequate settlement of the claims asserted," and "will receive the same *pro rata* share of the Settlement Fund as the rest of the Settlement Class." (*Id*. at 20-21.)

The court finds that the similarities in the class's common sources of injury and legal theories of recovery meet the typicality requirement. Lead Plaintiff's injury and theory of recovery arise from the same events as the rest of the Settlement Class: Defendant's allegedly false statements and later disclosure of the truth, which affected the price of HyreCar shares purchased by Lead Plaintiff. *See Parsons v. Ryan*, 754 F.3d 657, 685-86 (9th Cir. 2014) (finding typicality requirement met notwithstanding potential variance in damages among class plaintiffs where they alleged "the same or a similar injury as the rest of the putative class"; "that this injury is a result of a course of conduct that is not unique to any of them"; and "that the injury follows from the course of conduct at the center of the class claims") (cleaned up); *Lamartina*, 2024 WL 3286059, at *3 (finding typicality met "[w]here is no evidence that suggests Lead Plaintiff suffered any injury that is unique and separate from the Class"). Accordingly, the court finds the typicality requirement is met.

### d.  Adequacy of Representation

Finally, "the representative parties" in a class action must "fairly and adequately protect the interests of the class" they represent. Fed. R. Civ. P. 23(a)(4). "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                           Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

(2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020).

Lead Plaintiff contends that Lead Counsel and Lead Plaintiff are adequate representatives because Lead Plaintiff shares the same injury and desire to maximize the settlement recovery as the rest of the Settlement Class.  (Mot. at 21.)  Lead Plaintiff also emphasizes that "Lead Counsel has extensive experience and expertise in litigating securities class actions." (*Id.* at 21-22.)

The Proposed Settlement Agreement provides that before final approval of the Proposed Settlement Agreement, "Lead Counsel also intends to apply for reimbursement of Litigation Expenses [] which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in an amount not to exceed $10,000."  (Sams Decl., Ex. A-1 ¶ 71.)  The Private Securities Litigation Reform Act of 1995 ("PSLRA") "generally prohibits incentive or service awards to class representatives [but] Plaintiff is not precluded [] from seeking an award of 'reasonable costs and expenses (including lost wages) directly relating to the representation of the class[.]'" *In re Lyft, Inc. Sec. Litig.*, 2022 WL 17740302, at *5 (N.D. Cal. Dec. 16, 2022) (citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d at 960 n.4 (citing 15 U.S.C. §§ 78u-4(a)(2)(A)(vi)), 78u-4(4)).  Upon receipt of Lead Counsel's motion for costs and expenses, the court will "consider the evidence presented [] and evaluate the reasonableness of any award request." *In re Lyft, Inc. Sec. Litig.*, 2022 WL 17740302, at *5.  But at this stage, "[b]ecause Lead Plaintiff's intent to seek reasonable costs and expenses is not per se unreasonable, the Court finds that this factor weighs in favor of preliminary approval." *Id.*

The court finds no relevant conflicts of interest in the record.  Moreover, as discussed in Section III.A.2.a, *supra*, Lead Counsel is highly experienced and qualified in the area of securities class action litigation.  And, as explained in Section III.A.2.c.1, *supra*, Lead Plaintiff and Lead Counsel have "vigorously" prosecuted this action through three years of litigation, discovery, Defendants' bankruptcy, mediation, and the present Proposed Settlement Agreement, which was reached in contemplation of the risks of further litigation. *Hanlon*, 150 F.3d at 1021

**CIVIL MINUTES – GENERAL**                                              **25**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                        Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

("'Vigor' can be assayed, considerations include competency of counsel and, in the context of a settlement-only class, an assessment of the rationale for not pursuing further litigation."); *Rodriguez*, 563 F.3d at 961 (holding the adequacy requirement for class counsel was satisfied where "[c]lass counsel vigorously prosecuted the case through to a fair settlement with the participation of two nonconflicted law firms that represented class representatives"). Thus, the court is satisfied that Lead Plaintiff and Lead Counsel are adequate representatives of the class.

### 2. Rule 23(b)

"Under Rule 23(b), the district court must also find that at least one of three conditions is satisfied." *Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 319 (C.D. Cal. Feb. 22, 2010). Lead Plaintiff relies on Rule 23(b)(3), (Mot. at 22), which provides that a class action may be maintained so long as Rule 23(a)'s prerequisites are satisfied, "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance inquiry under Rule 23(b)(3) 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 557 (9th Cir. 2019) (en banc) (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). "It 'presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2),' and focuses on whether the 'common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication'; if so, 'there is clear justification for handling the dispute on a representative rather than on an individual basis.'" *Id.* (quoting *Hanlon*, 150 F.3d at 1022). "Rule 23(b)(3)'s superiority test requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair." *Wolin*, 617 F.3d at 1175-76. Rule 23(b)(3) lists four "matters pertinent to these findings," which "include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                    Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."  Fed. R. Civ. P. 23(b)(3).

In this case, the court finds Lead Plaintiff sufficiently satisfies the predominance requirement.  "Common issues predominate over individual issues when the common issues 'represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication.'"  *See Edwards v. First Am. Corp.*, 798 F.3d 1172, 1182 (9th Cir. 2015) (quoting 7AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1778 (3d ed. 1998)).  As discussed in Sections III.B.1.b-c, there are common questions of whether Defendants "knowingly or recklessly made material misstatements or omissions [] and whether the alleged fraud's revelation caused [HyreCar's] stock to decline," and the court finds those common questions "predominate over individual ones."  *Lamartina*, 2024 WL 3286059, at *5 (citing *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 467–70, 474–76 (2013)); *see, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. at 640 (finding predominance when "the critical questions of what Defendants said, what they knew, what they may have withheld, and with what intent they acted, are central to all class members' claims" whereas "[i]ssues such as certain members' damages, timing of sales and purchases, or standing to file suit, do not have the same primacy" and "[t]he class members in this case have more issues keeping them together than driving them apart"); *Mandalevy v. BofI Holding, Inc.*, 2022 WL 4474263, at *5 (S.D. Cal. Sept. 26, 2022) (finding predominance of common questions of "whether Defendants violated securities laws, whether they acted with the requisite scienter, and whether Defendants' conduct caused damages to Lead Plaintiff and the Settlement Class"); *Kendall v. Odonate Therapeutics, Inc.*, 2022 WL 1997530, at *4 (S.D. Cal. June 6, 2022) ("A single adjudication will resolve the central issue of the case of whether Defendants violated Section 10(b) and 20(a) of the Exchange Act and Rule 10b-5, and there does not appear to be individualized issues that would preclude a finding of predominance.").  Additionally, the common evidence underlying the class's theories of recovery means their claims are likely to "prevail or fail in unison."  *See Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 967 (9th Cir. 2013) (quoting *Amgen Inc.*, 568 U.S. at 460).  For all these reasons, the court concludes the predominance requirement is met.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                          Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

The court also finds the superiority requirement is sufficiently met.  Courts consider four nonexclusive factors in evaluating whether a class action is the superior method for adjudicating a plaintiff's claims: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class, (3) the desirability of concentrating the litigation of the claims in the particular forum, and (4) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).  A class action may be superior when "classwide litigation of common issues will reduce litigation costs and promote greater efficiency."  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

Disposition of Lead Plaintiff and the class's claims on a collective basis would promote the efficient resolution of "hundreds, if not thousands," (Mot. at 19), of disputes, thus saving litigation costs and time as opposed to litigating the claims individually.  *See Valentino*, 97 F.3d at 1234 ("Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation.").  Lead Plaintiff also represents that the "damages suffered by members of the Settlement Class are not sufficient to make it economical to prosecute separate actions to recover individual losses sustained," (Mot. at 22), which indicates that the superiority requirement is met here.  *Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*, 2023 WL 8936277, at *13 (D. Utah Dec. 27, 2023) (finding the superiority requirement met where "thousands of investors owned relatively few shares and so their economic loss [was] too small to justify taking on lengthy and expensive litigation."); *see also Blackie*, 524 F.2d at 903 ("The availability of the class action to redress such frauds has been consistently upheld, in large part because of the substantial role that the deterrent effect of class actions plays in accomplishing the objectives of the securities laws.") (citation omitted); *Ansell*, 2012 WL 13034812, at *6 ("Indeed, courts have consistently embraced the class action device as a superior method of adjudicating federal securities fraud claims.")

   **3.   Summary**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                   Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

In summary, the court concludes Lead Plaintiff has shown the court "will likely be able to" certify the class for purposes of judgment on the proposed settlement under Rule 23(a) and Rule 23(b)(3).  *See* Fed. R. Civ. P. 23(e)(1)(B)(ii).

### C. The Court Appoints Lead Counsel as Counsel for the Class

"[A] court that certifies a class must appoint class counsel."  *See* Fed. R. Civ. P. 23(g)(1). The Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  *Id.*

The court has already appointed Lead Counsel.  (Dkt. 60.)  Lead Plaintiff asserts that since that time, Lead Counsel "has devoted substantial time, effort, and resources to identifying, investigating, litigating, and settling the claims in this matter[, and] has substantial experience prosecuting securities class actions."  (Mot. at 23.)

As discussed in Section III.A.2.a, *supra*, and Section III.B.1.d, *supra*, the court finds that Lead Counsel has extensive experience leading or co-leading complex class action cases, and that Lead Counsel has vigorously litigated this case by drafting multiple complaints and responsive briefings to motions to dismiss, navigating mediation, and the reaching present Proposed Settlement Agreement.  Accordingly, the court finds that Lead Counsel meets the requirements of Rule 23(g) to serve as Class Counsel.  The court therefore appoints Lead Counsel to represent the provisionally certified class.

### D. The Court Approves of the Proposed Form and Method of Notice

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  The Rule requires that the notice "clearly and concisely state in plain, easily understood language" the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* (paragraph breaks omitted).  "In addition, the PSLRA requires that notice include (1) '[t]he amount of the settlement [. . .] determined in the aggregate and on an average per share basis,' (2) 'the average amount of [the] potential damages per share,' (3) a statement of any fees or costs that counsel intends to seek from the settlement fund, (4) class counsel's contact information, and (5) '[a] brief statement explaining the reasons why the parties are proposing the settlement.'"  *In re Lyft, Inc. Sec. Litig.*, 2022 WL 17740302, at *7 (citing 15 U.S.C. § 78u-4(a)(7)).

The court finds the notice procedure in the Proposed Settlement Agreement, (Sams Decl. Ex. A-1), sufficiently meets these requirements.  Plaintiff represents that "the Claims Administrator will mail the [Postcard Notice] and/or email a link to the Notice and Claim Form, to all Settlement Class Members who can be identified with reasonable effort, as well as brokerage firms and other nominees who regularly act as nominees for beneficial purchasers of stock." (Mot. at 23.)  "Contemporaneously with the mailing of the Postcard Notice, copies of the Notice and the Claim Form [] will be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded, and where claims can be submitted online." (*Id.*)  "No more than ten [] business days after mailing the Postcard Notice, the Summary Notice [] will be published in the national edition of *Investor's Business Daily* and transmitted once over the *PR Newswire*." (*Id.*)

**CIVIL MINUTES – GENERAL**                                                              **30**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                    Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

The court also finds the Notice contains the information required by Rule 23(c)(2)(B)(i)-(vii) and the PSLRA as stated above in adequately plain language.  (*See* Sams Decl, Ex. A-1 (proposed Settlement Class Notice)); *Churchill Vill.*, 361 F.3d at 575 ("Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.") (citation and internal quotation marks omitted).  As to the PSLRA's requirement that the parties disclose the average amount of the potential damages per share, the Notice states "[t]he Parties do not agree on the average amount of damages per share.  Among other things, the Individual Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct."  (Sams Decl. Ex. A-1, ¶ 4.)  Such a statement is "authorized" by the PSLRA and the "[N]otice thus complies with the PSLRA."  *In re Patriot Nat'l, Inc. Sec. Litig.*, 828 Fed. Appx. 760, 765 (2d Cir. 2020) (citing *In re Bank of Am. Corp. Sec., Deriv., & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 133-34 (2d Cir. 2014)); *see also Khoja v. Orexigen Therapeutics, Inc.,* 2021 WL 1579251, at *8 (S.D. Cal. Apr. 22, 2021) ("Further, the PSLRA requires settlement notices to state: [] where the parties (as here) do not agree on the average amount of damages per share recoverable, 'a statement from each settling party concerning the issue or issues on which the parties disagree[.]'") (citing 15 U.S.C. § 78u-4(a)(7)).  Accordingly, the court concludes the proposed settlement meets notice requirements of Rule 23 and the PSLRA.

**E. The Court Appoints Strategic Claims Services as the Claims Administrator**

Finally, Lead Plaintiff asks the court to approve its choice of Strategic Claims Services ("SCS") as the claims administrator.  (*See* Mot. at 13 ("Here, Strategic Claims Services, the Claims Administrator selected by Lead Counsel (subject to Court approval), will process claims . . .").)  SCS has extensive experience administering class action settlements.  *See Hardy v. Embark Tech., Inc.*, 2023 WL 6276728, at *3 (N.D. Cal. Sept. 26, 2023) ("SCS has extensive experience providing notice in securities class action settlements.").  And federal courts routinely approve SCS as class action settlement administrator.  *See, e.g.*, *Hardy*, 2023 WL 6276728, at *3; *M & M Hart Living Tr.*, 2018 WL 11471777, at *7; *In re GTT Commc'ns, Inc.*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                          Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

---

*Sec. Litig.*, 2021 WL 6618727, at *3 (C.D. Cal. Dec. 6, 2021).  The court appoints Strategic
Claims Services as settlement administrator.

### IV.    Disposition

For the reasons stated, the Motion is **GRANTED**.  The court **ORDERS** as follows:

1. The court **PRELIMINARILY APPROVES** the Proposed Settlement
   Agreement (Sams Decl., Exh. 1) pursuant to Federal Rule of Civil Procedure
   23(e)(1), and subject to further consideration of the terms and conditions of
   the settlement set forth therein at a Final Approval Hearing; and

2. The court **GRANTS** conditional certification for settlement purposes only of
   the following Class, pursuant to the Federal Rule Civil Procedure 23(e):

   All persons and entities that purchased or otherwise acquired the publicly
   traded common stock of HyreCar Inc. from May 13, 2021, through August
   10, 2021 ("Settlement Class Period"), both dates inclusive, and were
   damaged thereby.[5]

---

[5] Excluded from the Settlement Class are: (a) persons who suffered no compensable losses, and
(b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director
of HyreCar during the Settlement Class Period, and members of their Immediate Families; (iii)
present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of
HyreCar; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust
of which [Furnari or Brogi] is the settler or which is for the benefit of [Furnari or Brogi] and/or
member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii)
the legal representatives, heirs, successors, predecessors, and assigns of any person or entity
excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are
any persons and entities who or which submit a request for exclusion from the Settlement Class

---

**CIVIL MINUTES – GENERAL**                                                32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case 2:21-cv-06918-FWS-JC                                Date: July 19, 2024
Title: Ivan Baron v. HyreCar Inc. *et al.*

3.  The court **APPOINTS** Lead Counsel, the law firm of Glancy Prongay & Murray LLP, as Class Counsel for settlement purposes;

4.  The court **APPOINTS** Lead Plaintiff Turton Inc. as the Class Representative for the Class;

5.  The court **APPOINTS** Strategic Claims Services as the Claims Administrator and **DIRECTS** the Claims Administrator to perform all tasks related to administration and distribution of this Settlement;

6.  The court **APPROVES** the form of the notice and directs the parties and the Settlement Administrator to carry out their obligations under this Order and the Settlement Agreement;

7.  A Final Approval Hearing is scheduled on **November 14, 2024, at 10:00 a.m.**[6] in **Courtroom 10D** of this court, to determine whether the Settlement is fair, adequate, reasonable, and should approved.  The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to the Class.

Initials of Deputy Clerk: mku

---

that is accepted by the Court. For the avoidance of doubt, 'affiliates' are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

[6] Should the parties believe another open date on the court's calendar is more amenable to holding the final fairness hearing on the matter, the parties may file a joint stipulation requesting to continue or advance the hearing date scheduled by the court.

**CIVIL MINUTES – GENERAL**                                                              33