EXHIBIT 1

Robert V. Prongay (SBN 270796)
Ex Kano S. Sams II (SBN 192936)
Raymond D. Sulentic (SBN 316913)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

Counsel for Lead Plaintiff Turton Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-FWS-JC<br><br>**DECLARATION OF MICHAEL CRIDEN IN SUPPORT OF:**<br>**(1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>Hearing Date: November 14, 2024<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom 10D<br>Judge: Fred W. Slaughter |

DECLARATION OF LEAD PLAINTIFF I/S/O MOTION FOR FINAL APPROVAL

I, Michael Criden, declare as follows:

1.      I am the President and a Director of Turton Inc. ("Turton"), the Court-appointed Lead Plaintiff in the above-captioned securities class action (the "Action").[1] ECF No. 62.  I have authority to act, and throughout this litigation did act, on Turton's behalf.

2.      I respectfully submit this declaration in support of: (a) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, including approval of my request to recover the reasonable costs and expenses I incurred in connection with my representation of the Settlement Class in the prosecution of this Action.

3.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.  I have personal knowledge of the matters set forth herein, as I have been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, and I could and would testify competently to these matters.

## I.      LEAD PLAINTIFF'S OVERSIGHT OF THE LITIGATION

4.      By Order dated November 19, 2021, the Court: (a) appointed Turton to serve as Lead Plaintiff in the Action; and (b) approved its selection of Glancy Prongay & Murray LLP ("GPM" or "Lead Counsel") to serve as lead counsel.  ECF No. 62.

5.      In fulfillment of Turton's responsibilities as a Lead Plaintiff, I have worked closely with Lead Counsel regarding the litigation and resolution of this case.

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated March 20, 2024.  ECF No. 121-1.

1
DECLARATION OF LEAD PLAINTIFF I/S/O MOTION FOR FINAL APPROVAL

6.      Throughout the litigation, I received status reports from Lead Counsel on case developments and participated in regular discussions concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement.  In particular, I: (a) produced Turton's trading records to its attorneys at GPM; (b) moved for Turton to be appointed Lead Plaintiff in this Action; (c) regularly communicated with GPM attorneys regarding the posture and progress of the case; (d) reviewed all significant pleadings and briefs filed in this Action; (e) reviewed the Court's orders and discussed them with attorneys at GPM; (f) consulted with GPM attorneys regarding the settlement negotiations; and (g) evaluated and approved the proposed Settlement.

7.      In short, I, on behalf of Turton, have done my best to vigorously promote the interests of the Settlement Class and to obtain the largest recovery possible under the circumstances.

## II.      APPROVAL OF THE SETTLEMENT

8.      As detailed in the paragraphs above, through my active participation I was both well-informed of the status and progress of the litigation, and the status and progress of the settlement negotiations in this Action.

9.      Based on my involvement in the prosecution and resolution of the claims asserted in the Action, I believe that the proposed Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, particularly in light of HyreCar's bankruptcy, the limited assets available to fund a settlement, and the risks of continued litigation.  Accordingly, I fully endorse approval of the Settlement by the Court.

DECLARATION OF LEAD PLAINTIFF I/S/O MOTION FOR FINAL APPROVAL

## III. LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### A. Attorneys' Fees And Litigation Expenses

10. I believe Lead Counsel's request for an award of attorneys' fees in the amount of 33⅓% of the Settlement Fund is fair and reasonable in light of the work Lead Counsel performed on behalf of the Settlement Class.

11. I have evaluated Lead Counsel's fee request by considering the quality and amount of the work performed, the recovery obtained for the Settlement Class, and the risks Lead Counsel bore in prosecuting this Action on behalf of myself and the Settlement Class on a fully contingent basis, which included the fronting of all expenses. I, on behalf of Turton, have authorized this fee request for the Court's ultimate determination.

12. I further believe the out-of-pocket litigation expenses for which Lead Counsel has requested reimbursement are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with my obligation to the Settlement Class to obtain the best result at the most efficient cost, I, on behalf of Turton, fully support Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

### B. Lead Plaintiff's Litigation-Related Costs And Expenses

13. I understand that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, in connection with Lead Counsel's request for reimbursement of Litigation Expenses, I respectfully request reimbursement for the costs and expenses that Turton incurred directly relating to its representation of the Settlement Class in the Action.

14. I have a J.D. from the University of Miami, and am a Partner with Criden & Love, P.A., a law firm I founded in 2007. My billable rate is $900 per hour. The time I devoted to representing the Settlement Class in this Action was time that I

otherwise would have spent at working on behalf of Turton and, thus, represented a cost to Turton. I respectfully request reimbursement in the amount of $10,000 for the time I devoted on behalf of Turton to participating in this Action. I make this request based on the conservative estimate that I devoted approximately 11 hours in the litigation-related activities described above. It is my belief that this request for reimbursement is fair and reasonable and that the time and effort I devoted to this litigation was necessary to help achieve a very favorable result for the Settlement Class under the circumstances.

## IV.    CONCLUSION

15. In conclusion, I, on behalf of Turton, strongly endorse the Settlement as fair, reasonable, and adequate. I appreciate the Court's attention to the facts presented in my declaration and respectfully request that the Court approve: (a) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the Plan of Allocation; (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; and (c) Turton's request for reimbursement of the reasonable costs and expenses incurred in prosecuting the Action on behalf of the Settlement Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on ___10/8/2024___, in Miami, Florida.

Michael Criden

Michael Criden