# EXHIBIT 2

Robert V. Prongay (SBN 270796)
Ex Kano S. Sams II (SBN 192936)
Raymond D. Sulentic (SBN 316913)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Lead Plaintiff Turton Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-FWS-JC<br><br>Honorable Fred W. Slaughter |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING/EMAILING OF NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

DECLARATION OF JOSEPHINE BRAVATA

I, Josephine Bravata, declare as follows:

1.     I am the Director of Quality Assurance at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.[1]  I have over twenty years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred and fifty (550) class action cases since its inception.  I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

2.     Pursuant to the Court's Order Granting Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement, dated July 19, 2024 (ECF No. 128) (the "Preliminary Approval Order"), SCS was appointed as the Claims Administrator in the above-captioned Action.  Among other things, SCS will administer the Court-approved notice program, interface with Settlement Class Members, and process Claims.  I submit this declaration in order to provide the Court and the Parties with information regarding the notice program, as well as updates concerning other aspects of the Settlement administration process.

### MAILING/EMAILING OF NOTICE

3.     Pursuant to the Preliminary Approval Order, to provide actual notice to those persons and entities that purchased or otherwise acquired publicly traded common stock of HyreCar Inc. ("HyreCar") during the period between May 13, 2021 and August 10, 2021, inclusive, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class.  A true and correct copy of the Postcard Notice is attached hereto as **Exhibit A**.

4.     As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers/owners whose securities are held in "street name" — *i.e.*, the securities are purchased by brokerage

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated March 20, 2024 (ECF No. 121-1) (the "Stipulation").

firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers/owners are known only to the nominees. SCS maintains a proprietary master list consisting of 1,039 banks and brokerage companies, as well as 1,266 mutual funds, insurance companies, pension funds, and money managers. On August 15, 2024, SCS caused a letter to be mailed or e-mailed to the 2,305 nominees on SCS master mailing list. The letter notified the nominees of the Settlement and requested that, within 7 calendar days from receipt of the letter, they either: (a) request from SCS sufficient copies of the Postcard Notice to forward to all such beneficial purchasers/owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial purchasers/owners; (b) request from SCS a link to the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form") and, within seven (7) calendar days of receipt of the link from SCS, email the link to all such beneficial purchasers/owners for whom valid email addresses are available; or (c) send a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial purchasers/owners to SCS at *Ivan Baron v. HyreCar Inc., et al.*, c/o Strategic Claims Services, P.O. Box 230, Suite 205, Media, PA 19063, in which event SCS would promptly mail the Postcard Notice, or email a link to the Notice and Claim Form, to such beneficial purchasers/owners. To the extent a nominee chose to follow procedures (a) or (b), SCS requested that, upon such mailing or emailing, the nominee send a statement to SCS confirming that the mailing or emailing was made as directed. A copy of the letter sent to these nominees is attached hereto as **Exhibit B**, and a copy of the Notice and Claim Form are attached hereto as **Exhibit C**.

5. Following this mailing, SCS received 4,636 additional names and addresses of potential Settlement Class Members from individuals or nominees

DECLARATION OF JOSEPHINE BRAVATA

requesting that a Postcard Notice be mailed by SCS.  SCS also received a request from three nominees for 2,475 Postcard Notices so that the nominee could forward them to their customers, and SCS was notified by one nominee that it mailed 124 Postcard Notices to its customers.  To date, 7,235[2] Postcard Notices have been mailed to potential Settlement Class Members.

6.    Additionally, SCS was provided with three email addresses by Lead Counsel and a nominee to email the link to the Notice and Claim Form, and SCS was notified by one of the nominees that it emailed 6,634 of their customers to notify them of this Settlement and provide the link to the Notice and Claim Form.  To date, 6,637 emails have been sent to potential Settlement Class Members.

7.    Accordingly, a total of 13,872 potential Settlement Class Members and nominees were either mailed Postcard Notice or emailed the link to the Notice and Claim Form.

8.    SCS also sent the Depository Trust Company ("DTC") a Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on August 16, 2024.  LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

## PUBLICATION OF THE SUMMARY NOTICE

9.    Pursuant to the Preliminary Approval Order, the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") was published once in *Investor's Business Daily* and

---

[2] Out of the 7,235 Postcard Notices mailed by SCS or a nominee, 86 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for six, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 80 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 45 were re-mailed to updated addresses.

3
DECLARATION OF JOSEPHINE BRAVATA

transmitted once over *the PR Newswire* on August 26, 2024, as shown in the confirmations of publications attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

10.   SCS maintains a toll-free telephone number (1-866-274-4004) for potential Settlement Class Members to call and obtain information about the Settlement.  Settlement Class Members may also request a Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

11.   On August 15, 2024, SCS established a case-specific website dedicated to the Settlement at www.HyreCarSecuritiesSettlement.com ("Settlement Website"). The Settlement Website is accessible 24 hours a day, 7 days a week, allows for online claim filing, and provides instructions and a claims filing template for institutional investors.  The Settlement Website contains a home page; an important documents page with downloadable versions of the Notice, the Claim Form, the Postcard Notice, the Preliminary Approval Order, and the Stipulation.  To date, the Settlement Website has received 2,526 pageviews from 985 unique users.

## REPORT ON EXCLUSIONS AND OBJECTIONS

12.   The Postcard Notice, Notice, Summary Notice, and Settlement Website informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than October 24, 2024.  SCS has monitored all mail delivered for this case.  To date, SCS has not received any exclusion requests.

13.   The Postcard Notice, Notice, Summary Notice, and Settlement Website further informed Settlement Class Members seeking to object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, that objections must be filed with Lead Counsel, Individual Defendants' Counsel, as well as the Clerk of the Court, on or

before October 24, 2024. As of the date of this declaration, SCS has not been notified of any objections or received any misdirected objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 8th day of October 2024, in Media, Pennsylvania.

_____
Josephine Bravata

DECLARATION OF JOSEPHINE BRAVATA

*Ivan Baron v. HyreCar Inc., et al.*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

***COURT-ORDERED LEGAL NOTICE***

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment.  This Notice may affect your legal rights.  Please read it carefully.**

*Ivan Baron v. HyreCar Inc. et al., Case No. 2:21-CV-06918-FWS-JC*

**EXHIBIT A**

**THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.**
**PLEASE VISIT WWW.HYRECARSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.**

There has been a proposed Settlement of claims against Joseph Funari and Robert Scott Brogi (collectively, the "Individual Defendants"), former officers and/or a director of HyreCar Inc. ("HyreCar"). The Settlement would resolve a lawsuit in which the Lead Plaintiff alleges that the Individual Defendants disseminated materially false and misleading information to the investing public about HyreCar in violation of the federal securities laws. The Individual Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired the publicly traded common stock of HyreCar from May 13, 2021 through August 10, 2021, inclusive, and were damaged thereby.

The Settlement Amount is $1.9 million. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, including definitions of capitalized words in this notice, read the Stipulation and Agreement of Settlement and detailed Notice, available at www.HyreCarSecuritiesSettlement.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in HyreCar common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.20 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.HyreCarSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator, Strategic Claims Services, at 866-274-4004. **Claim Forms must be filed online at www.HyreCarSecuritiesSettlement.com or postmarked by December 14, 2024 to the Claims Administrator**. If you do not want to be legally bound by the Settlement, you must exclude yourself by October 24, 2024, or you will not be able to sue the HyreCar, the Individual Defendants, or certain of their affiliates, directors, or officers about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by October 24, 2024. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on November 14, 2024, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $163,500 for litigating the case and negotiating the Settlement, and reimbursement of Lead Plaintiff's costs and expenses related to its representation of the Settlement Class in an amount not to exceed $10,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call the Claims Administrator toll-free at 866-274-4004 or visit the website at www.HyreCarSecuritiesSettlement.com and read the detailed Notice.

**EXHIBIT B**

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

August 15, 2024

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED PUBLICLY TRADED COMMON STOCK OF HYRECAR INC. ("HYRECAR") DURING THE PERIOD BETWEEN MAY 13, 2021 THROUGH AUGUST 10, 2021, BOTH DATES INCLUSIVE ("SETTLEMENT CLASS PERIOD").

Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of HyreCar during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of HyreCar; (iv) an entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler of which is the benefit of an Individual Defendant and/or member(s) of their Immediate Families, (vi) Defendants' liability insurance carries; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) thereof.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Ivan Baron v. HyreCar Inc., et al.*<br>Case No. 2:21-cv-06918-FWS-JC<br>Exclusion Deadline: October 24, 2024<br>Objection Deadline: October 24, 2024<br>Settlement Hearing: November 14, 2024<br>Claim Filing Deadline: December 14, 2024 | Cusip Number: 44916T107<br>ISIN: US44916T1079<br>SEDOL: BFZNZG9<br>Current Ticker Symbol: OTCMKTS: HYREQ<br>Previous Ticker Symbol: HYRE |

## PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses.** If email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the mailing of the Postcard Notice. Please provide this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample Postcard Notices to do the mailing. After the receipt of the postcards, you have seven (7) calendar days to mail them; or
4. Request a copy of the link to the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim Form") in electronic format and email the links to each of your beneficial purchases/owners within seven (7) calendar days.

You can bill us for any reasonable expenses actually incurred and **not to exceed:**

- **$0.03 per Notice and Claim Form link emailed,** OR
- **$0.03 per name, address and email address** if you are providing us the records, OR
- **$0.03 per Postcard Notice mailed, plus postage at the current pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice and Claim Form and other important case-related documents are available on our website at www.HyreCarSecuritiesSettlement.com. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
Ivan Baron v. HyreCar Inc., et al.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI, <br><br> Defendants. | Case No. 2:21-cv-06918-FWS-JC <br><br> Honorable Fred W. Slaughter |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Central District of California (the "Court"), if, during the period between May 13, 2021 through August 10, 2021, both dates inclusive (the "Settlement Class Period"), you purchased or otherwise acquired publicly traded common stock of HyreCar Inc. ("HyreCar" or the "Company") and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, Turton Inc. ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 27 below), has reached a proposed settlement of the Action for $1,900,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact HyreCar, any of the Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 88 below).**

1.    **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant HyreCar (prior to its bankruptcy), Joseph Furnari and Robert Scott Brogi (collectively, "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding HyreCar. A more detailed description of the Action is set forth in paragraphs 11-26 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 27 below.

2.    **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $1,900,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 9-12 below.

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 20, 2024 (the "Stipulation"), which is available at www.HyreCarSecuritiesSettlement.com.

[2]  Defendants Furnari and Brogi are collectively referred to herein as the "Individual Defendants."  The term "Parties" means the Individual Defendants and the Lead Plaintiff.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimates of the number of shares of HyreCar common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, Lead Plaintiff estimates an average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is $0.20. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares of HyreCar common stock they purchased, when and at what prices they purchased/acquired or sold their HyreCar common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 9-12 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share or the amount that would be recoverable if Lead Plaintiff was to prevail in the Action. Among other things, the Individual Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of litigation costs and expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $163,500, and an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in an amount not to exceed $10,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of HyreCar common stock, if the Court approves Lead Counsel's fee and expense application, is $0.08 per eligible share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Ex Kano Sams II, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Individual Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN DECEMBER 14, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 35 below) that you have against the Individual Defendants and the other Released Defendants' Parties (defined in ¶ 36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 24, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against the Individual Defendants or the other Released Defendants' Parties concerning the Released Plaintiff's Claims. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 24, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON NOVEMBER 14, 2024 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 24, 2024.** | Filing a written objection and notice of intention to appear by October 24, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 3

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4

How Do I Know If I Am Affected By The Settlement? Who Is Included
    In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

What Are Lead Plaintiff's Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

How Are Settlement Class Members Affected By The Action And
    The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 7

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing? May I Speak At The Hearing If I
    Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 13

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

Can I See The Court File? Whom Should I Contact If I Have Questions? . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

## WHY DID I GET THE POSTCARD NOTICE?

8. The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded HyreCar common stock during the Settlement Class Period. The Court also directed that this Notice be posted online at www.HyreCarSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraphs 76-77 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    This litigation stems from alleged violations of the federal securities laws.  The alleged violations arise out of various statements the Defendants allegedly made which Lead Plaintiff alleged were false and/or misleading. These alleged false statements concerned whether Defendants understated HyreCar's insurance reserve expense and liability, which, in turn, overstated HyreCar's earnings. Lead Plaintiff also alleged that the Individual Defendants also made opportunistic sales of HyreCar stock while it was artificially inflated following such allegedly false or misleading statements.

12.    The procedural history of this Action follows below.

13.    On August 27, 2021, a class action complaint was filed in the United States District Court for the Central District of California, styled *Ivan Baron v. HyreCar Inc., et al.*, Case No. 2:21-cv-06918.

14.    Shortly thereafter, on October 25, 2021, Turton Inc. moved to be appointed lead plaintiff, which the Court granted by an Order dated November 19, 2021. At the same time, the Court approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the putative class.

15.    Following its appointment as Lead Plaintiff and Lead Counsel, Lead Counsel conducted an in-depth investigation into HyreCar and the Defendants and, on December 3, 2021, Lead Plaintiff filed and served its 75-page (257-paragraph) Amended Complaint (the "Amended Complaint").  The Individual Defendants take no position on the depth or scope of Lead Plaintiff's investigation.

16.    Among other things, the Amended Complaint alleged that Defendants made materially false and misleading statements by understating HyreCar's insurance reserve expense and liability, which, in turn, overstated HyreCar's earnings. Lead Plaintiff alleged that this expense suppression scheme was enabled by close coordination between Defendants and a conflicted third party.  According to the Amended Complaint, the alleged misrepresentations proximately caused class member losses when the truth was revealed.

17.    In response to the filing of the Amended Complaint, the Defendants asked the Court to dismiss Lead Plaintiff's case in a motion to dismiss, which was filed on December 27, 2021.  Lead Plaintiff opposed the Defendants' motion to dismiss, and Defendants filed reply papers.  On February 16, 2022, the Court granted Defendants' motion to dismiss in a written opinion. *See* ECF No. 74; *Baron v. HyreCar Inc.*, No. 21-cv-6918 PA (JCX), 2022 WL 2102993 (C.D. Cal. Feb. 16, 2022) ("*Baron I*").

18.    Following the Court's dismissal, Lead Plaintiff continued its investigation and sought to address the perceived pleading deficiencies identified by *Baron I*.  To that end, Lead Plaintiff filed its 53-page (200-paragraph) Second Amended Complaint, or "SAC", on March 21, 2022.

19.    While Lead Plaintiff felt the SAC addressed the issues raised by the Court in *Baron I*, Defendants filed another motion to dismiss on April 4, 2022, which Lead Plaintiff opposed on April 18, 2022. Two days after Lead Plaintiff filed its opposition to Defendants' then pending motion to dismiss, the Action was reassigned from Judge Percy Anderson to Judge Fred W. Slaughter.  Five days later, Defendants filed their reply brief and the motion to dismiss was fully briefed.

20.    On December 5, 2022, the Court denied Defendants' motion to dismiss.  *See* ECF No. 94; *Baron v. Hyrecar Inc.*, No. 2:21-CV-06918-FWS-JC, 2022 WL 17413562 (C.D. Cal. Dec. 5, 2022).

21.    Following the denial of Defendants' second motion to dismiss the case entered discovery until March 2, 2023, when HyreCar filed a Notice of Bankruptcy Filing with the Court, informing the Court and the Parties that the Company filed for Chapter 11 bankruptcy protection on February 24, 2023. That notice resulted in the Court issuing an order staying the proceedings, pending HyreCar's bankruptcy, as is typical when corporations file for bankruptcy.

22.    Notwithstanding the bankruptcy stay as to HyreCar, Lead Plaintiff sought to engage with the Individual Defendants to preserve what limited resources may have been available to fund a possible settlement. To that end, on September 27, 2023,

Lead Plaintiff and the Individual Defendants held a virtual mediation session that was overseen by a well-respected mediator of complex actions, Jed Melnick, Esq. of JAMS.  No settlement agreement was reached at the mediation.

23.    Lead Plaintiff and the Individual Defendants continued to work towards a settlement with the assistance of Mr. Melnick.  These negotiations culminated in a recommendation by Mr. Melnick that Lead Plaintiff and the Individual Defendants settle the Action for a $1,900,000.00 cash payment to the Settlement Class, in return for a release of the Settlement Class's claims against the Defendants and various affiliates and former officers and directors.  On November 2, 2023, Lead Plaintiff and the Individual Defendants accepted Mr. Melnick's recommendation.

24.    Based on the investigation and mediation of the case and Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; (b) HyreCar's bankruptcy and the limited assets and insurance available to fund a settlement or judgment; and (c) the significant risks and costs of continued litigation and trial.

25.    The Individual Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each Individual Defendant denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of either of the Individual Defendants, or any other of the Released Defendants' Parties (defined in ¶ 36 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Individual Defendants' defenses to liability had any merit.

26.    On July 19, 2024, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

<div style="border:1px solid black; text-align:center; font-weight:bold;">

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

</div>

27.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities that purchased or otherwise acquired the publicly traded common stock of HyreCar Inc. from May 13, 2021 through August 10, 2021, both dates inclusive (the "Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of HyreCar during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of HyreCar; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.  Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 12 below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.HyreCarSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, online or postmarked no later than December 14, 2024.**

### WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

28.     Lead Plaintiff and Lead Counsel believe that the claims asserted against the Individual Defendants have merit. But, in their judgment, the risks and expense of continued litigation substantially outweigh the likely benefit, if any, of continued litigation.  Such risks include, for example, significant delay as a result of HyreCar's bankruptcy, risks to prevailing on the merits of Lead Plaintiff's claims, risk to proving loss causation, summary judgment, trial and appellate risks, and, even if such risks could be overcome, the risk of collecting from the Individual Defendants and the depleting insurance coverage.  In light of these risks, the amount of the settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement, namely $1,900,000 in cash, less the various deductions described in this Long Notice, is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Indeed, had the litigation continued, Lead Plaintiff and Lead Counsel believe there is a substantial risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after class certification, summary judgment, trial and appeals, many years in the future.

29.     The Individual Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Individual Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by the Individual Defendants.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.     If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Individual Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Individual Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

31.     As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 13 below.

32.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 12 below.

33.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

34.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against the Individual Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and the other members of the Settlement Class, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims (as defined in ¶ 35 below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Individual Defendants and the other Released Defendants' Parties (as defined in ¶ 36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties.

35.     "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Second Amended Complaint for Violations of the Federal Securities Laws; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or

occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase and/or acquisition of publicly traded HyreCar common stock during the Settlement Class Period. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims of the type asserted in the draft but unfiled action captioned *Allen J. Wiesenfeld, derivatively on behalf of HyreCar, Inc. v. Joseph Furnari, et al.*; (iii) any claims belonging to any bankruptcy trustee for HyreCar or HC Liquidating including claims for breach of fiduciary duty; and (iv) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

36. "Released Defendants' Parties" means: (i) the Individual Defendants; (ii) the Immediate Family members of the Individual Defendants; (iii) HyreCar; (iv) direct or indirect parent entities, subsidiaries, related entities, and affiliates of HyreCar; (v) the D&O Insurers; (vi) any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or his or her immediate family members; (vii) for any of the entities listed in parts (i) through (vi), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (viii) any entity in which an Individual Defendant has a controlling interest; all in their capacities as such.

37. "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Individual Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Individual Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Individual Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and the Individual Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38. The Judgment will also provide that, upon the Effective Date of the Settlement, the Individual Defendants, and any person or entity that can assert claims on their behalf, in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 39 below) against Lead Plaintiff and the other Released Plaintiff's Parties (as defined in ¶ 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff's Parties

39. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or are based upon the institution, prosecution, or settlement of the claims asserted in the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

40. "Released Plaintiff's Parties" means (i) Lead Plaintiff, all Settlement Class members, any other plaintiffs in the Action, Lead Plaintiff's Counsel, any other counsel for plaintiffs in the Action, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?**

---

41. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than December 14, 2024 to the Claims Administrator at the address in paragraph 88 below, or file a claim online at**

**www.HyreCarSecuritiesSettlement.com, no later than December 14, 2024**.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.HyreCarSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 866-274-4004.  Please retain all records of your ownership of and transactions in HyreCar common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

<div style="border:1px solid black; text-align:center; font-weight:bold;">

**HOW MUCH WILL MY PAYMENT BE?**

</div>

42.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

43.     Pursuant to the Settlement, the Individual Defendants have agreed to cause their D&O Insurers to pay one million nine hundred thousand dollars ($1,900,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

45.     Neither the Individual Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  The Individual Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

46.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

47.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online or postmarked on or before December 14, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 35 above) against the Released Defendants' Parties (as defined in ¶ 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Released Plaintiff's Parties whether or not such Settlement Class Member submits a Claim Form.

48.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in HyreCar common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of HyreCar common stock during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Individual Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

49.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

50.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

51.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired HyreCar common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## **PROPOSED PLAN OF ALLOCATION**

52.     The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

53.     The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts, as defined below, are based primarily on the price declines observed over the period which plaintiffs allege corrective information was entering the marketplace.  In the Action, Lead Plaintiff alleges that the Defendants made false statements and omitted material facts during the Settlement Class Period (*i.e.*, May 13, 2021 through August 10, 2021, inclusive) which had the effect of artificially inflating the price of HyreCar common stock.[3] The estimated alleged artificial inflation in the price of HyreCar common stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of HyreCar common stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.  The Individual Defendants take no position on, and played no role in developing, the Plan of Allocation or Recognized Loss Amount.

54.     In order to have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of HyreCar common stock.  In the Action, Lead Plaintiff alleges that a corrective disclosure removed the artificial inflation from the price of HyreCar common stock on August 11, 2021 (the "Corrective Disclosure Date").  Accordingly, in order to have a Recognized Loss Amount, HyreCar common stock must have been purchased or acquired during the Settlement Class Period and held through the Corrective Disclosure Date.

55.     To the extent a Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1 | | |
| Artificial Inflation in HyreCar Common Stock* | | |
| **From** | **To** | **Per-Share Price Inflation** |
| --- | --- | --- |
| May 13, 2021 | May 13, 2021[4] | $0.00 |
| May 14, 2021 | August 10, 2021 | $9.42 |
| August 11, 2021 | Thereafter | $0.00 |

 * For each day during the Settlement Class Period, the artificial inflation in HyreCar common stock shall be limited to that day's closing price for the stock.

56.     The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for HyreCar common stock.  The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on HyreCar common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss Amount on HyreCar common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

57.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.  Any transactions in HyreCar common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

---

[3] During the Settlement Class Period, HyreCar common stock was listed on the Nasdaq stock market under the ticker symbol "HYRE."  After the Settlement Class Period, in February 2023, the Company's common stock was delisted from the Nasdaq and began trading over-the-counter ("OTC") under the ticker symbol "HYREQ."

[4] The earliest alleged false and/or misleading misstatement in this matter occurred after market close on May 13, 2021.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

58.     Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of HyreCar common stock during the Settlement Class Period (*i.e.*, May 13, 2021 through August 10, 2021, inclusive) that is listed in the Claim Form and for which adequate documentation is provided.

    I.    For each share of HyreCar common stock that was purchased on May 13, 2021, the Recognized Loss Amount is $0.00.

    II.    For each share of HyreCar common stock that was purchased during the period from May 14, 2021 through August 10, 2021, inclusive:

        a.    that was sold prior to August 11, 2021, the Recognized Loss Amount is $0.00.

        b.    that was subsequently sold during the period August 11, 2021 through November 8, 2021, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount is *the lesser of*:

            i.    $9.42; or

            ii.    the purchase price *minus* the sale price; or

            iii.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

        c.    that was still held as of the close of trading on November 8, 2021, the Recognized Loss Amount is *the lesser of*:

            i.    $9.42; or

            ii.    the purchase price *minus* the average closing price for HyreCar common stock during the 90-Day Lookback Period, which is $9.01.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** | **Sale/ Disposition Date** | **90-Day Lookback Value** |
| 8/11/2021 | $9.85 | 9/10/2021 | $10.79 | 10/11/2021 | $9.82 |
| 8/12/2021 | $9.84 | 9/13/2021 | $10.85 | 10/12/2021 | $9.78 |
| 8/13/2021 | $9.82 | 9/14/2021 | $10.83 | 10/13/2021 | $9.74 |
| 8/16/2021 | $9.76 | 9/15/2021 | $10.79 | 10/14/2021 | $9.69 |
| 8/17/2021 | $9.65 | 9/16/2021 | $10.75 | 10/15/2021 | $9.65 |
| 8/18/2021 | $9.67 | 9/17/2021 | $10.70 | 10/18/2021 | $9.60 |
| 8/19/2021 | $9.66 | 9/20/2021 | $10.62 | 10/19/2021 | $9.56 |
| 8/20/2021 | $9.55 | 9/21/2021 | $10.55 | 10/20/2021 | $9.51 |
| 8/23/2021 | $9.61 | 9/22/2021 | $10.48 | 10/21/2021 | $9.47 |
| 8/24/2021 | $9.79 | 9/23/2021 | $10.43 | 10/22/2021 | $9.42 |
| 8/25/2021 | $9.90 | 9/24/2021 | $10.37 | 10/25/2021 | $9.37 |
| 8/26/2021 | $10.05 | 9/27/2021 | $10.32 | 10/26/2021 | $9.33 |
| 8/27/2021 | $10.18 | 9/28/2021 | $10.26 | 10/27/2021 | $9.28 |
| 8/30/2021 | $10.26 | 9/29/2021 | $10.19 | 10/28/2021 | $9.24 |
| 8/31/2021 | $10.32 | 9/30/2021 | $10.14 | 10/29/2021 | $9.20 |
| 9/1/2021 | $10.38 | 10/1/2021 | $10.10 | 11/1/2021 | $9.16 |
| 9/2/2021 | $10.44 | 10/4/2021 | $10.05 | 11/2/2021 | $9.13 |
| 9/3/2021 | $10.51 | 10/5/2021 | $10.00 | 11/3/2021 | $9.10 |
| 9/7/2021 | $10.61 | 10/6/2021 | $9.95 | 11/4/2021 | $9.06 |
| 9/8/2021 | $10.65 | 10/7/2021 | $9.91 | 11/5/2021 | $9.03 |
| 9/9/2021 | $10.73 | 10/8/2021 | $9.86 | 11/8/2021 | $9.01 |

**ADDITIONAL PROVISIONS**

59.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 62 below) is $10.00 or greater.

60.     **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of HyreCar common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

10

61.     **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all shares of HyreCar common stock.

62.     **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

63.     **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of HyreCar common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of HyreCar common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of HyreCar common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any HyreCar common stock unless (i) the donor or decedent purchased or otherwise acquired such HyreCar common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such HyreCar common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

64.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of HyreCar common stock.  The date of a "short sale" is deemed to be the date of sale of HyreCar common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in HyreCar common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

65.     **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement.  With respect to HyreCar common stock purchased through the exercise of an option, the purchase date of the stock shall be the exercise date of the option, and the purchase price of the stock shall be the closing price of HyreCar common stock on the date of exercise.  Any Recognized Loss Amount arising from purchases of HyreCar common stock acquired during the Settlement Class Period through the exercise of an option on HyreCar common stock shall be computed as provided for other purchases of HyreCar common stock in the Plan of Allocation.

66.     **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in HyreCar common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in HyreCar common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

67.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in HyreCar common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and the Holding Value.[7]  If the Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

68.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all HyreCar common stock purchased or acquired during the Settlement Class Period.

[6] The Claims Administrator shall match any sales of HyreCar common stock during the Settlement Class Period, first against the Claimant's opening position in HyreCar common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of HyreCar common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[7] The Claims Administrator shall ascribe a "Holding Value" to shares of HyreCar common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on August 10, 2021, which shall be $9.85 (*i.e.*, the closing price of the stock on the Corrective Disclosure Date).  The total calculated holding values for all HyreCar stock shall be the Claimant's "Total Holding Value."

distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

69.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Plaintiff's Counsel, Plaintiff's consulting damages expert, the Individual Defendants, Individual Defendants' Counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, the Individual Defendants and their respective counsel, and all other Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

70.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its consulting damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.HyreCarSecuritiesSettlement.com.

> **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?**
> **HOW WILL THE LAWYERS BE PAID?**

71.    Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of litigation costs and expenses in an amount not to exceed $163,500, and an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in an amount not to exceed $10,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

> **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?**
> **HOW DO I EXCLUDE MYSELF?**

72.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Baron v. HyreCar Inc.*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. The exclusion request must be *received* no later than October 24, 2024. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Baron v. HyreCar Inc.*, Case No.: 2:21-cv-06918-FWS-JC"; (c) state the number of shares of publicly traded HyreCar common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

73.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Released Plaintiff's Parties.

74.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

75.    The Individual Defendants have the right to terminate the Settlement if valid requests for exclusion are received from

persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
|---|

76.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

77.    The Settlement Hearing will be held on November 14, 2024 at 10:00 a.m., before the Honorable Fred W. Slaughter at the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, Courtroom 10D, 411 West 4th Street, Santa Ana, CA 92701.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

78.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Central District of California at the address set forth below on or before October 24, 2024.  You must also serve the papers on Lead Counsel and on Individual Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before October 24, 2024**.

| **Clerk's Office** | **Lead Counsel** | **Individual Defendants' Counsel** |
|---|---|---|
| United States District Court Central District of California Clerk of the Court United States Courthouse 411 West 4th Street Santa Ana, CA  92701 | **Glancy Prongay & Murray LLP** Ex Kano S. Sams II, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | **O'Melveny and Myers LLP** Matthew W. Close, Esq. 400 South Hope Street, 18th Floor Los Angeles, CA  90071 **Davis Wright Tremaine LLP** James H. Moon, Esq. 865 South Figueroa Street, Suite 2400 Los Angeles, CA 90017 |

79.    Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly traded HyreCar common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

80.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

81.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Individual Defendants' Counsel at the addresses set forth above so that it is *received* **on or before October 24, 2024**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

82.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Individual Defendants' Counsel at the addresses set forth in ¶ 78 above so that the notice is *received* **on or October 24, 2024**.

83.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

84.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

85.     If you purchased or otherwise acquired publicly traded HyreCar common stock during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement, you must either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names and addresses of all such beneficial owners to *Ivan Baron v. HyreCar Inc., et al.,* c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA  19063, info@strategicclaims.net.  If you choose option (c), the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

86.     Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Claims Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.03 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

87.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, CA 92701-4516. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.HyreCarSecuritiesSettlement.com.

88.     All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

*Ivan Baron v. HyreCar Inc., et al.*          and/or          Ex Kano S. Sams II, Esq.
c/o Strategic Claims Services                                   GLANCY PRONGAY & MURRAY LLP
P.O. Box 230
600 N. Jackson Street, Suite 205                               1925 Century Park East Suite 2100
Media, PA 19063                                                Los Angeles, CA 90067
866-274-4004                                                   (310) 201-9150
info@strategicclaims.net                                       esams@glancylaw.com
www.HyreCarSecuritiesSettlement.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, HYRECAR, THE INDIVIDUAL DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: July 19, 2024                                           By Order of the Court
                                                               United States District Court
                                                               Central District of California

*Ivan Baron v. HyreCar Inc., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
866-274-4004
**Settlement Website:** www.HyreCarSecuritiesSettlement.com
**Email:** info@strategicclaims.net

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it online at www.HyreCarSecuritiesSettlement.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than December 14, 2024.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3-4** |
| **PART III – SCHEDULE OF TRANSACTIONS IN HYRECAR COMMON STOCK** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **5-6** |

1

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

| City | State | Zip Code |
| --- | --- | --- |
|  |  |  |

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

| Telephone Number (home) | Telephone Number (work) |
| --- | --- |
|  |  |

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)      ☐ Pension Plan      ☐ Trust
- ☐ Corporation                                     ☐ Estate
- ☐ IRA/401K                                        ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.  It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.  This Claim Form is directed to all persons and entities who or which purchased or otherwise acquired publicly traded HyreCar Inc. ("HyreCar") common stock ("HyreCar Stock") between May 13, 2021 through August 10, 2021, both dates inclusive (the "Settlement Class Period"), and were damaged thereby (the "Settlement Class").  All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.  Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of HyreCar during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of HyreCar; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.  Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.  For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

4.  If you are not a Settlement Class Member do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.  If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class.  Thus, if you are a Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released Plaintiff's Claims (including Unknown Claims) against Released Defendants' Parties.

6.  You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.  Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.  Use the Schedules of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable HyreCar Stock.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable HyreCar Stock, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.  Please note:  Only HyreCar Stock purchased/acquired during the Settlement Class Period (*i.e.*, from May 13, 2021 through August 10, 2021, inclusive) are eligible under the Settlement.  However, because the PSLRA provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of HyreCar Stock during the period from August 11, 2021 through and including November 8, 2021 (*i.e.*, the 90-Day Lookback Period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.  You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable HyreCar Stock set forth in the Schedules of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in HyreCar Stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not

3

combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.     All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired HyreCar Stock during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired HyreCar Stock during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the HyreCar Stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the HyreCar Stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17.     PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator: *Ivan Baron v. HyreCar Inc., et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, by email at info@strategicclaims.net , or by toll-free phone at (866) 274-4004 or you may download the documents from the Settlement website, www.HyreCarSecuritiesSettlement.com.

19.     NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files. (This is different than the online claim portal at: www.HyreCarSecuritiesSettlement.com.) All such Representative Filers MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number.  If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004 or by email at efile@strategicclaims.net or visit their website at https://www.strategicclaims.net/institutional-filers/ to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

20.     NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.HyreCarSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

4

HYRECAR

**PART III – SCHEDULE OF TRANSACTIONS IN HYRECAR STOCK**

Complete this Part III if and only if you purchased/acquired HyreCar Stock during the period from May 13, 2021, through and including August 10, 2021.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than HyreCar Stock purchased.

**1.  BEGINNING HOLDINGS** – State the total number of shares of HyreCar Stock held as of the close of trading on May 12, 2021. (Must be documented.)  If none, write "zero" or "0." _____

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH NOVEMBER 8, 2021** – Separately list each and every purchase/acquisition (including free receipts) of HyreCar Stock from after the opening of trading on May 13, 2021, through and including the close of trading on November 8, 2021.  (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.  SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH NOVEMBER 8, 2021** – Separately list each and every sale/disposition (including free deliveries) of HyreCar Stock from after the opening of trading on May 13, 2021, through and including the close of trading on November 8, 2021. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**4.  ENDING HOLDINGS –** State the total number of shares of HyreCar Stock held as of the close of trading on November 8, 2021. (Must be documented.)  If none, write "zero" or "0." _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

*PART IV – RELEASE OF CLAIMS AND SIGNATURE*

*YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 6 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) successors and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in the Stipulation and in the Notice) against the Individual Defendants and the other Released Defendants' Parties (as defined in the Stipulation and in the Notice) and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties.

HYRECAR

## **CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3.      that I (we) own(ed) the HyreCar Stock identified in the Claim Form and have not assigned the claim against the Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of HyreCar Stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____                _____

Signature of Claimant                                                                                            Date

_____

Print your name here

_____                _____

Signature of joint Claimant, if any                                                                       Date

_____

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____                _____

Signature of person signing on behalf of Claimant                                              Date

_____

Print your name here

_____

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 4 OF THIS CLAIM FORM.)

HYRECAR

## REMINDER CHECKLIST:

1.  Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your own records.

6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at 866-274-4004. or visit www.HyreCarSecuritiesSettlement.com. Please DO NOT call HyreCar, the Individual Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN DECEMBER 14, 2024**, ADDRESSED AS FOLLOWS:

*Ivan Baron v. HyreCar Inc., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

OR SUBMITTED ONLINE AT WWW.HYRECARSECURITIESSETTLEMENT.COM **ON OR BEFORE DECEMBER 14, 2024**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before December 14, 2024 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

*Ivan Baron v. HyreCar Inc., et al.*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**EXHIBIT D**

## AFFIDAVIT

**STATE OF NEW JERSEY**                    )
                                                      ) ss:

**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )**

I, Keith Oechsner, being duly sworn, depose and say that I am the advertising clerk of the Publisher of

INVESTORS BUSINESS DAILY, a weekly national newspaper of general circulation throughout  the

United States, and that the notice attached to this Affidavit has been regularly

published in INVESTORS BUSINESS DAILY for National distribution for

 1   insertion(s) on the following date(s):

AUG-26-2024;

ADVERTISER: HYRECAR INC;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
26  day of  August 2024

Notary Public



IVAN BARON, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,

Defendants.

Case No. 2:21-cv-06918-FWS-JC

Honorable Fred W. Slaughter

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:** All persons and entities that purchased or otherwise acquired the publicly traded common stock of HyreCar Inc. from May 13, 2021 through August 10, 2021, both dates inclusive, and were damaged thereby[1] (the "Settlement Class"):

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $1,900,000.00 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on November 14, 2024 at 10:00 a.m., before the Honorable Fred W. Slaughter at the Ronald Reagan Federal Building and United States Courthouse, Courtroom 10D, 411 West 4th Street, Santa Ana, CA 92701, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.HyreCarSecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *Ivan Baron v. HyreCar Inc. et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, 866-274-4004.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online at www.HyreCarSecuritiesSettlement.com or *postmarked* no later than December 14, 2024. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than October 24, 2024, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Individual Defendants' Counsel such that they are *received* no later than October 24, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, HyreCar, the Individual Defendants, or Individual Defendants' Counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Ex Kano S. Sams II, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
info@glancylaw.com

Requests for the Notice and Claim Form should be made to:

*Ivan Baron v. HyreCar Inc., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
www.HyreCarSecuritiesSettlement.com

By Order of the Court

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 20, 2024 (the "Stipulation"), which is available at www.HyreCarSecuritiesSettlement.com.

INVESTORS.COM

# MUTUAL FUND PERFORMANCE

WEEK OF AUGUST 26, 2024  **A11**



### BIG CAP GROWTH ETF (SPYG) VS SMALL CAP GROWTH ETF (SLYG)

| | |
|---|---|
| Apple Inc (AAPL) | 12.63% |
| Microsoft Corp (MSFT) | 10.02% |
| Amazon.com Inc (AMZN) | 8.27% |
| Facebook Inc Cl A (FB) | 3.91% |
| Tesla Inc (TSLA) | 3.19% |

| | |
|---|---|
| NeoGenomics Inc (NEO) | 1.35% |
| Cleveland-Cliffs Inc (CLF) | 1.31% |
| Yeti Holdings Inc (YETI) | 1.16% |
| Omnicell Inc (OMCL) | 1.14% |
| Brooks Automation (BRKS) | 1.13% |

When the line is heading up, big cap growth funds are outperforming small cap growth funds

### GROWTH ETF (IUSG) VS VALUE ETF (IUSV)

| | |
|---|---|
| Apple Inc (AAPL) | 11.88% |
| Microsoft Corp (MSFT) | 9.42% |
| Amazon.com Inc (AMZN) | 7.78% |
| Facebook Inc Cl A (FB) | 3.68% |
| Tesla Inc (TSLA) | 3.00% |

| | |
|---|---|
| Berkshire Hathaway (BRKB) | 2.84% |
| J P Morgan Chase (JPM) | 2.43% |
| Walt Disney Company (DIS) | 2.06% |
| Johnson & Johnson (JNJ) | 1.56% |
| Verizon Communications (VZ) | 1.53% |

When the line is heading up, growth funds are outperforming value funds

## Top Growth Funds
Last 3 months (all total returns)

| Mutual Fund | % Change Last 3 Mo | Rating 36 mo | $ Net Assets |
|---|---|---|---|
| Kinetics:Paradigm | +24 | A+ | 402.30 mil |
| Kinetics:SC Oppty | +23 | A+ | 218.00 mil |
| Hennessy:Focus | +19 | B | 347.70 mil |
| ProFunds:Semiconduct | +15 | A+ | 423.30 mil |
| Matthew 25 Fund | +11 | B+ | 289.90 mil |
| Indep Franch Prtnrs USEq | +10 | A | 1.898 bil |
| Baron Global Advtg | +10 | E | 412.20 mil |
| Putnam Sm Cap Gro | +8 | B+ | 1.051 bil |
| Virtus:Zeven Inn GrSt | +8 | E | 392.20 mil |
| ProFunds:UltraBull | +8 | A+ | 135.50 mil |
| Carillon:Sct SmCp | +8 | D | 246.90 mil |
| Rydex:S&P 500 2x | +8 | A+ | 155.30 mil |
| Neuberger Sm Cap G | +8 | B | 166.70 mil |
| Gotham Index Plus | +8 | A+ | 715.90 mil |
| DFA US Lg Cp Gr | +8 | A+ | 3.454 bil |
| Fidelity SAI US Qual Idx | +7 | A+ | 14.265 bil |
| Baron Fifth Ave Gro | +7 | E | 467.50 mil |
| Congress SmCp Gro | +7 | B+ | 936.60 mil |
| Hood River Sm Cp Gr | +7 | A- | 1.391 bil |
| Bridges Investment Fd | +7 | A | 239.00 mil |
| Akre Focus Fund | +7 | A- | 6.854 bil |
| Virtus:KAR Sm-Cp G | +7 | E | 2.145 bil |
| Invest:House Growth | +7 | A+ | 228.80 mil |
| Goldman:LC Gro Ins | +7 | A+ | 275.80 mil |
| Amer Cent:Foc DG | +7 | C- | 785.70 mil |

## Top Growth Funds
Last 3 years (all total returns)

| Mutual Fund | % Change YTD | Rating 3 years | $ Net Assets |
|---|---|---|---|
| ProFunds:Semiconduct | +93 | A+ | 423.30 mil |
| Hennessy:Crnst MdCp | +28 | A+ | 718.00 mil |
| Hennessy:Crnst Gro | +27 | A+ | 299.60 mil |
| Third Avenue:Value | +8 | A+ | 751.90 mil |
| Kinetics:SC Oppty | +37 | A+ | 218.00 mil |
| Fidelity New Millennium | +20 | A+ | 5.04 bil |
| Kinetics:Paradigm | +44 | A+ | 402.30 mil |
| Gotham Index Plus | +20 | A+ | 715.90 mil |
| Spirit of Amer:LC Val | +26 | A+ | 184.50 mil |
| Oberweis:Micro-Cap | +14 | A+ | 262.80 mil |
| BNYM Large Cp Securities | +21 | A+ | 2.419 bil |
| Federtd Hrms MDTLC | +23 | A+ | 1.193 bil |
| Fidelity Sel Defense | +14 | A+ | 1.613 bil |
| AQR:Div Strat | +10 | A+ | 927.90 mil |
| BlackRock:Exchange | +16 | A+ | 261.60 mil |
| Federated Hrms MDT AC | +21 | A+ | 682.10 mil |
| Fidelity Sel Industrls | +17 | A+ | 572.30 mil |
| Buffalo:Flex Alloc | +12 | A+ | 294.80 mil |
| Elfun Trusts | +22 | A+ | 4.206 bil |
| Oberweis:Sm-Cap Opp | +16 | A+ | 700.00 mil |
| DFA US Lg Cp Gr | +20 | A+ | 3.454 bil |
| JPMorgan:US GARP Eq | +22 | A+ | 182.00 mil |
| Fidelity Sel Cnst&Hous | +14 | A+ | 745.70 mil |
| Fidelity Adv Inds | +17 | A+ | 260.70 mil |
| American Funds ICA | +18 | A+ | 88.391 bil |

### U.S. Stock Fund Cash Position

High (11/00) 6.2%   Low (12/21) 1.5%

| | | | | | |
|---|---|---|---|---|---|
| 22-Nov | 2.50% | 23-May | 2.05% | 23-Nov | 1.87% |
| 22-Dec | 2.40% | 23-Jun | 1.98% | 23-Dec | 1.64% |
| 23-Jan | 2.30% | 23-Jul | 1.83% | 24-Jan | 1.63% |
| 23-Feb | 2.26% | 23-Aug | 1.79% | 24-Feb | 1.54% |
| 23-Mar | 2.17% | 23-Sep | 1.87% | 24-Mar | 1.53% |
| 23-Apr | 2.22% | 23-Oct | 1.94% | 24-Apr | 1.44% |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

IVAN BARON, Individually and on Behalf of All Others Similarly Situated, Plaintiff,

v.

HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI, Defendants.

Case No. 2:21-cv-06918-FWS-JC

Honorable Fred W. Slaughter

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

TO:   All persons and entities that purchased or otherwise acquired the publicly traded common stock of HyreCar Inc. from May 13, 2021 through August 10, 2021, both dates inclusive, and were damaged thereby[2] (the "Settlement Class"):

PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $1,900,000.00 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on November 14, 2024 at 10:00 a.m., before the Honorable Fred W. Slaughter at the Ronald Reagan Federal Building and United States Courthouse, Courtroom 10D, 411 West 4th Street, Santa Ana, CA 92701, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.  The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.HyreCarSecuritiesSettlement.com.  You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at Ivan Baron v. HyreCar Inc. et al., c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, 866-274-4004.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online at www.HyreCarSecuritiesSettlement.com or postmarked no later than December 14, 2024.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received no later than October 24, 2024, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Individual Defendants' Counsel such that they are received no later than October 24, 2024, in accordance with the instructions set forth in the Notice.

Please do not contact the Court, the Clerk's office, HyreCar, the Individual Defendants, or Individual Defendants' Counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Ex Kano S. Sams II, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
info@glancylaw.com

Requests for the Notice and Claim Form should be made to:

Ivan Baron v. HyreCar Inc., et al.
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
www.HyreCarSecuritiesSettlement.com

By Order of the Court

[1]   All capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 20, 2024 (the "Stipulation"), which is available at www.HyreCarSecuritiesSettlement.com.

©2024 Investor's Business Daily, LLC. All rights reserved.

8/26/24, 9:30 AM     Strategicclaims.net Mail - PR Newswire: Press Release Distribution Confirmation for Glancy Prongay & Murray LLP. ID#4231034-1-1

Case 2:21-cv-06918-FWS-JC   Document 136-2   Filed 10/10/24   Page 36 of 38   Page ID #:2615

      Josephine Bravata <jbravata@strategicclaims.net>

**PR Newswire: Press Release Distribution Confirmation for Glancy Prongay & Murray LLP. ID#4231034-1-1**

1 message

**phhubs@prnewswire.com** <phhubs@prnewswire.com>      Mon, Aug 26, 2024 at 9:00 AM
To: jbravata@strategicclaims.net

Hello

Your press release was successfully distributed at: 26-Aug-2024 09:00:00 AM ET

Release headline: Glancy Prongay & Murray LLP Announces Proposed Settlement on Behalf of Purchasers of HyreCar Inc. Publicly Traded Common Stock – HYREQ
Word Count: 913
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 4231034-1-1


View your release:* https://www.prnewswire.com/news-releases/glancy-prongay--murray-llp-announces-proposed-settlement-on-behalf-of-purchasers-of-hyrecar-inc-publicly-traded-common-stock--hyreq-302223654.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release: https://www.prnewswire.com/resources/white-papers/definitive-guide-engaging-press-release/?utm_medium=email&utm_source=iris&utm_content=content&utm_campaign=2024-prn-distro-confirmation

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.

# Glancy Prongay & Murray LLP Announces Proposed Settlement on Behalf of Purchasers of HyreCar Inc. Publicly Traded Common Stock - HYREQ

---

NEWS PROVIDED BY
**Glancy Prongay & Murray LLP** ➜
Aug 26, 2024, 09:00 ET

---

SANTA ANA, Calif., Aug. 26, 2024 /PRNewswire/ -- Glancy Prongay & Murray LLP announces that the United States District Court for the Central District of California has approved the following announcement of a proposed settlement that would benefit purchasers of HyreCar Inc. publicly traded common stock (OTCMKTS: HYREQ):

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:21-cv-06918-FWS-JC

Honorable Fred W. Slaughter

IVAN BARON, Individually and on Behalf of All Others Similarly Situated,
Plaintiff,

v.

HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,
Defendants.

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities that purchased or otherwise acquired the publicly traded common stock of HyreCar Inc. from May 13, 2021 through August 10, 2021, both dates inclusive, and were damaged thereby[1] (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $1,900,000.00 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on November 14, 2024 at 10:00 a.m., before the Honorable Fred W. Slaughter at the Ronald Reagan Federal Building and United States Courthouse, Courtroom 10D, 411 West 4th Street, Santa Ana, CA 92701, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, **www.HyreCarSecuritiesSettlement.com**. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *Ivan Baron v. HyreCar Inc. et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, 866-274-4004.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online at **www.HyreCarSecuritiesSettlement.com** or *postmarked* no later than December 14, 2024. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than October 24, 2024, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Individual Defendants' Counsel such that they are *received* no later than October 24, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, HyreCar, the Individual Defendants, or Individual Defendants' Counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP

Ex Kano S. Sams II, Esq.

1925 Century Park East, Suite 2100

Los Angeles, CA 90067

(310) 201-9150

**info@glancylaw.com**

Requests for the Notice and Claim Form should be made to:

*Ivan Baron v. HyreCar Inc., et al.*

c/o Strategic Claims Services

P.O. Box 230

600 N. Jackson St., Ste. 205

Media, PA 19063

Tel.: 866-274-4004

**www.HyreCarSecuritiesSettlement.com**

By Order of the Court

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 20, 2024 (the "Stipulation"), which is available at **www.HyreCarSecuritiesSettlement.com**.

SOURCE Glancy Prongay & Murray LLP