Robert V. Prongay (SBN 270796)
Ex Kano S. Sams II (SBN 192936)
Raymond D. Sulentic (SBN 316913)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Lead Plaintiff Turton Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BARON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYRECAR INC., JOSEPH FURNARI and ROBERT SCOTT BROGI,<br><br>Defendants. | Case No. 2:21-cv-06918-FWS-JC<br><br>**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

This matter came on for hearing on November 14, 2024 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed or emailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 20, 2024 (ECF No. 121-1) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Lead Counsel are hereby awarded attorneys' fees in the amount of _____% of the Settlement Fund and $_____ in reimbursement of Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

5.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.  The Settlement has created a fund of $1,900,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiff's Counsel;

b.  Copies of the Postcard Notice was timely mailed, or a link to the Notice and Claim Form was emailed, to over 13,872 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $163,500;

c.  Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

d.  The Action raised a number of complex issues;

e.  Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

f.  Lead Counsel devoted 1,490.20 hours, with a lodestar value of approximately $1,414,626.25 to achieve the Settlement;

ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

g. The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

h. There were no objections to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.

6. Lead Plaintiff Turton Inc. is hereby awarded $_____ from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Fred W. Slaughter
United States District Judge